UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT CRAWFORD, et al.,

    Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,

    Defendants.

Case No. 17-cv-02664-RS

**ORDER DENYING MOTION TO TRANSFER**

## I. INTRODUCTION

Plaintiffs Scott Crawford and Jarvis Jernigan, Jr. bring suit against Uber Technologies, Inc. and Raiser, LLC (collectively "Uber"), alleging violations of the federal and California state disability law. Crawford and Jernigan are persons with disabilities who live in Jackson, Mississippi, and its surrounding suburbs. Both plaintiffs have multiple sclerosis and use wheelchairs for mobility. Because neither can drive, Crawford and Jernigan rely on buses, taxis, and other services to get around the Jackson metro area. One service they cannot utilize is Uber's ride-sharing service, which allows mobile phone app users to call a car to get from one place to another. Because the Uber app in Jackson does not provide an option for riders to call a wheelchair-accessible vehicle, Crawford and Jernigan are unable to use the service. Accordingly, plaintiffs allege, Uber has violated its obligations under the Americans with Disabilities Act ("ADA"), the California Disabled Persons Act ("CDPA"), and the California Unfair Competition law ("UCL").

Uber now seeks to transfer this action to the Southern District of Mississippi, primarily for the convenience of the material nonparty witnesses. Plaintiffs oppose the motion, maintaining their choice to sue Uber in a jurisdiction where it is indisputably "at home." For the reasons set forth below, the motion to transfer venue to the Southern District of Mississippi is denied.

## II. BACKGROUND

As noted above, Uber operates a ride-for-hire service that utilizes a mobile phone app to connect riders with drivers who have signed up with the app. Uber app users can request and pay for a ride or other service through their credit card linked Uber account. On occasion, Uber offers short-term promotions that allow app users to order special sale items by clicking on an icon that appears in the user's app for the duration of the promotion. When the promotion is over, the special icon disappears and the app returns to its usual appearance.

The Uber app offers users services that vary from locality to locality. In some cities, such as Portland, San Francisco, Los Angeles, and Washington, D.C., the app displays an icon called "Uber Access." When a user taps on the icon, one of two options appear, "UberASSIST" or "UberWAV." UberASSIST connects app users with specially trained drivers who will assist riders into vehicles and can accommodate folding wheelchairs, walkers, and scooters. UberWAV offers app users the option to call a wheelchair accessible vehicle. Neither of these options is available to Uber app users in Jackson.

Crawford and Jernigan have never downloaded the Uber app because they are aware that their electric wheelchairs cannot fit into a standard car. If Uber were to offer ride services that could accommodate electric wheelchairs, Crawford and Jernigan would use the Uber app. Because Uber could add a mechanism for connecting riders to wheelchair accessible vehicles but does not do so in Jackson, Crawford and Jernigan assert that Uber prevents drivers with such vehicles from offering those services to disabled persons. Crawford and Jernigan seek declaratory and injunctive relief under Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, the CPDA, Cal. Civ. Code § 54.1 *et seq.*, and the UCL, Cal. Bus. & Prof. Code § 17200 *et seq.*

## III. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The district court has discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The court must weigh multiple factors in determining whether transfer is appropriate in a particular case. *Jones*, 211 F.3d at 498.

Those factors may include:

> (1) The location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498 (citing *Stewart*, 487 U.S. at 29-31).

A plaintiff's choice of forum ordinarily is given substantial weight. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). That is less so, however, where the plaintiff does not reside in the forum and/or there is no particular connection between the controversy and the forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint.").

## IV. DISCUSSION

The parties do not dispute that this action could have been brought in the Southern District of Mississippi. Because the plaintiffs bring a federal claim under the ADA, the Southern District of Mississippi has federal question subject matter jurisdiction and discretion to exercise supplemental jurisdiction over plaintiffs' state law claims. Personal jurisdiction over Uber is also

1  proper because it has sufficient contacts in Mississippi and plaintiffs' claims arose out of conduct
2  that took place there.

