**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

SCOTT CRAWFORD and
JARVIS JERNIGAN, JR.,

                Plaintiffs,

  v.

UBER TECHNOLOGIES, INC. and
RASIER, LLC,

                Defendants.

Case No. 3:17-cv-2664-RS

STIPULATED PROTECTIVE ORDER

Judge: Hon. Richard Seeborg

**1.   PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, highly confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Scott Crawford and Jarvis Jernigan, Jr. ("Plaintiffs") and Defendants Uber Technologies, Inc. and Rasier, LLC ("Defendants"), hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.   DEFINITIONS**

    **2.1   Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

    **2.2   "CONFIDENTIAL" Information or Items**: all data, information, documents (regardless of how generated, stored, or maintained), and/or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c) and/or which the Designating Party reasonably believes to be confidential, proprietary, non-public, or trade secret material.

**2.3** **Counsel (without qualifier)**: Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4** **Designating Party**: a Party or Non-Party that designates information or items that it produces or discloses in discovery as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**2.5** **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, responses to written discovery requests or demands (*e.g.*, interrogatories, requests for production, requests for admission), testimony, transcripts, and tangible things), that are produced or disclosed in discovery in this action.

**2.6** **Expert**: a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in connection with this action.

**2.7** **"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items**: all Confidential Information or Items that requires the highest level of protection because of its peculiarly sensitive contents, disclosure of which would tend to cause material harm to a Party's competitive position.

**2.8** **"HIGHLY CONFIDENTIAL—SOURCE CODE" Information or Items**: extremely sensitive "Confidential" Information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.9** **House Counsel**: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10** **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11** **Outside Counsel of Record**: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**2.12** **Party**: any named party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13** **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.14** **Professional Vendors**: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors who are not otherwise under contract with House Counsel or Outside Counsel of Record.

**2.15** **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE."

**2.16** **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

4

under this Order must be clearly so designated prior to or contemporaneously with the production or Disclosure of that information.

**5.3    Designation in conformity with this Order**. Requires:

**5.3.1**   for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" to each page that contains protected material.   If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" legend to each page that contains Protected Material.

**5.3.2**   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party must identify on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days after receipt of the transcript all protected testimony, and whether such protected testimony shall be treated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL—SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3.3**   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "CONFIDENTIAL" "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.4   Inadvertent Failures to Designate.**   If corrected within a reasonable time, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1   Timing of Challenges.**   Any Party or Non-Party may challenge a designation of confidentiality at any time before the close of expert discovery. The Challenging Party shall notify the Designating Party, in good faith and in writing, of its challenge to the designated material. If the parties have engaged in good faith negotiations, are unable to agree within 30 days after the close of expert discovery whether or not the material challenged by the Challenging Party is appropriately challenged, the Challenging Party may file an appropriate motion no earlier than the close of fact discovery requesting that the Court determine whether the disputed information has been appropriately designated as outlined in this Order. A Party or Non-Party may challenge a designation of confidentiality after the close of expert discovery only if the challenge is based on new information not attained prior to the close of expert discovery or other exceptional circumstances.

**6.2   Meet and Confer.**   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue or via email) within 30 days of the close of fact discovery or, for challenges made after the close of fact discovery, within

30 days of the challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

**6.3     Judicial Intervention.**  If the Parties cannot resolve a challenge without Court intervention, the Parties shall file a joint letter that complies with the requirements set forth in Paragraph 2 of the Discovery Standing Order for Magistrate Judge Maria-Elena James (ECF No. 73-1) only after the Parties have agreed that the meet-and-confer process will not resolve their dispute and, in all events, no earlier than the close of fact discovery and no later than 30 days after the close of expert discovery. Each such joint letter must be accompanied by competent declarations affirming that the Parties have complied with the meet-and-confer requirements imposed in Section 6.2. The burden of persuasion on any challenge to a confidentiality designation shall be on the Designating Party.

Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1     Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Notwithstanding the foregoing, Protected Material designated for use in both this litigation and the related litigation styled *Namisnak v. Uber Technologies, Inc.*, No. 3:17-cv-06124-RS (N.D. Cal.), pursuant to Paragraphs 2 and 3 of Appendix A to the Stipulation to Consolidate Fact Discovery and Enter Protective Order in Related Cases, may be used in both this litigation and the *Namisnak* litigation. Otherwise, in no event, may a

Receiving Party use Protected Material for or in connection with any other proceedings of any kind. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" may be disclosed only to:

**7.2.1**   the Receiving Party and the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A;

   **7.2.2** the officers, directors, and employees (including House Counsel), if any, of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

   **7.2.3** Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   **7.2.4** the court and its personnel;

   **7.2.5** court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   **7.2.6** during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

   **7.2.7** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

   **7.2.8** except as provided in Section 7.2.7, Counsel for the Receiving Party shall keep all materials or items designated as "CONFIDENTIAL" secure within their possession and shall take all reasonable efforts to store such materials in a secure location.

