MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131
T:  305.415.3000
F:  305.415.3001
annemarie.estevez@morganlewis.com

Stephanie Schuster (*pro hac vice*)
Patrick A. Harvey (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004
T: 202.739-3000
stephanie.schuster@morganlewis.com
patrick.harvey@morganlewis.com

Kathy H. Gao (CA Bar No. 259019)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T:  (213) 612-2500
F:  (213) 612-2501
kathy.gao@morganlewis.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT CRAWFORD<br><br>                    Plaintiff,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC. and<br>RASIER, LLC,<br><br>                    Defendants. | Case No. 3:17-cv-02664-RS<br><br>**DEFENDANTS' MOTION TO<br>EXCLUDE TESTIMONY OF MEERA<br>JOSHI UNDER FRE 702**<br><br>Hearing Date: July 1, 2021 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Courtroom #3, 17th Floor |
| STEPHAN NAMISNAK and FRANCIS<br>FALLS,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UBER TECHNOLOGIES, INC. and<br>RASIER, LLC,<br><br>                    Defendants. | Case No. 3:17-cv-06124-RS<br><br>**DEFENDANTS' MOTION TO<br>EXCLUDE TESTIMONY OF MEERA<br>JOSHI UNDER FRE 702**<br><br>Hearing Date: July 1, 2021 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Courtroom #3, 17th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

Case No. 3:17-cv-02664-RS
Case No. 3:17-cv-06124-RS

UBER'S MOTION TO EXCLUDE
MS. JOSHI UNDER FRE 702

1

## <u>NOTICE OF MOTION</u>

2          PLEASE TAKE NOTICE that, in the courtroom of the Honorable Richard Seeborg, located

3   at 450 Golden Gate Avenue, San Francisco, CA 94102, or via a remote hearing as directed by the

4   Court, on July 1, 2021 at 1:30 p.m., or as soon thereafter as counsel may be heard, Defendants Uber

5   Technologies, Inc. and Rasier, LLC (together, "Uber") will move the Court to exclude the

6   testimony of Plaintiff's non-retained expert Meera Joshi as inadmissible under Federal Rule of

7   Evidence 702 for the reasons stated in the accompanying Memorandum of Points and Authorities.

8

9                                        Respectfully submitted,

10                                       MORGAN, LEWIS & BOCKIUS LLP

    Dated: April 19, 2021
11                                       By: s/ Anne Marie Estevez
                                         _____
12                                           Anne Marie Estevez
                                             Stephanie Schuster
13                                           Patrick Harvey
                                             Kathy H. Gao
14
                                             *Attorneys for Defendants*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

SUMMARY OF OPINIONS TO BE EXCLUDED ................................................................. 1

ARGUMENT .................................................................................................................... 2

    I.      Ms. Joshi's Opinion About Whether Uber Is In The Business Of Transporting People For Hire Is An Inadmissible Legal Conclusion. .................. 3

    II.     Ms. Joshi Cannot Offer An Opinion About Uber's Capacity To Meet Plaintiffs' Demands For Modifications In New Orleans And Jackson. ................. 4

    III.   Ms. Joshi Cannot Speculate About Uber's Subjective Intent Or State of Mind. .................................................................................................................... 5

CONCLUSION ................................................................................................................. 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Int'l Longshoremen's Union Loc. No. 10,*
966 F.2d 443 (9th Cir. 1992)...........................................................................3

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.,*
2020 WL 2553181 (S.D. Cal. 2020) .................................................................5

*Bldg. Indus. Ass'n of Wash. v. Wash. State Bldg. Code Council,*
683 F.3d 1144 (9th Cir. 2012)...........................................................................2

*Crow Tribe of Indians v. Racicot,*
87 F.3d 1039 (9th Cir. 1996)..............................................................................3

*Elsayed Mukhtar v. Cal. State Univ.,*
299 F.3d 1053 (9th Cir. 2002)............................................................................3

*Lopez v. Catalina Channel Express, Inc.,*
974 F.3d 1030 (9th Cir. 2020)............................................................................4

*Pineda v. City & Cty. of San Francisco,*
280 F.R.D. 517 (N.D. Cal. 2012) ......................................................................5

