William Most (CA # 279100)
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
T: (650) 465-5023
williammost@gmail.com

Karla Gilbride (CA # 264118)
PUBLIC JUSTICE, P.C.
1620 L St. NW, Ste. 630
Washington, DC 20036
T: 202-797-8600
kgilbride@publicjustice.net

Garret S. DeReus (LA # 35105)*
Andrew D. Bizer (LA # 30396)*
*Admitted *pro hac vice*
BIZER & DEREUS, LLC
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
gdereus@bizerlaw.com
andrew@bizerlaw.com

Attorneys for Plaintiffs Scott Crawford,
Stephan Namisnak, and Francis Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT CRAWFORD,<br><br>      Plaintiff,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>      Defendants. | Case No. 3:17-cv-02664-RS<br><br>**Opposition to Motion to Exclude Testimony of Meera Joshi Under FRE 702**<br><br>Hearing Date: July 15, 2021, 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Courtroom #3, 17th Floor |
| STEPHAN NAMISNAK and FRANCIS FALLS,<br><br>      Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>      Defendants. | Case No. 3:17-cv-06124-RS<br><br>**Opposition to Motion to Exclude Testimony of Meera Joshi Under FRE 702**<br><br>Hearing Date: July 15, 2021, 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Courtroom #3, 17th Floor |

## I.     Introduction

In its FRE 702 motion, Uber asks this Court to exclude opinions of Plaintiffs' non-retained expert, Ms. Meera Joshi. R. Doc. 152.

Ms. Joshi is a transportation industry and regulation expert. She currently serves as the Deputy Administrator of the Federal Motor Carrier Safety Administration in the United States Department of Transportation. Prior to that, she was the Chair and CEO of the New York City Taxi and Limousine Commission (TLC), a 600-person agency that handled WAV regulation and implementation in New York City. R. Doc. 152-1 at 5. Until early 2020, she was a visiting scholar at the New York University Rudin Center for Transportation Policy. *Id*. at 33. And she has also served as the Deputy Executive Director of the New York City Civilian Complaint Review Board and as an Inspector General for the New York City Department of Investigation.

Most relevant to these cases, Ms. Joshi oversaw the development and implementation of regulations that required Uber to provide WAV service in New York City. The regulations required Uber to reach a point where 25 percent of trips were dispatched in a WAV, or alternatively Uber would have to meet specific WAV response time targets, with the ultimate goal being "equivalent service" where "response time and rates for that passenger are the same as someone who is requesting a wheelchair accessible vehicle." Ex. A at 36:3-8. To support these mandates, New York also became the first city in the nation to require the reporting of granular trip data from large app operators like Uber and Lyft. From companies like Uber, Ms. Joshi received detailed "trip records with the vehicle information, the driver information, and the dispatching base information." *Id*. at 21:5-9.

As a result of this information and these experiences, Ms. Joshi explained that she has an "intimate knowledge of a large sector of the [transportation] industry and how it operates in New

York and how it -- and it similarly operates across other large cities and across the world." Ex. A at 16:14-18.

Ms. Joshi is not a retained expert, but at her deposition she expressed a range of opinions relevant to these cases. For example, she discussed the nature of Uber's business, gave her opinion about whether Uber is just an app, described how Uber approached the WAV mandate imposed by the New York TLC, and opined about how it performed under that mandate over time. Ms. Joshi has been designated by Plaintiffs as a non-retained expert.

Uber now moves to exclude all of Ms. Joshi's expert opinions and ask this Court to prevent her from offering any expert testimony at trial. R. Doc. 152 at 6, 10. Their motion, however, only provides argument regarding three specific potential opinions:

- Whether Uber is in the business of transporting people;
- Whether Uber can provide WAV service in New Orleans and Jackson;
- Why Uber has declined to provide WAV service.

As described below, none of Uber's arguments should result in the exclusion of Ms. Joshi's opinions. That is especially so considering that the expert witness "'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004); *see also Fed. Trade Comm'n v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) (in bench trial, "there is less danger that a trial court will be unduly impressed by the expert's testimony or opinion").

