1  MORGAN, LEWIS & BOCKIUS LLP
   Anne Marie Estevez (*pro hac vice*)
2  600 Brickell Avenue, Suite 1600
   Miami, FL 33131
3  T: (305) 415-3000
   F: (305) 415-3001
4  annemarie.estevez@morganlewis.com

5  Stephanie Schuster (*pro hac vice*)
   Patrick A. Harvey (*pro hac vice*)
6  1111 Pennsylvania Avenue NW
   Washington, DC 20004
7  T: (202) 739-3000
   F: (202) 739-3001
8  stephanie.schuster@morganlewis.com
   patrick.harvey@morganlewis.com
9
   Kathy H. Gao (CA Bar No. 259019)
10 300 South Grand Avenue, 22nd Floor
   Los Angeles, CA 90071
11 T: (213) 612-2500
   F: (213) 612-2501
12 kathy.gao@morganlewis.com

13 *Attorneys for Defendants*

14            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
15                    SAN FRANCISCO DIVISION

16 SCOTT CRAWFORD,

   Case No. 3:17-cv-02664-RS

17         Plaintiff,

   **DEFENDANTS' BRIEF IN
18      v.                                OPPOSITION TO PLAINTIFFS'
                                          MOTION TO STRIKE TESTIMONY
19 UBER TECHNOLOGIES, INC. and            OF NIRAJ PATEL**
   RASIER, LLC,
20                                        Hearing Date: July 8, 2021, 1:30 p.m.
           Defendants.                    Judge: Hon. Richard Seeborg
21                                        Via Zoom
   STEPHAN NAMISNAK and FRANCIS
22 FALLS,                                 Case No. 3:17-cv-06124-RS

23         Plaintiffs,                    **DEFENDANTS' BRIEF IN
                                          OPPOSITION TO PLAINTIFFS'
24      v.                                MOTION TO STRIKE TESTIMONY
                                          OF NIRAJ PATEL**
25 UBER TECHNOLOGIES, INC. and
   RASIER, LLC,                           Hearing Date: July 8, 2021, 1:30 p.m.
26                                        Judge: Hon. Richard Seeborg
           Defendants.                    Via Zoom
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

Case No. 3:17-cv-02664-RS                        DEFENDANTS' OPPOSITION
Case No. 3:17-cv-06124-RS                    TO PLAINTIFFS' MOTION TO STRIKE

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 1

ARGUMENT ............................................................................................................................ 3

    I.    PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER............................. 3

    II.    MR. PATEL'S DECLARATION INCLUDES ADMISSIBLE LAY OPINIONS, NOT EXPERT OPINIONS. ............................................................. 4

        A.    The Challenged Testimony Is Rationally Based On Mr. Patel's Perception.................................................................................................. 5

        B.    Mr. Patel's Opinions Are Helpful To Clearly Understanding His Testimony And To Determining Facts In Issue. ......................................... 5

        C.    Mr. Patel's Testimony Is Not Based On Scientific, Technical, Or Other Specialized Knowledge............................................................... 6

    III.    PLAINTIFFS HAD AMPLE NOTICE AND OPPORTUNITY TO DEPOSE MR. PATEL ON THE MATTERS INCLUDED IN HIS DECLARATION. ................................................................................................... 9

CONCLUSION ...................................................................................................................... 12

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

Case No. 3:17-cv-02664-RS
Case No. 3:17-cv-06124-RS

i

DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akin v. Q–L Invs., Inc.*,
   959 F.2d 521 (5th Cir. 1992) ............................................................................................. 9

*Beauperthuy v. 24 Hour Fitness, Inc.*,
   772 F. Supp. 2d 1111 (N.D. Cal. 2011) ......................................................................... 3, 4

*Castillo v. Nationstar Mortg.*,
   2016 WL 6873526 (N.D. Cal. 2016) ................................................................................ 3

*In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prods. Liability Litig.*,
   295 F. Supp. 3d 927 (N.D. Cal. 2018) .............................................................................. 4

*City & Cty. of San Francisco v. U.S.P.S.*,
   2011 WL 5079582 (N.D. Cal. 2011) ................................................................................ 3

*Cleveland v. Groceryworks.com, LLC*,
   200 F. Supp. 3d 924 (N.D. Cal. 2016) .............................................................................. 7

*Coleman v. Kaiser Permanente*,
   2014 WL 2886293 (N.D. Cal. 2014) ................................................................................ 3

*Cordas v. Uber Techs., Inc.*,
   228 F. Supp. 3d 985 (N.D. Cal. 2017) .............................................................................. 3

