**BIZER & DEREUS, LLC**
Andrew D. Bizer (LA # 30396)
Admitted *pro hac vice*
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
Admitted *Pro Hac Vice*
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

AQUA TERRA AERIS LAW GROUP
William Brock Most
828 San Pablo Ave., Ste. 115B
Albany, CA 94706
T: (650) 465-5023
williammost@gmail.com

PUBLIC JUSTICE, P.C.
Karla Gilbride
1620 L St. NW, Ste. 630
Washington, DC 20036
T: 202-797-8600
kgilbride@publicjustice.net
*Attorneys for Plaintiffs*

| | |
|---|---|
| SCOTT CRAWFORD | Case No.: 3:17-cv-02664-RS |
| Plaintiff, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE TESTIMONY OF NIRAJ PATEL** |
| vs. | |
| UBER TECHNOLOGIES, INC. and RAISER, LLC, | **NOTICED HEARING DATE AND TIME: 7/15/2021 AT 1:30 P.M.** |
| Defendants | |
| STEPHAN NAMISNAK, *ET AL.*, | Case No.: 3:17-cv-06124-RS |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE TESTIMONY OF NIRAJ PATEL** |
| vs. | |
| UBER TECHNOLOGIES, INC. and RASIER, LLC, | **NOTICED HEARING DATE AND TIME: 7/15/2021 AT 1:30 P.M.** |
| Defendants | |

i

## I. INTRODUCTION.

Defendants accuse Plaintiffs of filing procedurally improper evidentiary objections under separate cover from their opposition to Defendants' motion for summary judgment. But a significant objective of Plaintiffs' motion to strike is to exclude Mr. Patel from testifying at trial, which is a perfectly valid use of a motion to strike. Moreover, Defendants' attempts to repackage Mr. Patel's specialized and technical opinions about the functioning of the WAV market as mere layperson observations are at odds with both caselaw interpreting Federal Rule of Evidence 701 and Uber's own portrayal of drivers as autonomous, independent actors that Uber simply links to passengers with an app.

## I. PLAINTIFFS' MOTION TO STRIKE PATEL IS APPROPRIATE AS TO HIS TRIAL TESTIMONY.

In their motion to strike, Plaintiffs seek to exclude Mr. Patel from offering expert opinion testimony (1) at trial; and (2) in support of Defendants' motion for summary judgment. In response, Defendants cite to Civ. L.R. 7-3(a) and claim that Plaintiffs' motion to strike is improper.

Plaintiffs' motion to strike is not improper as to Plaintiffs' request that Mr. Patel be excluded from testifying at the trial of this action as a non-retained expert. The provisions of Civ. L.R. 7-3(a) do not prohibit parties from filing motions that seek to exclude a witness from trial or limit their trial testimony. Thus, Plaintiffs' motion is entirely appropriate as to that purpose and should be evaluated on its merits.

As to the second argument, Defendants are correct that "Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum." Counsel for Plaintiffs was unfamiliar with this requirement and apologizes for the oversight.

Ultimately, given the important issues raised by Plaintiffs' motion to strike, and given that the motion to strike has been appropriately filed as to whether Mr. Patel is permitted to offer expert

opinion testimony at the trial of this action, Plaintiffs urge this Court to use its discretion and reach the merits of Plaintiffs' argument as to all issues raised in the motion.

## II. MR. PATEL SEEKS TO OFFER EXPERT OPINIONS AND THOSE SHOULD BE EXCLUDED.

Much of Mr. Patel's proposed testimony—including his proposed trial testimony—is improper expert testimony because it is based on scientific, technical, and specialized knowledge.

Uber disputes that Mr. Patel's testimony is based on scientific, technical, and specialized knowledge and claims that it is well-settled that a witness can offer "particularized knowledge that the witness has by virtue of his or her position" in a business.[1] Uber is incorrect.