### A. Convenience to the Witnesses and Parties

Uber argues that although the plaintiff's choice of forum is traditionally accorded substantial weight, such consideration is unwarranted here because plaintiffs do not reside in the Northern District of California. This argument is unavailing because there is a substantial connection between the forum plaintiffs chose and the activities that give rise to their claims for relief. Uber is headquartered in San Francisco and plaintiffs challenge corporate decisions that they believe were made at Uber headquarters. Suing Uber in the district where it is "at home" is hardly the type of "strategic forum shopping" that the Federal Rules are designed to discourage.

Uber contends that convenience factors favor transfer to Mississippi because relevant material nonparty witnesses are for the most part located there. Uber anticipates calling as witnesses members of the "mobility-impaired" community in Jackson, persons knowledgeable about alternative wheelchair accessible transportation service options in Jackson, and "independent third-party transportation providers" (Uber drivers) who "theoretically could provide wheelchair accessible rideshare request services via the Uber app," but have declined to do so because of the expense or unavailability of such vehicles in Jackson. Mtn. to Transfer at 6. Finally, Uber avers that although the company is headquartered in San Francisco, various employees who had responsibility for decisions relating to Jackson are regional employees for the Southeast and do not reside in California. Because the vast majority of Uber's anticipated material witnesses reside in the Jackson area, or least not in California, Uber argues that convenience factors tip in favor of transfer to Mississippi.

Plaintiffs take a very different view. They seek to show that "Uber is operating a demand responsive transportation system, either directly or through contractual or other arrangements with third parties, that they have not made accessible to persons in Jackson who use motorized wheelchairs." Opp. at 9. Plaintiffs argue that the decision to enter the Jackson market without ensuring compliance with ADA requirements was made, in whole or in part, by employees and

executives working at Uber's headquarters.  According to plaintiffs, Uber's affirmative defenses of undue burden/hardship and fundamental alteration point to California, where executive-level decisions took place and where evidence related to Uber's overall resource availability is located. To the extent former executives were involved in these decisions, plaintiffs assert that although the former executives' exact whereabouts are unknown to them, former executives are likely to reside in California because they work in technology.  In addition, the question of whether Uber operates a "demand responsive transportation system" within the meaning of the ADA will necessitate an examination of the relationship between Uber and its drivers, a task that plaintiffs believe is more easily accomplished in San Francisco than in Jackson.

Both parties insist that the other's preferred forum will deny them the ability to use compulsory process to procure the availability of nonparty witnesses who are central to the litigation.  Each party also contends that the other's chosen forum will limit its access to sources of proof and thus will be a less cost-effective option.  Because plaintiffs plan to call witnesses who are located in California or are likely to be located in California, Uber cannot credibly argue that Mississippi is a more convenient forum for the witnesses overall.  The Northern District of California is clearly the more convenient forum for Uber, and it has no basis to complain of being sued in the district where it is headquartered.  To the extent it inconveniences the plaintiffs to litigate here, that was a burden they voluntarily assumed when they chose to file in California. Therefore, convenience factors do not favor transfer to the Southern District of Mississippi.

### B. Judicial Efficiency

Both parties argue that interests of judicial efficiency point toward litigation in their preferred forum.  Each party asserts that the other's preferred forum suffers from more docket congestion and is therefore the less efficacious choice.  None of these arguments appears dispositive in light of other factors that counsel keeping this case in the Northern District of California.  Plaintiffs argue persuasively that the Southern District of Mississippi is far less familiar with California state statutes that support their claims for relief. Although the federal courts in the Southern District of Mississippi are fully capable of adjudicating plaintiffs' federal

claims and construing the law of sister states, the Northern District of California has more experience with California law and is better situated to handle plaintiffs' state law claims. Accordingly, interests of judicial efficiency weigh against transfer.

## V. CONCLUSION

For the reasons set forth above, the motion to transfer venue to the Southern District of Mississippi is denied.

**IT IS SO ORDERED**.

Dated: October 11, 2017

RICHARD SEEBORG
United States District Judge