**7.3** **Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL—SOURCE CODE" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" may be disclosed only to:

   **7.3.1** the Outside Counsel of Record for the Receiving Party in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in Section have been followed;

**7.3.2** Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and as to whom the procedures set forth in Section 7.4 have been followed;

**7.3.3** the court and its personnel;

**7.3.4** during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

**7.3.5** the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.3.6** except as provided in Section 7.3.5, counsel for the parties shall keep all documents designated as highly confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

**7.4   Procedures for Disclosure of "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" Information or Items to designated Outside Counsel of Record or Experts.**

**7.4.1** Unless otherwise ordered by the court or agreed to in writing by the Designating Party, prior to disclosure by the Receiving Party to Outside Counsel of Record of any information or item that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE," the Receiving Party shall provide the Designating Party a list of the names and titles of Outside Counsel of Record and any of employees of Outside Counsel of Record who may access such information.

**7.4.2** Unless otherwise ordered by the court or agreed in writing by the Designating Party, "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert (as defined in this Order) without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or

anticipated to become one. If the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one, the procedures in Section 7.4.3 shall apply.

**7.4.3** Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL—SOURCE CODE" first must make a written notification to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL—SOURCE CODE" information that the Receiving Party intends to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; and (3) attaches a copy of the Expert's current resume.

**7.4.4** A Party that makes a request and provides the information specified in the preceding Sections may disclose the subject Protected Material to the identified Outside Counsel of Record (including its employees) or Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

**7.4.5** A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Designating Party must file a motion seeking a protective order from the court and shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Outside Counsel of Record (including its employees) or Expert.

**8. SOURCE CODE**

**8.1** To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL—SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code.

**8.2** Protected Material designated as "HIGHLY CONFIDENTIAL—SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 7.3 and 7.4.

**8.3** Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's Counsel or at a location that is reasonably convenient for the Receiving Party and any Experts to whom the source code may be disclosed. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

**8.4** The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Section 8.3 in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL—SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

**8.5** The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for

deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDING**

    **9.1**    **Notify.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" that Party must:

        **9.1.1**    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        **9.1.2**    Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        **9.1.3**    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of its efforts in seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

    **9.2**    **Disclosure of Protected Material.** The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" unless and until a court orders it to do so.

### 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

**10.1   Applicable to Non-Parties.**  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.2   Applicable to Non-Parties' Confidential Information.**  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.

**10.3   Protective Order**.  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### 11.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

**12.1  Non-waiver of Confidentiality for Discovery Material Inadvertently Produced Without a Confidentiality Designation**.  Any Disclosure or Discovery Material containing confidential or highly confidential information that has been inadvertently produced by the Designating Party without an appropriate confidentiality designation does not thereby lose protection to which such materials would otherwise be entitled under this Order, and does not effect a waiver of the Designating Party's right to apply appropriate confidentiality designations after the fact.  In the event of such inadvertent disclosure, the Designating Party may so designate materials as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" in writing, to the Receiving Party's Outside Counsel of Record, by identifying the material inadvertently produced without an appropriate designation.

**12.2  Non-waiver of Privilege for Disclosed Material.**  All documents or information disclosed in discovery in this litigation shall be subject to this Order concerning documents protected by the attorney-client privilege and/or the work-product doctrine, as set forth below.

**12.3  Non-waiver by Disclosure.**  This Order is entered pursuant to Federal Rule of Evidence 502(d).  The disclosure of attorney-client-privilege or work-product protected information in any form, including but not limited to documents and electronically stored information ("ESI"), whether inadvertent or otherwise, shall not constitute a waiver of any otherwise applicable privilege or protection from disclosure in this litigation or in any other proceeding.  This Order provides the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing in this Section 12.3 limits a Party's right to review documents, ESI, or other information (including metadata) for

relevance, responsiveness, and/or or privilege and/or work-product protection before production. The provisions of Federal Rule of Evidence 502(b) shall not apply to the production of protected information under this Order.

**13.    MISCELLANEOUS**

**13.1    Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**13.2    Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.3    Filing Protected Material**.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**13.4    Amendment.**  This Protective Order may be amended without leave of the Court and by agreement of the parties in the form of a stipulation signed by Counsel for all parties.

**13.5    Nothing in this Protective Order Shall Constitute**: (a) an agreement by the parties to produce any document or supply any information or testimony in discovery not otherwise agreed upon or required by order of this Court; (b) a waiver by any person or Party of any right to object to or seek an additional protective order with respect to any discovery request in this action; or (c) a

waiver of any claim of immunity or privilege or protection with regard to any testimony, documents, or information.

**13.6    Nothing contained in this Protective Order shall preclude**: a Party from using its own information, regardless of designation as confidential or highly confidential pursuant to this Order, in any manner it sees fit, or from revealing its own confidential or highly confidential material to whomever it chooses, without the prior consent of any Party or of this Court.

**13.7    Nothing contained in this Order and no action taken pursuant to it shall**: prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of any documents or information designated as confidential or highly confidential.

**14.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute

Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 15, 2018      s/ Garret S. DeReus
     Garret S. DeReus
     William Most

     Attorneys for Plaintiffs

Dated: June 15, 2018      s/ Anne Marie Estevez
     Anne Marie Estevez
     Stephanie Schuster
     Patrick Harvey
     Clara Kollm
     Kathy H. Gao

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: June 18, 2018      _____
     Hon.

*[Stamp: IT IS SO ORDERED — Judge Maria-Elena James — United States District Court, Northern District of California]*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Crawford, et al. v. Uber Technologies, Inc., et al.*, No. 3:17-cv-2644-RS (N.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____