*Siring v. Or.State Bd. of Higher Educ. ex rel. E. Or. Univ.,*
927 F. Supp. 2d 1069 (D. Or. 2013) .................................................................5

*Therasense, Inc. v. Becton, Dickinson & Co.,*
2008 WL 2037732 (N.D. Cal. 2008)..................................................................5

*United States v. Diaz,*
876 F.3d 1194 (9th Cir. 2017)............................................................................3

*United States v. Lira-Barraza,*
897 F.2d 981 (9th Cir. 1990)..............................................................................4

*Whooley v. Tamalpais Union High Sch. Dist.,*
399 F. Supp. 3d 986 (N.D. Cal. 2019) ..............................................................4

**Statute**

42 U.S.C. § 12184(a) ...................................................................................................3

**Rules**

Fed. R. Civ. P. 37(c)(1) ...............................................................................................5

Fed. R. Evid. 702 ........................................................................................................................3, 4

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2          Plaintiffs have disclosed Ms. Meera Joshi, the former Chair and CEO of the New York City

3    Taxi and Limousine Commission ("TLC"), as a non-retained expert who they expect to testify in

4    these related ADA cases in which Plaintiffs allege that Defendants Uber Technologies Inc. and

5    Rasier, LLC (together "Uber") violated Title III of the ADA by not acceding to their demands to

6    ensure that third parties provide wheelchair-accessible vehicle ("WAV") service and use the Uber

7    mobile application to receive requests from riders in Jackson, Mississippi, and New Orleans,

8    Louisiana and the surrounding suburbs.  None of Ms. Joshi's disclosed opinions satisfy Federal

9    Rule of Evidence ("FRE") 702, and they should therefore be excluded.

10

**SUMMARY OF OPINIONS TO BE EXCLUDED**

11          In the middle of fact discovery, Plaintiffs disclosed Meera Joshi as a non-retained expert

12   under Federal Rule of Civil Procedure 26(a)(2)(C).  *See* Ex. A.[1]  While that disclosure discussed

13   numerous facts regarding her experience at the NYC TLC, Plaintiffs claimed Ms. Joshi would offer

14   only the following opinions:

15        • "Ms. Joshi will testify as to her opinion, based on her time at the TLC, about what

16            industry Uber is in and whether it is her opinion that Uber operates in the transportation

17            industry."  Ex. A at 4.

18        • "Ms. Joshi will testify that it is her opinion that Uber has the capacity to provide WAV

19            service."  *Id.*

20        • "Uber's failure/refusal to provide WAV service stems from a desire to avoid the issue,

21            not from an inability to provide said service."  *Id.*

22          Plaintiffs—not Uber—then noticed Ms. Joshi's deposition, which occurred on

23   November 11, 2020.  Ex. B.  During the deposition, Ms. Joshi confirmed that she has not "reviewed

24   any documents relating to this case" and that she does not know "who the Plaintiffs are."  Ex. C at

25   54:7–14.  She also said she did not recall reviewing the complaint in either case, or whether it was

26   ever sent to her.  *Id.* at 61:25–62:7.  She spent "less than an hour" preparing for the deposition.  *Id.*

27   at 70:5–8.

28

---

[1]          All referenced exhibits are attached to the accompanying Declaration of Stephanie Schuster.

1   Ms. Joshi confirmed that she did not hold any regulatory positions regarding transportation

2   in New Orleans or Jackson and did not know the relative for-hire vehicle markets' sizes in Jackson

3   or New Orleans.  Ex. C at 78:9–79:6.  And Ms. Joshi limited her testimony by confirming that her

4   interactions with Uber were only with respect to "Uber's operations in New York City."  Ex. C at

5   77:24–78:3.

6   In regard to her opinion about the nature of Uber's business, Ms. Joshi testified that she

7   "regarded Uber as in the business of transporting people for hire and regulated them in accordance

8   with that opinion."  Ex. C at 45:21–46:7.  Ms. Joshi also testified generally about the regulations

9   the TLC implemented during her tenure regarding for-hire vehicles and WAVs.  But she did not

10  testify about whether it would be possible, feasible, or reasonable for Uber to ensure that third

11  parties provide WAV service in New Orleans, Louisiana or Jackson, Mississippi, as Plaintiffs

12  demand in this case.