For these reasons, Uber's motion should be denied.

## II. Legal Standard

To testify at trial as an expert, Rule 702 of the Federal Rules of Evidence requires that the witness be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Expert opinion testimony is reliable if such knowledge has a "basis in the knowledge and experience of [the relevant] discipline." *United Energy Trading, LLC v. PG&E*, 15-cv-02383, R. Doc. 258 at *2 (N.D. Cal., Oct. 16, 2018), *citing Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 592 (1993). There are a range of factors for evaluating expert reliability, and the "standard is flexible." *Id.* And "Rule 702 should be applied with a 'liberal thrust' favoring admission," subject to the normal rules of reliability. *Messic v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014).

When considering expert testimony offered pursuant to Rule 702, the trial court acts as a "gatekeeper" by "making a preliminary determination of whether the expert's testimony is reliable." *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002).

But where the matter will proceed by bench trial as in this instance, "the importance of the trial court's gatekeeper role is significantly diminished . . . because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. Comm'r of Internal Revenue*, 615 F.3d 321, 330 (5th Cir. 2010); *Volk v. United States*, 57 F. Supp. 2d 888, 896 n. 5 (N.D. Cal. 1999) ("[T]he Daubert gatekeeping obligation is less pressing in connection with a bench trial" where "the 'gatekeeper' and the trier of fact [are] one and the same."); *Deal v. Hamilton Cnty. Bd. of Educ*., 392 F.3d 840, 852 (6th Cir. 2004) ("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial.")

### III. Analysis

**A.   Uber's motion should be denied as to Ms. Joshi's opinions and testimony which Uber does not address.**

Uber's motion asks that Ms. Joshi be excluded from offering any expert testimony whatsoever. R. Doc. 152 at 6, 10. But to support that request, Uber only offers argument regarding three specific opinions: (1) Whether Uber is in the business of transporting people; (2) Whether Uber can provide WAV service in New Orleans and Jackson; (3) Why Uber has declined to provide WAV service in New Orleans and Jackson. R. Doc. 152.

Ms. Joshi's actual testimony, however, is far broader than those three opinions. In addition to those topics, she also testifies about:

- The "industry lack of wheelchair accessible vehicles in the for-hire vehicle sector" and the market presence of companies like Uber. Ex. A at 32:14-18.

- How companies like Uber "set the price for trips, set standards for service, allocate rides according to proprietary algorithms, which may include or exclude certain drivers based on past performance, vet and monitor driver and passenger performance, and even remove participants from the system[.]" *Id*. at 25:4-21.

- How the New York TLC set out mandates for Uber's WAV service, requiring that Uber over four years hit a point where "25 percent of their trips are dispatched in a wheelchair accessible vehicle" or alternatively hit targets for WAV response time. *Id*. at 35:13 to 36:8.

- That "nothing that was ever presented to me or that I ever found on my own that would suggest" Uber was incapable of providing mandated WAV service. *Id*. at 41:14-17.

- How Uber objected to and opposed the mandates. *Id*. at 38:13-20.

- That Uber responded to the mandates by "increasing the number of accessible vehicles that they brought on and actively increasing the number of trips that they were providing to people that used wheelchairs." *Id*. at 45:3-9.

- That Uber "performed very well under the new requirement." *Id*. at 52:16-18.

Because Uber provides no argument or rationale for the exclusion of any opinions other than the enumerated three, this Court should as an initial matter deny Uber's request to prevent Ms. Joshi from offering any expert testimony generally. *See Perry v. Schwarzenegger*, 702 F.

Supp. 2d 1132, 1137 (N.D. Cal. 2010) ("Because proponents make no argument that they (as opposed to the state defendants or plaintiffs) will be irreparably injured absent a stay, proponents have not given the court any basis to exercise its discretion to grant a stay.")