*F.T.C. v. Publishers Bus. Servs.*,
   2009 WL 10692838 (D. Nev. 2009) ................................................................................. 9

*In re Google AdWords Litig.*,
   2012 WL 28068 (N.D. Cal. 2012) ................................................................................ 7, 9

*Henderson v. Corelogic Nat'l Background Data, LLC*,
   2016 WL 354751 (E.D. Va. 2016) ........................................................................... 1, 2, 7

*Indep. Living Res. Ctr. v. Lyft, Inc.*,
   2020 WL 6462390 (N.D. Cal. 2020) ................................................................................ 7

*Jonna Corp. v. City of Sunnyvale*
   2017 WL 2617983 (N.D. Cal. 2017) ................................................................................ 4

*Joshua David Mellberg LLC v. Will*,
   386 F. Supp. 3d 1098 (D. Ariz. 2019) .............................................................................. 6

Morgan, Lewis & Bockius LLP
Attorneys At Law
Washington, D.C.

Case No. 3:17-cv-02664-RS
Case No. 3:17-cv-06124-RS

ii

Defendants' Opposition
To Plaintiffs' Motion to Strike

*Minority Television Project Inc. v. F.C.C.*,
  649 F. Supp. 2d 1025 (N.D. Cal. 2009) ....................................................................... 11

*Open Text S.A. v. Box, Inc.*,
  2015 WL 393858 (N.D. Cal. 2015)............................................................................... 6

*Perez v. Volvo Car Corp.*,
  247 F.3d 303 (1st Cir. 2001) ......................................................................................... 9

*Rapolla v. Waste Mgmt. Emp. Benefits Plan*,
  2014 WL 2918863 (N.D. Cal. 2014) ............................................................................. 3

*Salazar v. McDonald's Corp.*,
  2017 WL 88999 (N.D. Cal. 2017).................................................................................. 3

*Seifi v. Mercedes-Benz, LLC*,
  2014 WL 8370026 (N.D. Cal. 2014) ............................................................................. 4

*Siebert v. Gene Sec. Network, Inc.*,
  75 F. Supp. 3d 1108 (N.D. Cal. 2014) .......................................................................... 7

*Snapp v. United Transp. Union*,
  889 F.3d 1088 (9th Cir. 2018)..................................................................................... 11

*In Re Toy Asbestos*,
  2021 WL 2020561 (N.D. Cal. 2021).............................................................................. 3

*United States v. Beck*,
  418 F.3d 1008 (9th Cir. 2005)....................................................................................... 5

*United States v. Coscia*,
  177 F. Supp. 3d 1087 (N.D. Ill. 2016) .......................................................................... 8

*United States v. Gadson*,
  763 F.3d 1189 (9th Cir. 2014)....................................................................................... 5

*United States v. Lopez*,
  762 F.3d 852 (9th Cir. 2014)......................................................................................... 5

*United States v. Munoz-Franco*,
  487 F.3d 25 (1st Cir. 2007) ........................................................................................... 7

*United States v. Polishan*,
  336 F.3d 234 (3d Cir. 2003) ......................................................................................... 7

*United States v. Simas*,
  937 F.2d 459 (9th Cir. 1991)......................................................................................... 5

*United States v. Williams*,
   827 F.3d 1134 (D.C. Cir. 2016) .................................................................................................. 6

**Statutes**

Cal. Pub. Util. Code § 5440(f) ............................................................................................... 8, 11

**Rules**

Civ. L.R. 7-3 ................................................................................................................................ 3

Fed. R. Civ. P. 37(c)(1) .............................................................................................................. 10

Fed. R. Evid. 602 ......................................................................................................................... 5

Fed. R. Evid. 701 ................................................................................................................. 4, 5, 6

Case No. 3:17-cv-02664-RS
Case No. 3:17-cv-06124-RS

iv

DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO STRIKE

**INTRODUCTION**

Throughout the discovery period, Plaintiffs were on notice that Uber Technologies, Inc. employee Niraj Patel may have discoverable information regarding Defendants' efforts to support WAV marketplaces and related issues. Plaintiffs never noticed Mr. Patel's deposition, but they got to depose him twice anyway, because Defendants designed Mr. Patel to testify on their behalf on WAV-related issues. Plaintiffs failed to meaningfully question Mr. Patel about his knowledge, experience, or opinions relating Uber's WAV efforts, despite ample notice and opportunity to do so. That was Plaintiffs' choice, and it appears to be a choice Plaintiffs regret. For Plaintiffs now move to strike Mr. Patel's declaration, submitted in support of Defendants' motion for summary judgment, claiming they never had a chance to explore the substance of the declaration in discovery. That is simply incorrect.