The place to start is with the advisory committee notes. In relevant part, these notes state:

> The amendment is not intended to affect the "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196 (3d Cir. 1995).
>
> For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis. Similarly, courts have permitted lay witnesses to testify that a substance appeared to be a narcotic, so long as a foundation of familiarity with the substance is established. *See, e.g., United States v. Westbrook*, 896 F.2d 330 (8th Cir. 1990) (two lay witnesses who were heavy amphetamine users were properly permitted to testify that a substance was amphetamine; but it was error to permit another witness to make such an identification where she had no experience with amphetamines). Such testimony is not based on specialized knowledge within the scope of Rule 702, but rather is based upon a layperson's personal knowledge. If, however, that witness were to describe how a narcotic was manufactured, or to describe the intricate workings of

---

[1] Uber Opposition Brief, p. 11.

2

a narcotic distribution network, then the witness would have to qualify as an expert under Rule 702. *United States v. Figueroa-Lopez, supra*.

Quite simply, what these advisory committee notes state is not that business personnel have free reign to testify as to anything to which they have "particularized knowledge" as a result of their work for their employer. The appropriate scope of lay opinion testimony for a witness associated with a business, as described by the Advisory Committee notes, remains limited to identifications (like what a substance appears to be) and comparisons (like estimates of distance) except that those identifications and comparisons can be based on knowledge gained through the person's association with the business, such as its valuation and projected profits over time.

Uber leans heavily on *Open Text S.A. v. Box, Inc.* for the notion that a witness can testify based on "particularized knowledge that the witness has by virtue of his or her position" in a business. However, the *Open Text S.A.* court failed to discuss the full context of said notes.

Indeed, Uber also cites *In re Google AdWords Litig.*, but that case actually cuts against Uber. There, the court found that there was not a "particularized knowledge" exception to the expert disclosure rules and explained that the Advisory Committee notes permit a person to offer "opinions about their own business based on their personal knowledge of their business[.]" 2012 WL 28068, at *4 (N.D. Cal. Jan. 5, 2012). The court then went on to permit the Google employee to testify as a lay witness as to what Google's AdWords system does, how it behaves, and what it does when certain variables are changed. *Id*. at *5.

Here, much of the proposed testimony by Mr. Patel does not relate to opinions about his own business. For example, Mr. Patel seeks to offer testimony on the cost of a new WAV. This is not testimony in the form of an opinion about Uber's business. It is testimony concerning the average market price for a vehicle, which will necessarily vary based on geographic region, inflation, used versus new vehicles, and vehicle type. Moreover, because Uber's position throughout this litigation has been that drivers are third-party, independent actors that Uber does

not control, there is more than a little inconsistency in Uber now claiming that Mr. Patel learned about how much WAVs cost and why drivers would (or would not) choose to purchase them through his work with Uber. If figuring out what sorts of incentives will encourage drivers to purchase WAVs is part of Uber's business, then Uber undercuts its own arguments against Plaintiffs' motion for partial summary judgment, but if these considerations have nothing to do with Uber providing a platform to connect drivers and riders through its app, then the opinions Mr. Patel offers in his declaration have nothing to do with Uber's business.

Additionally, Uber claims that the range of the cost of a WAV is a "verifiable *fact*, not an opinion."[2] But Uber is incorrect. A fact is something observable, tangible, and fixed—the light at the stop sign was either green or red. In contrast, an opinion is an assessment or judgment formed based on various inputs and will necessarily differ based on the inputs used. Here, whether the cost of a WAV is $40,000 and $100,000—or whether the range is actually higher or lower—will necessarily vary based on the inputs and factors considered. This is precisely the type of specialized opinion testimony for which an expert disclosure was necessary.

Likewise, as to Paragraph 30, Uber suggests that Mr. Patel's testimony as to what is "economically rational" is simply a "rudimentary" and widely understood concept.[3] All Uber cites for this concept is one district court case from Illinois. But the Ninth Circuit does not appear to take a cavalier approach to the classification of testimony as lay or expert in nature. As Plaintiffs pointed out in their moving papers, in *United States v. Figueroa-Lopez* the Ninth Circuit held that lay testimony that an individual's actions were consistent with those of an experienced drug trafficker was expert testimony and was not properly admitted as lay testimony.[4] Whether

---

[2] Uber Opposition Brief, p. 12.
[3] Uber Opposition Brief, p. 13.
[4] , 125 F.3d 1241, 1244-46 (9th Cir. 1997).