13  Then, on January 18, 2021, Plaintiffs served a "supplementation" of their Rule 26(a)(2)(C)

14  disclosure that included quotes and paraphrases (without pin cites) from the transcript of her

15  deposition.  *See generally* Ex. D.  At this stage in the proceedings, it is not clear whether Plaintiffs

16  intend to call Ms. Joshi, who works in New York City and is purportedly not retained by Plaintiffs,

17  as a live witness at trial.  *See id.*[2]

18  **ARGUMENT**

19  As the proponent of Ms. Joshi's expert testimony, Plaintiffs have "the burden of establishing

20  its admissibility."  *Bldg. Indus. Ass'n v. Wash. Bldg. Code Council*, 683 F.3d 1144, 1154 (9th Cir.

21  2012).  Rule 702 provides that expert opinion testimony is admissible if: (1) the witness is qualified

22  to testify about the topics she intends to address; (2) the expert's specialized knowledge will help

23  the jury "to understand the evidence or to determine a fact in issue"; (3) "the testimony is based on

24  sufficient facts or data"; (4) "the testimony is the product of reliable principles and methods"; and

25

26  [2]   Because Plaintiffs have not yet disclosed whether they intend to call Ms. Joshi live at trial,
this motion only addresses Plaintiffs' failure to show that Ms. Joshi's opinions are admissible FRE

27  702.  To the extent Plaintiffs intend to use Ms. Joshi's deposition at trial under Rule 32, or to rely
on portions of her testimony on summary judgment or any other pre-trial motions, Uber expressly

28  reserves other objections to her testimony.   Uber also reserves all objections to the propriety of
Plaintiffs' disclosure in the event Plaintiffs call her for live expert testimony.

(5) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Plaintiffs have not demonstrated that Ms. Joshi can offer any of the proffered opinion testimony under FRE 702.

## I.   Ms. Joshi's Opinion About Whether Uber Is In The Business Of Transporting People For Hire Is An Inadmissible Legal Conclusion.

The proper role of an expert is to "interpret and analyze *factual* evidence." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (emphasis added). By contrast, "matters of law" are "inappropriate subjects for expert testimony." *Aguilar v. Int'l Longshoremen's Union Loc. No. 10*, 966 F.2d 443, 447 (9th Cir. 1992). In Rule 702's terms, opinions on ultimate questions of law are inadmissible because they do "not *aid* the [factfinder] in making a decision, but rather attempt[] to substitute the expert's judgment for the [factfinder's]." *Elsayed Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066, n.10 (9th Cir. 2002) (emphasis in original).[3] The Ninth Circuit has "repeatedly affirmed that 'an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.'" *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)) (emphasis in original).

In these cases, Plaintiffs contend that Uber is subject to Title III of the ADA because they claim Uber is a "a private entity that is primarily engaged in the business of transporting people" and that there is discrimination in transportation "provided by" Uber. 42 U.S.C. § 12184(a). Plaintiffs want Ms. Joshi to testify that Uber is such an entity. But during her deposition she would not quite go along:

```
20   EXAMINATION BY MR. DEREUS:
21   Q.   When you were at the TLC, did you
22   reach any opinion as to whether Uber was
23   primarily engaged in the business of
24   transporting people?
25   MS. SCHUSTER:
 1   Objection, calls for a legal
 2   conclusion.
 3   THE WITNESS:
```

---

[3]   *Overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) (en banc).

4   I regarded Uber as in the business
5   of transporting people for hire and
6   regulated them in accordance with that
7   opinion.

Ex. C at 45:20–46:7.