**B.     The motion should be denied because Ms. Joshi's opinion about whether Uber is in the business of transporting people addresses a mixed question of law and fact, not a pure legal issue.**

Uber seeks to exclude any opinion by Ms. Joshi as to whether Uber is in the "business of transporting people." *Crawford*, R. Doc. 152 at 8-9.  It argues that her opinion on this point would speak to an "ultimate issue of law" and so should be excluded. *Id.*

But that question is *not* a pure issue of law. This Court has already determined that whether Uber is "primarily engaged in the business of transporting people" is a "a mixed question of law and fact." *Crawford*, ECF No. 80 at 7. And an expert opining as to a mixed question of law and fact does not present the same problems as a pure issue of law. *See Kivel v. U.S.*, 878 F.2d 301, 304 (9th Cir. 1989) ("The district court heard conflicting expert testimony and then reached its own conclusion as to what was reasonable. Clearly, 'reasonable' is a mixed question of fact and law."); *U.S. ex rel. Oliver v. The Parsons Corp.*, 498 F.Supp.2d 1260, 1281 (C.D. Cal. 2006) ("Further expert analysis is necessary to resolve this mixed question of law and fact."); *but see Freund v. Butterworth*, 165 F.3d 839, fn. 34 (11th Cir. 1999) (allowing expert testimony would be "inconsistent with our recognition that the issue involved is a mixed question of law and fact.").

Furthermore, Ms. Joshi has testimony to offer about the factual predicates for a conclusion about the nature of Uber's business. For example, she testified that "Uber was a licensed and still is a licensed for-hire vehicle provider in New York City demonstrating that they are paying -- you know, passengers are paying a fee for service and are subject to all the regulations attendant with that." Ex. A at 27:26 - 28:6. And she can testify that Uber and similar companies "set the price for trips, set standards for service, allocate rides according to proprietary algorithms, which may

include or exclude certain drivers based on past performance, vet and monitor driver and passenger performance, and even remove participants from the system[.]" *Id.* at 25:4-21.

And finally, Uber has repeatedly proffered <u>non-expert</u> testimony and argument about what business Uber is in. *See, e.g.*, *Crawford*, R. Doc. 157 (Dec. of Niraj Patel, describing what would "be a radical departure from Uber's business model"); *Crawford*, R. Doc. 63 at 28 (arguing that Uber's business is "primarily technology, and explicitly not on a business model of owning vehicles and employing drivers."); *Crawford* R. Doc. 80 at 6 (noting that "Uber views itself as a technology company").

Uber can hardly offer *non-expert* witnesses to testify about the nature of Uber's business model, and then object to Plaintiff's *expert* witness testifying on the same topic. It would work an unfairness to allow them to do so. The motion should be denied.

C. **The motion should be denied because Ms. Joshi's expert knowledge and opinion applies to New Orleans and Jackson.**

In their motion, Uber seeks to exclude Ms. Joshi's opinions about Uber's capacity to provide WAV service in New Orleans and Jackson. *Crawford*, R. Doc. 152 at 9-10. Uber contend that her opinions and experience was limited to New York City, and so cannot be relevant to WAV service in other cities. *Id.*

But this misses the point. Throughout these cases, both Plaintiffs *and Uber* have pointed to Uber's provision of WAV service in other cities – including New York City[1] – to draw inferences about whether UberWAV could or could not be viable in New Orleans and Jackson. In its recent motions for summary judgment, Uber explicitly cited its experience in New York City as relevant to what would be possible in New Orleans and Jackson. *Crawford*, R. Doc. XX at 27.

---

[1] New York City is a traditional comparator for what is possible elsewhere. *See, e.g.*, Jay-Z, feat. Alicia Keys, *Empire State Of Mind* (Roc the Mic Studios, 2009) ("since I made it here [in New York] / I can make it anywhere").

Uber should not be allowed to point to New York City as relevant to its position, and then seek to exclude the opinions of an expert with expertise about that city.

Furthermore, Ms. Joshi testified explicitly that she has an "intimate knowledge of a large sector of the [transportation] industry and how it operates in New York and how it -- and it similarly operates across other large cities and across the world." Ex. A at 16:14-18. She oversaw the implementation of a WAV mandate on Uber in New York City, and saw exactly how capable Uber was in taking steps to meet that mandate once it was set – regardless of what Uber said was feasible prior to the mandate. *Id*. at 34 *et seq*. That expertise and experience is directly relevant to how Uber might act in response to a similar requirement in Jackson and New Orleans, and can help the finder of fact in weighing the credibility of Uber's complaints of infeasibility.