Grasping on to a few snippets and turns-of-phrase in Mr. Patel's declaration, Plaintiffs urge the Court to strike the whole thing as undisclosed *expert* testimony. None of Mr. Patel's opinions are expert opinions. Mr. Patel's opinions are admissible lay opinions based on Mr. Patel's personal and particularized knowledge gained from his experience working at Uber and supervising Defendants' WAV program. But the Court need not even reach the merits of Plaintiffs' motion to strike, which was filed in plain violation of Local Rule 7-3(a), and appears to be an attempt to exceed the already enlarged 50-page limit for briefs in opposition to motion for summary judgment. Plaintiffs' motion should be denied.

**BACKGROUND**

Niraj Patel was identified as a witness with knowledge in Defendants' amended initial disclosures on May 16, 2018 (Ex. A), and again in Defendants' second amended initial disclosures on July 17, 2018. Pl. Ex. B at 2.[1] In describing the subjects of the discoverable information Mr. Patel may have to support Defendants' defenses, Defendants disclosed that he likely had knowledge about "Uber's pilots and efforts related to options within Uber's smartphone application

---

[1] Defendants' exhibits are attached to the accompanying declaration of Stephanie Schuster.

Case No. 3:17-cv-02664-RS
Case No. 3:17-cv-06124-RS

1

DEFENDANTS' BRIEF IN
OPP'N TO PLAINTIFFS' MOTION TO STRIKE

specifically designed to enable riders to request wheelchair-accessible vehicles from independent third-party transportation providers." *Id.* at 2. Plaintiffs do not contend that this disclosure was inadequate.

Plaintiffs decided not to depose Mr. Patel in his individual capacity. They deposed him, twice, only because Defendants designated Mr. Patel to testify about most of the 33 topics Plaintiffs included in their 30(b)(6) notice. *See* PSJ Opp'n Br. Ex. MMM (ECF No. 171-3); Ex. B at 10:1–6 (confirming he was to testify about topics 1, 3, 4, 9, 13, 14, 16, 17, 18, 19, and 22); Ex. C at 8:5–11 (confirming he was to testify about topics 2, 5, 10, 11, 15, 25–28, and 30). Plaintiffs never sought relief from the Court on the basis he was unprepared to testify about any noticed topics in either of the two depositions.

Defendants then submitted a declaration from Mr. Patel to support their motion for summary judgment. *Crawford*, ECF No. 157; *Namisnak*, ECF No. 127 ("Patel Decl."). Mr. Patel has been with Uber since August 2014 and currently serves as Uber's Director of Rider Operations for the United States and Canada. Patel Decl. ¶ 2. He has "supervised and managed the team responsible for Uber's pilot operations related to wheelchair accessible vehicle (WAV) trips since 2017," and through his work at Uber "learned about WAVs, who uses them, and the challenges associated with attracting drivers with WAVs to seek and accept ride requests via the Uber Driver App." *Id.* He has knowledge of Uber's efforts to add a feature in the Uber Rider App to request a trip in a WAV in certain pilot jurisdictions, and he has "knowledge of the results. *Id.* ¶ 18. He and the team responsible for the pilot operations have tried a variety of techniques to attempt to encourage WAV supply in certain cities. *Id.* ¶¶ 73–89. And he has personal knowledge regarding Uber's prominent partnership with MV Transportation ("MV"), and the costs and benefits associated with that partnership. *Id.* ¶ 43–47. Mr. Patel also personally reviewed and relied on the WAV budgets Uber employees prepared to track and manage spending related to the WAV pilots. *Id.* at ¶ 48, 52. He also has personal knowledge about the demands Plaintiffs have made in this case. *See Id.* ¶¶ 3, 17, 33, 38.

Based on this experience, Mr. Patel provided a background on Uber's ridesharing technology (*id.* ¶¶4–16); his response to Plaintiffs' demand to add a WAV request option to the

Rider App (*id.* ¶¶ 17–32); his response to Plaintiffs' demand for equivalent service (*id.* ¶¶ 33–37); his response to Plaintiffs' demand for a fleet of 30-60 and 20-60 WAVs (*id.* ¶¶ 38–68); his opinions about the financial viability of the WAV pilot (*id.* ¶¶ 69–72); and a history of Uber's efforts to attempt to encourage WAV supply in certain cities in connection with the WAV pilot (*id.* ¶¶ 73–89).