4

obtaining a WAV "for the purpose of selling WAV trips" is "economically rational" requires demonstrable expertise and, thus, is expert testimony.

Nor is this testimony "about Uber's business." This testimony is "about" what is economically rational for drivers. Uber could have had an expert economist testify about what is or is not economically rational and then said expert would have had to outline his/her methodology, background, sources, and findings. Here, in contrast, the Court and Plaintiffs are merely left with Mr. Patel's conclusory statements as to what is "economically rational." This testimony constitutes expert testimony and, because it was not disclosed, it should be excluded.

As to Paragraph 37, this testimony is not based on the recollection of "concrete facts." Plaintiffs pointed out in their moving papers that the Ninth Circuit has held that a lay witness's testimony is rationally based within the meaning of Rule 701 where it is "based upon personal observation and recollection of concrete facts."[5] Whether certain actions would "destroy ridesharing" is the precise opposite of the "recollection of concrete facts"—it is a broad statement without any attachment to concrete facts. While perhaps such a broad statement could be offered by an expert, it is impermissible for a lay witness.

Nor does this opinion fall within the exception of "opinions about their own business based on their personal knowledge of their business[.]" Mr. Patel's testimony is not limited to Uber's internal operations, but to the entirety of "ridesharing" being "destroyed." Unlike the Google employee who was permitted to offer specific testimony on the innerworkings of what Google's

---

[5] *United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (quoting *United States v. Allen*, 787 F.2d 933, 935 (4th Cir. 1986), *cert. granted, judgment vacated*, 479 U.S. 1077, 107 S. Ct. 1271, 94 L. Ed. 2d 132 (1987) (internal quotation marks omitted)).

5

AdWord system does and how it behaves, Mr. Patel seeks to offer generalized and sweeping statements about an entire segment of the transportation sector.[6]

Nor is Plaintiffs' motion pigeonholed to the above three paragraphs, as Uber suggests. Uber complains of Plaintiffs' appendix, but most of Mr. Patel's improper opinion testimony was expressly identified and set forth in the body of Plaintiffs' brief on pages 3 through 4. Plaintiffs merely provided the appendix in a bid to facilitate organization.

After outlining the numerous impermissible statements in the body of their motion, Plaintiffs then provided discussion of the case law, Uber's failure to disclose Mr. Patel as an expert, and an exemplar discussion of three of Mr. Patel's improper witness statements. Thereafter, Plaintiffs' motion prayed for relief, specifically, that Mr. Patel's "declaration should be stricken, and [that] he should be prohibited from offering any such testimony at trial."[7] Quite simply, in the body of their motion Plaintiffs provided this Court with everything it needs to evaluate whether Mr. Patel should be permitted to offer expert testimony at trial. This Court need not review the appendix to find that much of Mr. Patel's testimony is well beyond the scope of permissible lay person testimony.

### III.   MR. PATEL'S TESTIMONY WAS PREJUDICIAL TO PLAINTIFFS.

In their opposition, Uber argues that Plaintiffs did not suffer prejudice because (1) Plaintiffs allegedly made a strategic decision not to depose Mr. Patel individually; (2) Uber claims that it "has repeatedly represented that WAV are expensive to obtain and costly to operate since at least December 2017[;]" and (3) Uber claims the lack of a non-retained expert disclosure is "harmless."

---

[6] *See also Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 504098, at *5 (N.D. Cal. Feb. 19, 2008 )(allowing certain lay opinions regarding how a proposed change would affect the witness's own business but striking as undisclosed expert testimony his broader observations on how those changes would affect the industry as a whole).

[7] Plaintiffs' Motion to Strike, p. 17.

*First*, Plaintiffs did make the strategic decision not to depose Mr. Patel individually. What Uber overlooks, however, is <u>why</u> Plaintiffs chose not to depose Mr. Patel individually. Uber expressly represented that Mr. Patel's knowledge was limited to "Uber's pilots and efforts related to options within Uber's smartphone application specifically designed to enable riders to request rides in wheelchair-accessible vehicles from independent, third-party transportation providers[.]"[8] At no point did Uber disclose that Mr. Patel had knowledge or opinions on the average cost of a new WAV, on what is "economically rational" for drivers, or what "individuals with motorized wheelchairs usually need." Nor does Uber explain why Plaintiffs should have speculated that such topics were subsumed within the limited disclosure provided for Mr. Patel. In light of Uber's limited disclosure for Mr. Patel, and given that Mr. Patel was already deposed as Uber's Rule 30(b)(6) representative, undersigned had no reason to believe that he had a wealth of additional (and undisclosed) expert testimony.