In all events, by seeking to opine on whether Uber is "in the business of transporting people for hire," Ms. Joshi is apparently seeking to offer an opinion on whether Uber is subject to Section 12184 by virtue of being "primarily engaged business of transporting people." But what that statutory phrase means and whether it embraces Uber are legal questions for the Court to decide. *See, e.g.*, *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020) ("The interpretation of [the ADA] is a question of law."); *United States v. Lira-Barraza*, 897 F.2d 981, 985 (9th Cir. 1990) (all questions of statutory interpretation and construction are "questions of law"); *Whooley v. Tamalpais Union High Sch. Dist.*, 399 F. Supp. 3d 986, 997 (N.D. Cal. 2019) (Seeborg, J.) (whether defendant is a "business establishment" for purposes of the California Unruh Civil Rights Act "is a question of law"). As a matter of settled law, Ms. Joshi's opinion on this legal issue is therefore an inadmissible expert opinion that will not aid the Court in resolving any question of fact. Fed. R. Evid. 702(a).

## II.   Ms. Joshi Cannot Offer An Opinion About Uber's Capacity To Meet Plaintiffs' Demands For Modifications In New Orleans And Jackson.

Plaintiffs claim that Ms. Joshi will testify that "Uber has the capacity to provide WAV service." Ex. A at 4. The only fact Plaintiffs initially disclosed to support that opinion is Ms. Joshi's (disputed) claim that the NYC TLC "ultimately forced Uber to provide and/or expand [WAV] service in New York." Ex. A at 3. At deposition, Ms. Joshi testified briefly about the structure of the mandates the TLC imposed on all companies regulated as "For-Hire Vehicles" companies in New York City, and Uber's compliance with those mandates. Ex. C at 32:2–42:10; *see also* Ex. D at 6:22–9:8. But Ms. Joshi did not offer any opinions about Uber's capabilities outside of New York City. *See* Ex. C at 77:24–78:3 (confirming her testimony relates to her interactions with Uber in regard to "Uber's operations in New York City"). As such, the only opinion Ms. Joshi has offered is that Uber has the capacity to provide WAV service *in New York*

1    *City*.  Insofar as Plaintiffs may seek Ms. Joshi to testify that Uber could offer some form of WAV

2    service in New Orleans or Jackson as Plaintiffs demand, that opinion has not been disclosed and

3    should be excluded.  Fed. R. Civ. P. 37(c)(1); *Pineda v. City & Cty. of San Francisco*, 280 F.R.D.

4    517, 523 (N.D. Cal. 2012) ("Without information as to the opinions Plaintiffs' non-retained expert

5    witnesses are expected to testify to and the main facts on which these opinions are based,

6    Defendant's ability to meaningfully depose or cross-examine these witnesses is undermined.").

7    **III.    Ms. Joshi Cannot Speculate About Uber's Subjective Intent Or State of Mind.**

8             Plaintiffs have disclosed that Ms. Joshi may offer opinion testimony that "Uber's

9    failure/refusal to provide WAV service stems from a desire to avoid the issue, not from an inability

10   to provide said service."  Ex. A at 4.  During the deposition, which Plaintiffs noticed, Ms. Joshi did

11   not speculate why Uber did or did not do anything relating to WAVs.  But to the extent Plaintiffs

12   still wish her to offer such speculation at trial, it would be inadmissible under FRE 702; indeed,

13   "[c]ourts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind."

14   *Siring v. Or. Bd. of Higher Educ. ex rel. E. Or. Univ.*, 927 F. Supp. 2d 1069, 1077 (D. Or. 2013)

15   (collecting cases); *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2037732, at *4

16   (N.D. Cal. 2008) ("no expert of any kind will be allowed to speculate as to anyone's subjective

17   intent or knowledge.").  No "body of knowledge or expertise" can support a witness speculating on

18   the "intent, motives, or states of mind of corporations."  *Aya Healthcare Servs. v. AMN Healthcare,*

19   *Inc.*, 2020 WL 2553181, at *5 (S.D. Cal. 2020).  Ms. Joshi should accordingly be barred from

20   offering an opinion about Uber's intentions or motivations.

21                                       **<u>CONCLUSION</u>**

22            For the foregoing reasons, the Court should grant Defendants' motion and exclude Meera

23   Joshi from offering expert testimony under Federal Rule of Evidence 702.

24

25

26

27

28

Dated: April 19, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By:  s/ Anne Marie Estevez

Anne Marie Estevez
Stephanie Schuster
Patrick Harvey
Kathy H. Gao

*Attorneys for Defendants*