And in any case, Uber's arguments about the applicability of Ms. Joshi's opinions to New Orleans and Jackson go to the weight of her testimony – not whether she should be allowed to give it at all. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Kennedy v. Collagen Corp*., 161 F.3d 1226, 1228 (9th Cir. 1998) (trial court must "distinguish between the threshold question of admissibility of expert testimony and the persuasive weight to be accorded such testimony"); *Southland Sod Farms v. Stover Seed Co*., 108 F.3d 1134, 1143 (9th Cir. 1997) ("asserted defects" in assumptions underlying expert testimony "go to the weight, and not the admissibility" of that testimony).

If, after rigorous cross examination, Ms. Joshi's experience and opinions are not helpful to this Court as finder-of-fact, the Court need only ignore her testimony. No pre-trial exclusion is necessary or appropriate. The motion should be denied.

**D.    The motion should be denied regarding Uber's ability or inability to provide WAV service, from which its intent can be inferred.**

Uber objects to the idea that Ms. Joshi might provide testimony as to whether "Uber's failure/refusal to provide WAV service stems from a desire to avoid the issue, not from an inability to provide said service." R. Doc. 152 at 10. They argue that no witness can testify as to the "states of minds of corporations." *Id.*

The question of Uber's "state of mind," however, is not at issue in this case. Uber has never suggested that failure to provide WAV service in New Orleans or Jackson was an accident or unintentional oversight. It is undisputed that it was a choice. And the Americans With Disabilities Act's standard does not require a showing of bad motive or ill-will. *See Lovell v. Chandler*, 303 F.3d 1039, 1057 (9th Cir. 2002) (holding that, by its very nature, facial discrimination in the form of a categorical exclusion of disabled persons from a public program is "intentional").

Ms. Joshi's testimony speaks to the feasibility of the requested modifications, not Uber's state of mind. She has experience and expertise about what Uber is able to achieve regarding wheelchair accessibility when mandated to do so – regardless of what Uber said would or would not be possible *before* the mandate. Thus, Ms. Joshi will testify as to Uber's ability or "inability to provide [WAV] service," and from that that, the finder of fact might infer that "Uber's failure/ refusal to provide WAV service stems from a desire to avoid the issue." But Plaintiffs do not expect that Ms. Joshi herself will testify as to Uber's intent.

It is worth noting that Uber's argument that no witness can testify as to a corporation's state of mind stands in opposition to Uber's offer of substantial witness testimony as to exactly that. Uber has offered the testimony of employee Niraj Patel, who testifies as to what "Uber hoped" to do regarding WAVs, what Uber has "a clear sense of", and what "Uber wanted to find" with regard to WAVs. *Crawford*, R. Doc. 157, Patel Dec. at ¶¶ 47, 69, 79.

Thus, although Plaintiffs do not expect Ms. Joshi will testify directly as to Uber's intent, any restriction would be unfair given Uber's proffer of non-expert testimony on exactly that topic.

### IV. Conclusion

For the reasons above, this Court should grant deny Defendants' motion to exclude testimony of Ms. Joshi.

By Plaintiffs, by and through their counsel,

/s/ *William Most*_____
William Most (CA # 279100)
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
williammost@gmail.com
(504) 509-5023

Karla Gilbride (CA # 264118)
PUBLIC JUSTICE, P.C.
1620 L St. NW, Ste. 630
Washington, DC 20036
T: 202-797-8600
kgilbride@publicjustice.net

/s/ *Garret S. DeReus*_____
Bizer & DeReus, LLC
Garret S. DeReus (LA # 35105)*
gdereus@bizerlaw.com
Andrew D. Bizer (LA # 30396)*
andrew@bizerlaw.com
*Admission *pro hac vice*

3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

### CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2021, a copy of the foregoing was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

_____/s/ *Garret S. DeReus*_____
GARRET S. DEREUS