## ARGUMENT

### I. PLAINTIFFS' MOTION IS PROCEDURALLY IMPROPER.

This Court's rules require that "[a]ny evidentiary and procedural objections to [a] motion … be contained within the brief or memorandum" in opposition.  Civ. L.R. 7-3(a).  "[S]tand-alone objections," including those made in a separate motion to strike, "are improper," and "only objections contained within the briefs are considered."  *Salazar v. McDonald's Corp.*, 2017 WL 88999, at *3 n.1 (N.D. Cal. 2017) (Seeborg, J.); *see City & Cty. of San Francisco v. U.S.P.S.*, 2011 WL 5079582, at *3 n.3 (N.D. Cal. 2011) (Seeborg, J.) ("motion to strike certain evidence submitted in support of defendant's motion for summary judgment" violates Local Rule 7-3).  This Court and others in this district vigorously enforce this rule and routinely reject evidentiary objections made outside the briefing.  *See, e.g.*, *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989 n.2 (N.D. Cal. 2017) (Seeborg, J.) (refusing to consider evidentiary objections made "in violation of" Local Rule 7-3); *In Re Toy Asbestos*, 2021 WL 2020561, at *2 (N.D. Cal. 2021) (denying separately filed objections to evidence offered in support of motion for summary judgment "for failure to comply with Civil Local Rule 7-3"); *Rapolla v. Waste Mgmt. Emp. Benefits Plan*, 2014 WL 2918863, at *4 (N.D. Cal. 2014) (refusing to consider separately-filed evidentiary objections "for any purpose"); *Coleman v. Kaiser Permanente*, 2014 WL 2886293, at *3 (N.D. Cal. 2014) (striking separately-filed evidentiary objections); *Castillo v. Nationstar Mortg.*, 2016 WL 6873526, at *2 (N.D. Cal. 2016) (same).

Plaintiffs' motion violates Local Rule 7-3(a) and should be denied for that reason alone. Plaintiffs are "attempt[ing] to evade the briefing page limits by filing [a motion to strike] instead of fully voicing their evidentiary and procedural objections in their opposition … brief[] as required by the Local Rules."  *Beauperthuy v. 24 Hour Fitness, Inc.*, 772 F. Supp. 2d 1111, 1119 (N.D. Cal.

2011).[2] This Court enlarged the typical, 25-page limit for summary judgment opposition briefs to 50 pages. *Crawford*, ECF No. 144. Yet, Plaintiffs' 46-page opposition brief (*Crawford*, ECF No 144) is accompanied by a 15-page brief in support of their motion to strike (*Crawford*, ECF No. 170) *plus* a 10-page, single-spaced "appendix" to the motion to strike that is chock full of evidentiary arguments (*Crawford*, ECF No. 170-1). Which is to say, Plaintiffs' motion to strike is 25 pages (really, 35 pages, because the appendix is improperly single-spaced, *see* Civ. L.R. 3-4(c)(2)) of additional argument, before any reply brief. That is plainly prejudicial to Defendants. *See, e.g.*, *Seifi v. Mercedes-Benz, LLC*, 2014 WL 8370026, at *1 (N.D. Cal. 2014) (party did not need to respond to motion to strike because "responding to a separately noticed motion" in violation of Local Civil Rule 7-3 and in excess of opposition page limit is "prejudicial").

## II.  MR. PATEL'S DECLARATION INCLUDES ADMISSIBLE LAY OPINIONS, NOT EXPERT OPINIONS.

Plaintiffs' motion also fails on the merits because Mr. Patel's declaration does not include expert opinions. Not all opinions are expert opinions. Lay opinions are admissible if they are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The opinions Mr. Patel offers in his declaration all satisfy this standard.

In their brief, Plaintiffs argue about only a few phrases in a few paragraphs of Mr. Patel's declaration. They improperly make additional arguments in their improper "appendix," and those arguments should be disregarded. *See, e.g.*, *Jonna Corp. v. City of Sunnyvale* 2017 WL 2617983, at 2 n.4 (N.D. Cal. 2017) (striking appendix because it was "akin to legal argument" and for exceeding the page limits provided under the local rules); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prods. Liability Litig.*, 295 F. Supp. 3d 927, 1015 (N.D. Cal. 2018) (declining to consider arguments raised in appendix that were not raised in their brief). Accordingly, Defendants address below only the testimony for which Plaintiffs provide substantive argument in their brief. Though the Court can and should disregard Plaintiffs' "appendix," in order

---

[2]  *Abrogated on other grounds by Campbell v. City of Los Angeles*, 903 F.3d 1090, 1113 (9th Cir. 2018)

to avoid any risk of waiver, Defendants attach their own appendix to respond to Plaintiffs' additional arguments.