Uber appears to suggest that Plaintiffs should have taken a meandering deposition with Mr. Patel because he might have some undisclosed knowledge. What Uber also fails to acknowledge, however, is that <u>Uber provided the same generalized and boilerplate disclosure for Mr. Patel and 14 other witnesses</u>.[9] Quite simply, under Uber's logic, Plaintiffs should have taken fifteen freewheeling depositions in a search for undisclosed and unidentified opinions.

*Second*, Plaintiffs agree that Uber "has repeatedly represented that WAV are expensive to obtain and costly to operate since at least December 2017." However, Uber has never represented or disclosed that Mr. Patel would testify that "WAV are expensive to obtain and costly to operate." Uber offers no explanation or argument as to why Plaintiffs should have speculated that Mr. Patel would offer said testimony based on the limited initial disclosures. It was perfectly reasonable for

---

[8] Defendants' Opposition Brief, p. 15.
[9] See *Namisnak*, Dkt. No. 139-3, p. 3

7

Plaintiffs to conclude that Uber would seek to prove said allegation through third-party testimony (*e.g.*, a retained expert).

*Third* and finally, Uber cites to the case of *Minority Television Project Inv. v. F.C.C.* to argue that failure to disclose a non-retained expert is "harmless."[10] However, the holding in that case is conclusory. In contrast, the Ninth Circuit has explained that the sanction rules for disclosure misconduct are stringent and self-executing.[11] Even an incomplete expert report can undermine the ability to prepare for a deposition or cross examination.[12] Here, given that undersigned had no reason to believe that Mr. Patel would offer a litany of non-retained expert testimony, the prejudice to Plaintiffs has been severe and significant.

## IV. CONCLUSION.

Uber was obligated to disclose Mr. Patel as a non-retained expert, but failed to do so. Consequently, Mr. Patel should be prohibited from providing expert testimony at trial. Additionally, Plaintiffs respectfully pray that the Court strike Mr. Patel's declaration.

[Signature Block on Following Page]

---

[10] Defendants' Opposition Brief, p. 16.

[11] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("This particular subsection, implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power. *Klonoski v. Mahlab,* 156 F.3d 255, 269 (1st Cir. 1998) ("[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule...."). The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...." Fed.R.Civ.P. 37 advisory committee's note (1993).").

[12] *Pineda v. City & Cty. of San Francisco*, 280 F.R.D. 517, 521–22 (N.D. Cal. 2012) ("The incomplete expert report is prejudicial to Defendant in *522 that it undermines Defendant's ability to properly prepare for an effective deposition or cross-examination of Mr. Casaus.").

```
```

By Plaintiffs, by and through their counsel,

| | |
|---|---|
| /s/ *William Most* | /s/ *Garret S. DeReus* |
| William Most (CA # 279100) | Bizer & DeReus, LLC |
| AQUA TERRA AERIS LAW GROUP | Garret S. DeReus (LA # 35105)* |
| 4030 Martin Luther King Jr. Way | gdereus@bizerlaw.com |
| Oakland, CA 94609 | Andrew D. Bizer (LA # 30396)* |
| williammost@gmail.com | andrew@bizerlaw.com |
| (504) 509-5023 | *Admission *pro hac vice* |
| | |
| Karla Gilbride (CA # 264118) | 3319 St. Claude Ave. |
| PUBLIC JUSTICE, P.C. | New Orleans, LA 70117 |
| 1620 L St. NW, Ste. 630 | T: 504-619-9999; F: 504-948-9996 |
| Washington, DC 20036 | |
| T: 202-797-8600 | |
| kgilbride@publicjustice.net | |

**V.  CERTIFICATE OF SERVICE.**

I hereby certify that on June 16, 2021, a copy of the foregoing was filed electronically with the Clerk of Court via the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                        /s/ *William Most*
                                          William Most