### A. The Challenged Testimony Is Rationally Based On Mr. Patel's Perception.

The condition that lay opinion be "rationally based on the witness's perception" is "simply a restatement of the personal knowledge requirement necessary for all lay witness testimony" under Rule 602. *United States v. Simas*, 937 F.2d 459, 465 (9th Cir. 1991); *see* Fed. R. Evid. 602. This personal knowledge requirement is met when the "witness can demonstrate firsthand knowledge or observation." *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014).

Plaintiffs appear to argue that Mr. Patel lacks personal knowledge for the following statement in Paragraph 30 of his declaration: "obtaining a WAV for the purpose of selling WAV trips does not make sense from the perspective of an economically rational, profit-seeking individual Driver." Pl. Br. 14. Plaintiffs miss that Mr. Patel demonstrated his personal knowledge in the declaration itself. He made clear that because of his role "supervis[ing] and manag[ing] the team for Uber's pilot operations related to wheelchair accessible vehicle ('WAV') trips since 2017," he has personal knowledge about "WAVs, who uses them, and the challenges associated with attracting drivers with WAVs to seek and accept ride requests via the Uber Driver App." Patel Decl. ¶ 2; *see also id.* ¶ 1 ("I submit this declaration based on my knowledge."). Plaintiffs' claim that Mr. Patel lacks personal knowledge about the reasons why Drivers may choose not to use WAVs to sell rides using Uber's platform is, therefore, baseless.

### B. Mr. Patel's Opinions Are Helpful To Clearly Understanding His Testimony And To Determining Facts In Issue.

The requirement that lay opinion testimony be "helpful" is a low bar. Exclusion for lack of helpfulness is warranted only for an opinion that is a "meaningless assertion[] which amount[s] to little more than choosing up sides." Fed. R. Evid. 701, advisory committee's note; *accord United States v. Gadson*, 763 F.3d 1189, 1208 (9th Cir. 2014). Helpfulness depends on the "totality of the circumstances." *United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005). Plaintiffs' helpfulness challenges lack merit.

Plaintiffs challenge as unhelpful Mr. Patel's testimony that (i) the costs to Drivers of selling rides using a WAV are "much higher" than the costs for selling rides using standard vehicles, and (ii) the number of individuals who own WAVs is "very low." Pl. Br. 14 (citing Patel Decl. ¶¶ 29, 31). Insofar as this testimony is fairly characterized as opinion (rather than fact) testimony at all, Plaintiffs' argument fails. Indeed, far from being so "meaningless" as to be unhelpful, size comparisons are "prototypical examples" of helpful lay opinion testimony under Rule 701. Fed. R. Evid. 701, advisory committee note; *accord United States v. Williams*, 827 F.3d 1134, 1155 (D.C. Cir. 2016).

Plaintiffs also claim that Mr. Patel's opinion that it is not possible for Uber "to break even on its WAV option without significant subsidies" is unhelpful. Patel Decl. ¶ 70. This is not an unsupported generalized statement. It is part of a declaration wherein the witness explains, in detail, the specific techniques Uber has tested and used to support WAV marketplaces and the concrete and specific losses Uber has sustained to do so. *See, e.g.*, Patel Decl. ¶¶ 41–56, 66–68, 73–89. It is hardly a "meaningless" statement that is so unhelpful to be inadmissible under Rule 701.[3]

### C. Mr. Patel's Testimony Is Not Based On Scientific, Technical, Or Other Specialized Knowledge.

It is well-settled, and clear from the advisory committee notes, that "'particularized knowledge that the witness has by virtue of his or her position in the business' *is not 'scientific, technical, or other specialized knowledge,*' even if it involves knowledge that the average person would have to consult an expert about." *Open Text S.A. v. Box, Inc.*, 2015 WL 393858, at *7 (N.D. Cal. 2015) (emphasis added) (quoting Fed. R. Evid. 701, advisory committee's note to 2000 amendment). "[C]ourts have consistently distinguished between testimony requiring 'specialized

---

[3] Plaintiffs do not directly challenge this testimony as inadmissible because it is based on scientific, technical, or other specialized knowledge, but they quote (Pl. Br. 7) *Joshua David Mellberg LLC v. Will*, 386 F. Supp. 3d 1098 (D. Ariz. 2019), out of context. For the avoidance of doubt, Defendants are compelled to note that *Will* does not hold that only an expert can testify about whether a business segment "breaks even." Rather, in that case, the court excluded testimony of an interim CFO who made sophisticated calculations about potential damages not based on his knowledge of the "inner workings" of his firm, *id.* at 1105–06, but instead conducted an analysis to create a "sophisticated damages calculation." *Id.* at 1108. Here, Mr. Patel offers his opinion that Uber will continue to lose money on its WAV efforts absent government subsidies—after explaining in detail that Uber has already lost a lot of money supporting WAV marketplaces. No "sophisticated calculations" were used, or needed, to observe that Uber is losing money on WAV and has no prospect of making money on WAV absent subsidies.

knowledge' within the purview of Rule 702, and 'particularized knowledge that the witness ha[s] by virtue of his position,' which is a permissible foundation for lay testimony." *Henderson v. Corelogic Nat'l Background Data, LLC*, 2016 WL 354751, at *2 (E.D. Va. 2016). A lay witness, therefore, may "express opinions about a business based on the witness's own perceptions and knowledge and participation in the day-to-day affairs of [the] business" without his testimony morphing into expert testimony subject to Rule 702. *United States v. Munoz-Franco*, 487 F.3d 25, 35 (1st Cir. 2007); *accord United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003).

For example, lay witnesses may testify about "institutional operations and practices based on personal knowledge that the witness has accrued over the course of several years of employment, the witness is providing *lay* testimony not subject to Rule 702." *Siebert v. Gene Sec. Network, Inc.*, 75 F. Supp. 3d 1108, 1114 (N.D. Cal. 2014) (emphasis added); *accord Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 949 (N.D. Cal. 2016). A company's employees, who have personal knowledge, likewise may offer lay opinion testimony about how certain business systems "work," even if the "underlying facts and data are technical in nature." *In re Google AdWords Litig.*, 2012 WL 28068, at *5 (N.D. Cal. 2012) (permitting Google employee to offer lay opinion testimony about "Google's business" and "what Google's AdWords system does, how it behaves, and what it does when certain variables are changed").[4]

Plaintiffs contend that, in three instances, Mr. Patel purportedly offers opinions that require "scientific, technical, or other specialized knowledge." *See* Pl. Br. 10–11. Plaintiffs are wrong on all three counts.

*First*, Mr. Patel's statement in **Paragraph 26** that a "new WAV can cost anywhere from $40,000 to $100,000," Patel Decl. ¶ 26, is a statement about an item's cost, which is a verifiable *fact*, not an opinion. *See, e.g.*, *Indep. Living Res. Ctr. v. Lyft, Inc.*, 2020 WL 6462390, at *3 (N.D. Cal. 2020) (noting "the *fact* that WAVs … can cost over $50,000") (emphasis added). And it is a fact Mr. Patel personally knows because of his particularized experience overseeing Uber's efforts to support WAV marketplaces. *See* Patel Decl. ¶¶ 1–2. Yet, even if the costs of WAVs were fairly

---

[4] *Rev'd on other grounds sub nom. Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015).

characterized as an opinion, it is not an opinion that requires any specialized training. One can look up the price-tag of WAVs (and practically any vehicle) via a simple Internet search.

*Second*, Plaintiffs challenge a snippet of Mr. Patel's testimony in **Paragraph 30**, which in full reads as follows:

> Given the high cost of WAVs, and the low demand for WAV trips, and the fact that rider prices are the same for WAV and X, <u>obtaining a WAV for the purpose of selling WAV trips does not make sense from the perspective of an economically rational, profit-seeking individual Driver</u>, especially where such individual has other profit-making opportunities. Thus, in the UberX marketplace, selling rides makes sense for Drivers and thus it can take little effort by Uber for Drivers to take the steps necessary to obtain a Driver account and access the platform, but the same is not true in the WAV marketplace.

Patel Decl. ¶ 30 (emphasis added).

Plaintiffs challenge the underlined portion of Mr. Patel's testimony as "quintessential, expert testimony that should be provided by an economist," Pl. Br. 10, because it is based on the "specialized economic concept" of "supply and demand theory," *id.* at 3. But testimony is not expert testimony simply because it includes "rudimentary statements about supply and demand, concepts that are relatively easy to grasp." *United States v. Coscia*, 177 F. Supp. 3d 1087, 1095–96 (N.D. Ill. 2016). That is especially true when the these rudimentary, widely understood concepts are critical to the industry in which the witness works and thus are necessary "to describe their own observations about market activity." *Id.* A lay witness offers lay testimony when they testify "about market patterns they observed" because such observations are "based on their direct experience" and particularized business knowledge, not scientific, technical, or other specialized knowledge. *Id.* That is precisely what Mr. Patel did in Paragraph 30.

Mr. Patel's testimony does not require any sophisticated analysis. Compared to standard vehicles, WAVs cost more, both up front and to maintain, without the opportunity to recoup those costs because the rider price for X and WAV rides are the same. Patel Decl. ¶¶ 26–30; *see also* Cal. Pub. Util. Code § 5440(f) ("WAVs have higher purchase prices, higher operating and maintenance costs, higher fuel costs, and higher liability insurance, and require additional time to serve riders who use nonfolding motorized wheelchairs."). One does not even need to have taken

a single economics course to understand that it would be irrational to spend more money—both upfront and in the long-term—to make less money when there are plentiful alternatives available.

*Finally*, in **Paragraph 37**, Mr. Patel testified that a rule prohibiting from Drivers from accessing the Uber platform unless he or she had a WAV would "destroy ridesharing." Patel Decl. ¶ 37). Plaintiffs complain about this testimony in a section about purportedly scientific, technical, or other specialized knowledge (Pl. Br. 10–11), but they do not actually explain why they believe this opinion is based on such scientific, technical, or other specialized knowledge. Plaintiffs instead complain that this is a "broad opinion." *Id.* at 11. Broad opinions are not inadmissible simply because they are broad, and Plaintiffs offer zero authority otherwise. More fundamentally, Mr. Patel, based on his particularized and personal knowledge, may offer his lay opinion on how a WAV-only requirement for rideshare drivers would impact Uber's business. *See, e.g.*, *Google AdWords*, 2012 WL 28068, at *5 (employee can offer lay opinion testimony about company's business, "how it behaves, and what it does when certain variables are changed").[5]

### III. PLAINTIFFS HAD AMPLE NOTICE AND OPPORTUNITY TO DEPOSE MR. PATEL ON THE MATTERS INCLUDED IN HIS DECLARATION.

Even if Plaintiffs could somehow demonstrate that Mr. Patel's percipient testimony and opinion based on his particularized knowledge of Uber's business qualified as expert testimony, exclusion is not warranted. For one thing, despite only challenging a few paragraphs of Mr. Patel's declaration in their brief, Plaintiffs urge the Court to disregard the entire declaration. Pl. Br. 13. That is overreach, plain and simple. *See, e.g.*, *Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 531 (5th Cir. 1992) ("On a motion for summary judgment, the district court should disregard only those portions of an affidavit that are inadequate and consider the rest."); *Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 (1st Cir. 2001) (same); *F.T.C. v. Publishers Bus. Servs.*, 2009 WL 10692838, at *4 (D. Nev. 2009) (expressly refusing to strike a declaration on summary judgment in its entirety but striking the declaration "to the extent the Declaration consists of impermissible lay opinion").

---

[5]   It is worth noting that under Plaintiffs' theory of what constitutes "expert" opinion, nearly all of the evidence they rely on in their motion for summary judgment—like estimates of the amount of an accessibility fee that could fully fund a WAV program—would have to be excluded as improper expert opinion. Plaintiffs did not even identify the author of the statements in the documents they cite; let alone serve a proper disclosure under Rule 702 to explain the methodology for such calculations.

In addition, Plaintiffs had ample notice and opportunity to depose Mr. Patel about the subject-matter of the testimony they now challenge but did not do so. That was their strategic choice to make. But that choice doesn't change the fact that, insofar as Mr. Patel's testimony can fairly be characterized as undisclosed expert testimony (it cannot), the failure to disclose was "substantially justified or … harmless." Fed. R. Civ. P. 37(c)(1).

Back in 2018, Defendants disclosed, under Rule 26(a)(1), that Mr. Patel was an individual who may have discoverable information regarding "Uber's pilots and efforts related to options within Uber's smartphone application specifically designed to enable riders to request wheelchair-accessible vehicles from independent third-party transportation providers." Pl. Ex. B at 2. Plaintiffs opted not to notice Mr. Patel's deposition at any time.[6]

Plaintiffs noticed Rule 30(b)(6) depositions of both Defendants on 30-some topics, and for topics that related to Uber's WAV-related efforts, Defendants designed Mr. Patel to testify on their behalf. PSJ Opp'n Br. Ex. MMM (ECF No. 171-3); 11/20/20 Ex. B at 10:1–6 (confirming he was to testify about topics 1, 3, 4, 9, 13, 14, 16, 17, 18, 19, and 22). Indeed, Mr. Patel was so designated twice, on two groups of noticed topics, and Plaintiffs knew in advance that Mr. Patel would be the designee for the second deposition. Exs. C & D. Yet, despite multiple opportunities to question Mr. Patel—including the unexercised opportunity to notice Mr. Patel's individual deposition—at no point did Plaintiffs question Mr. Patel about any opinions he may have about Drivers, ridesharing, WAVs, or Defendants' WAV pilot efforts. Plaintiffs failed to ask these elementary questions even though they have insisted throughout the litigation that they want Defendants to "utilize their resources, internal knowledge, and business know-how . . . to provide WAV service." *Crawford*, ECF No. 135 ¶ 67, *Namisnak*, ECF No. 86 ¶ 68.

Plaintiffs were free to make such strategic choices in discovery, but they cannot now be heard to argue that they were prejudiced by their failure to question a disclosed witness about disclosed areas of inquiry. Nor can Plaintiffs avoid the consequences of their strategic decisions

---

[6] Plaintiffs chose to take only two non-30(b)(6) depositions. They deposed Uber employees David Reich and Brad Rosenthal. Mr. Reich is an Uber employee that Defendants did not include in their initial disclosures, *see* Pl. Ex. B, and whose testimony neither Plaintiffs nor Defendants have relied upon thus far in their summary judgment briefing.

1  because they asked Mr. Patel, at the conclusion of one of the two Rule 30(b)(6) depositions where he testified as designee, whether there was "anything else that you would want to tell the Court" beyond what was discussed during the deposition.  Pl. Ex. C.  This vague, contemporaneously objected-to question is not a panacea.  A deponent's obligation is to respond to specific questions rather than volunteer every relevant fact not even if asked about.  For one thing, that question was neither asked nor answered by Mr. Patel in his individual capacity, but in his capacity as a Rule 30(b)(6) designee.  For another, it is well-settled that a company may supplement the testimony of its Rule 30(b)(6) designee.  *See Snapp v. United Transp. Union*, 889 F.3d 1088, 1104 (9th Cir. 2018) ("The Rule 30(b)(6) testimony also is not binding against the organization in the sense that the testimony can be corrected, explained and supplemented, and the entity is not 'irrevocably' bound to what the fairly prepared and candid designated deponent happens to remember during the testimony.").

Even when a party did not take the deposition of a witness included in the initial disclosures, the lack of a non-retained expert disclosure is considered "harmless."  *See Minority Television Project Inc. v. F.C.C.*, 649 F. Supp. 2d 1025, 1032 (N.D. Cal. 2009) (finding a failure to disclose a company Vice President as an expert would be harmless because he was included in a Rule 26(a)(1) disclosure and "Defendant made him available for a deposition, which Plaintiff declined to take").  Where, as here, Plaintiffs had the opportunity to depose a previously disclosed witness *twice*, the lack of harm is plain.

Indeed, Plaintiffs arguments of prejudice confirms that any toe-fault regarding disclosure of certain turns of phrases used by Mr. Patel was harmless.  Plaintiffs claim they lost the chance to probe Mr. Patel's "base of knowledge" about numerous topics, including the cost of WAVs, and that permitting such testimony subjected Plaintiffs to "trial by ambush."  Pl. Br. 11–12.  Yet Uber has repeatedly represented that WAVs are expensive to obtain and costly to operate since at least December 2017.  *Crawford*, ECF No. 63 ("Wheelchair accessible vehicles ('WAVs') present uniquely challenging issues because such vehicles are not widely available, expensive to obtain, and costly to operate.").  Nor do Plaintiffs offer any evidence to show that—contrary to the legislative findings of the State of California (Cal. Pub. Util. Code § 5440(f))—WAVs are *not*

1  expensive.  The end game of Plaintiffs' desire to probe Mr. Patel about the "base of knowledge"
2  about the cost of WAVs prior to summary judgment is, to say the least, illusive.
3      Plaintiffs also cannot claim any legitimate injury from not being able to ask Mr. Patel the
4  basis for his statements in his declaration about what is "economically rational."  Pl. Br. 11.  At
5  summary judgment, Mr. Patel's "base of knowledge" for making those statements are included in
6  his declaration.  Plaintiffs do not explain what additional questioning at a deposition would
7  accomplish.  Plaintiffs were not harmed by Defendants disclosing Mr. Patel as a fact witness instead
8  of a hybrid fact/expert witness, making the severe preclusion sanction inappropriate.

## CONCLUSION

Plaintiffs' motion to strike the testimony of Niraj Patel should be denied.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Dated: June 2, 2021

By:  s/ Anne Marie Estevez
Anne Marie Estevez
Stephanie Schuster
Patrick Harvey
Kathy H. Gao

*Attorneys for Defendants*