MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131
T: (305) 415-3000
F: (305) 415-3001
annemarie.estevez@morganlewis.com

Stephanie Schuster (*pro hac vice*)
Patrick A. Harvey (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001
stephanie.schuster@morganlewis.com
patrick.harvey@morganlewis.com

Kathy H. Gao (CA Bar No. 259019)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T: (213) 612-2500
F: (213) 612-2501
kathy.gao@morganlewis.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT CRAWFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-02664-RS<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY OF MEERA JOSHI UNDER FRE 702**<br><br>Hearing Date: July 15, 2021, 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Via Zoom |
| STEPHAN NAMISNAK and FRANCIS FALLS,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>　　　　Defendants. | Case No. 3:17-cv-06124-RS<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY OF MEERA JOSHI UNDER FRE 702**<br><br>Hearing Date: July 15, 2021, 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Via Zoom |

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................................. 1

ARGUMENT ......................................................................................................................................... 1

    I.    THE COURT SHOULD DECIDE WHETHER MS. JOSHI IS QUALIFIED TO TESTIFY AS AN EXPERT NOW. .............................................................................. 1

    II.    EXPERT TESTIMONY THAT UBER "OPERATES IN THE TRANSPORTATION INDUSTRY" REMAINS AN INADMISSIBLE LEGAL CONCLUSION. ............................................................................................................. 2

    III.    PLAINTIFFS FAIL TO RESPOND TO DEFENDANTS' ARGUMENT THAT OPINIONS SPECIFIC TO NEW ORLEANS AND JACKSON WERE NOT PROPERLY DISCLOSED. ............................................................ 4

    IV.    PLAINTIFFS CONCEDE THAT MS. JOSHI CANNOT TESTIFY ABOUT DEFENDANTS' INTENTIONS OR MOTIVES. ................................................. 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

Case No. 3:17-cv-02664-RS
Case No. 3:17-cv-06124-RS

i

DEFENDANTS' REPLY IN FURTHER SUPPORT OF UBER'S MOTION TO EXCLUDE MEERA JOSHI

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cardenas v. Whittemore*,
   2013 WL 497864 (S.D. Cal. 2013) .................................................................................. 1

*CIT Grp./Bus. Credit, Inc. v. Graco Fishing & Rental Tools., Inc.*,
   815 F. Supp. 2d 673 (S.D.N.Y. 2011) .............................................................................. 2

*Crow Tribe of Indians v. Racicot*,
   87 F.3d 1039 (9th Cir. 1996) ............................................................................................ 3

*Estes v. Moore*,
   993 F.2d 161 (8th Cir. 1993) ............................................................................................ 3

*Indep. Living Res. Ctr. San Francisco v. Lyft, Inc.*,
   2020 WL 6462390 (N.D. Cal. 2020) ................................................................................ 4

*Ningbo Bonny Decorative Material Co. v. E. Sys., Inc.*,
   2020 WL 1333164 (N.D. Miss. 2020) .............................................................................. 5

*Ramirez v. Ghilotti Bros.*,
   941 F. Supp. 2d 1197 (N.D. Cal. 2013) ........................................................................... 4

*Seaboard Lumber Co. v. United States*,
   308 F.3d 1283 (Fed. Cir. 2002) ........................................................................................ 1

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   2008 WL 2037732 (N.D. Cal. 2008) ................................................................................ 5

*UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*,
   949 F.3d 825 (3d Cir. 2020) ............................................................................................. 1

*United States v. Crawford*,
   239 F.3d 1086 (9th Cir. 2001) ...................................................................................... 1, 3

*United States v. Diaz*,
   876 F.3d 1194 (9th Cir. 2017) .......................................................................................... 2

*United States v. Siemens Corp.*,
   621 F.2d 499 (2d Cir. 1980) ............................................................................................. 5

**Statutes**

42 U.S.C. 12184 ........................................................................................................................ 2

42 U.S.C. § 12184(a) ................................................................................................................ 2

**Rules**

Fed. R. Civ. P. 30(b)(6) .................................................................................................................. 5

Fed. R. Civ. P. 37(c)(1) .................................................................................................................. 4

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Washington, D.C.

Case No. 3:17-cv-02664-RS
Case No. 3:17-cv-06124-RS

iii

Defendants' Reply In Further Support of
Uber's Motion to Exclude Meera Joshi

**INTRODUCTION**

Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC moved to exclude Meera Joshi from improperly offering, as expert opinion, the following testimony at trial: (1) "that Uber operates in the transportation industry," (2) "that Uber has the capacity to provide WAV service", and (3) that "Uber's failure/refusal to provide WAV service stems from a desire to avoid the issue." As Defendants demonstrated, Ms. Joshi is not qualified under Federal Rule of Evidence 702 to offer any of these expert opinions. In response, Plaintiffs ignore Defendants' arguments, raise irrelevant issues, and even concede the inadmissibility of opinions they disclosed. Plaintiffs' opposition offers no reason to permit Ms. Joshi to testify as an expert at trial. Accordingly, Defendants' motion to exclude should be granted.

**ARGUMENT**

**I.  THE COURT SHOULD DECIDE WHETHER MS. JOSHI IS QUALIFIED TO TESTIFY AS AN EXPERT NOW.**

The Court ordered the parties to file *Daubert* motions with their motions for summary judgment. *See Crawford*, ECF No. 136 at 2. Consistent with this order, Defendants filed their motions to exclude the expert opinions of Plaintiffs' disclosed experts, including Meera Joshi. *Crawford*, ECF Nos. 152, 154; *Namisnak*, ECF Nos. 122, 124. Yet Plaintiffs now urge the Court to avoid acting as a gatekeeper because, if the case proceeds to trial, it will be a bench trial.

There's no reason to put off ruling on Defendants' motions under Rule 702. Whatever impact a bench trial has on the Court's gatekeeping role, "Rule 702 applies whether the trier of fact is a judge or a jury." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020); *see also Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002) (explaining *Daubert* relevance and reliability standards "must nevertheless be met" in bench trials). Plaintiffs expressly rely on Ms. Joshi's opinions in seeking summary judgment. *Crawford*, ECF No. 148 at 29 ("Plaintiff's non-retained expert, Ms. Meera Joshi, opined that Uber is primarily engaged in the provision of transportation"). Accordingly, the Court can and should decide now whether Ms. Joshi is qualified under Rule 702 to offer the disclosed expert opinions. *See, e.g.*, *Cardenas v. Whittemore*, 2013 WL 497864, at *1 (S.D. Cal. 2013) (excluding expert witness from

offering legal conclusions in a bench trial even though "the introduction of inadmissible evidence is not so serious a problem as it would be in a jury trial"); *CIT Grp./Bus. Credit, Inc. v. Graco Fishing & Rental Tools., Inc.*, 815 F. Supp. 2d 673, 678 (S.D.N.Y. 2011) (granting motion to exclude from bench trial an expert's testimony as to a legal conclusion).

In contrast, ruling on the admissibility of any fact or lay opinion testimony Ms. Joshi provided in her deposition, such as the deposition testimony listed by Plaintiffs on page 5 of their opposition, would be premature. *See* Def. Br. 2 n.2. Plaintiffs have not disclosed whether Ms. Joshi will be called live—despite being a "non-retained expert" outside the subpoena power of the Court—or whether Plaintiffs will rely on her deposition testimony at trial. Accordingly, neither Defendants nor the Court know whether it is necessary to resolve Defendants' objections relating to her deposition testimony.[1]

This is not to say, as Plaintiffs argue, that the Court should "deny Uber's request to prevent Ms. Joshi from offering any *expert* testimony generally." Pl. Br. 5 (emphasis added). Ms. Joshi is not qualified to offer the opinions disclosed, and the Court can and should rule on whether she can be qualified as an expert prior to trial. But the fact that Ms. Joshi's testimony (or deposition designations) may present evidentiary issues of a different type is no defense to a motion to exclude expert testimony under Rule 702.

**II.   EXPERT TESTIMONY THAT UBER "OPERATES IN THE TRANSPORTATION INDUSTRY" REMAINS AN INADMISSIBLE LEGAL CONCLUSION.**

Experts are not permitted to opine on matters of law. *See, e.g., United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). Plaintiffs disclosed that Ms. Joshi will testify that Uber "operates in the transportation industry." Def. Ex. A at 4. Defendants moved to exclude this testimony as an improper legal conclusion because Plaintiffs are seeking to have Ms. Joshi offer an opinion on whether Uber is subject to 42 U.S.C. 12184 by virtue of being "primarily engaged in the business of transporting people." 42 U.S.C. § 12184(a); *see* Def. Br. 3–4.

Plaintiffs dispute whether deciding if Defendants are "primarily engaged in the business of

---

[1] As required under Civil Local Rule 7-3(c), Defendants include any other evidentiary objections to Plaintiffs' use of Ms. Joshi's deposition testimony in opposing summary judgment in Defendants' summary judgment reply brief.

transporting people" presents a pure legal question or a mixed question of law and fact. But this is a distinction without a difference. So long as Ms. Joshi is offering her opinion about the ultimate legal question, her testimony remains inadmissible even if the issue itself presents a mixed question of law and fact. *See e.g.*, *Estes v. Moore*, 993 F.2d 161, 163 (8th Cir. 1993) (affirming exclusion of proposed expert testimony that probable cause for an arrest did not exist because "[w]hile the existence of probable cause is a mixed question of law and fact, the ultimate conclusion is a question of law"). Ms. Joshi's conclusion about what industry Uber is in does not "interpret and analyze *factual* evidence," as an expert may properly do. *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (emphasis added). It is an improper legal opinion that must be excluded.

Plaintiffs' final argument that it would be unfair to permit Defendants to present non-expert testimony while excluding their expert witness is meritless. To be sure, lay witnesses also cannot testify as to legal conclusions. *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001). But Plaintiffs have not identified any proffered testimony from Defendants stating a conclusion of law. As far as evidence goes, all Plaintiffs can muster is a single phrase from the declaration of Defendants' lay witness, Niraj Patel in which he said something would be "a radical departure from Uber's business model." Pl Br. 7 (quoting *Crawford*, ECF No. 157). But that's not a legal conclusion, and Plaintiffs do not explain why it would be. Plaintiffs otherwise complain that Defendants make *legal arguments* in their legal briefs about "what business Uber is in." *See* Pl. Br. at 7 (referring to Defendants' motion for judgment on the pleading and the Court's ruling on the motion). Attorneys, unlike witnesses, are supposed to argue in favor of legal conclusions. The entire point of legal argument is to urge the Court to reach certain legal conclusions, as Plaintiffs have done repeatedly on the issue of whether Uber is subject to Section 12184. *See, e.g.*, *Crawford*, ECF No. 70 at 31-32 (arguing court cannot resolve whether Uber is subject to 12184 on the pleadings); *Crawford*, ECF No. 148 (arguing court should rule as a matter of law that Uber is subject to 12184).

Plaintiffs' disclosed opinion from Ms. Joshi is an inadmissible legal conclusion and should be excluded.

### III. PLAINTIFFS FAIL TO RESPOND TO DEFENDANTS' ARGUMENT THAT OPINIONS SPECIFIC TO NEW ORLEANS AND JACKSON WERE NOT PROPERLY DISCLOSED.

Plaintiffs disclosed that Ms. Joshi will testify at trial that "Uber has the capacity to provide WAV service." Ex. A at 4. Defendants pointed out in their motion that such a disclosure is insufficient to the extent Ms. Joshi will testify at trial that Defendants have the "capacity" to make a viable WAV option available in *New Orleans and Jackson* because the existence or basis of such an opinion was not properly disclosed. Def. Br. 4–5. Plaintiffs do not respond to this argument at all and therefore concede that Ms. Joshi should not be permitted to offer any opinions relating to New Orleans or Jackson. *See, e.g.*, *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197 (N.D. Cal. 2013) (deeming argument not addressed in opposition conceded).

If anything, Plaintiffs appear to agree that Ms. Joshi's opinions are limited to New York City. Plaintiffs claim they want to use her testimony regarding her experience in New York City to urge the factfinder "to draw inferences" about whether their actions the demand would work in New Orleans or Jackson. Pl. Br. 7; *see also id.* at 8 (arguing the issue relates to the "applicability of Ms. Joshi's opinions to New Orleans and Jackson"). As stated above, Defendants can address the admissibility of any of Ms. Joshi's non-expert testimony about her experience in New York City if and when that particular testimony is presented to the Court. At the appropriate time and place, Defendants can, and will, also dispute whether a reference to a 2009 song by Jay-Z is a sufficient proffer to show that New York City is a reasonable comparator to New Orleans and Jackson for the issued involved in this matter. *See* Pl. Br. 8 n.1. *But see Indep. Living Res. Ctr. San Francisco v. Lyft, Inc.*, 2020 WL 6462390, at *5 (N.D. Cal. 2020) ("[A] modification cannot merely be reasonable because it has been made in other geographic regions."). But Plaintiffs have not offered any rationale for why Ms. Joshi should be permitted to opine as an expert on whether Defendants can reasonably support a WAV marketplace in New Orleans or Jackson when that opinion, and the facts and analysis supporting such an opinion, were never disclosed. *See* Fed. R. Civ. P. 37(c)(1).

## IV. PLAINTIFFS CONCEDE THAT MS. JOSHI CANNOT TESTIFY ABOUT DEFENDANTS' INTENTIONS OR MOTIVES.

Defendants moved to exclude testimony from Ms. Joshi about Defendants' subjective intent or motives. Def. Br. 5; *see, e.g.*, *Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2037732, at *4 (N.D. Cal. 2008) ("[N]o expert of any kind will be allowed to speculate as to anyone's subjective intent or knowledge."). Plaintiffs do not dispute that an expert is not permitted to speculate on a company's motives or intent. Pl. Br. 9–10. However, in their initial disclosure, Plaintiffs represented that Ms. Joshi would do just that—*i.e.*, that "Ms. Joshi will testify that it is her opinion that Uber has the capacity to provide WAV service, but that Uber's failure / refusal to provide WAV service *stems from a desire to avoid the issue*, not from an inability to provide said service." Def. Ex. A at 4 (emphasis added).

Plaintiffs now admit they were wrong to include such an opinion in their disclosure and make a full retreat from it, claiming that Ms. Joshi will not testify "as to Uber's intent." Pl. Br. 9.

Yet, Plaintiffs seek to avoid an order excluding the very testimony they concede is inadmissible by arguing that an Uber employee, Mr. Patel, described what Uber "hoped" to do in a declaration. *Id.* This is not relevant to Defendants' motion, and it's also wrong. An outside *expert* cannot speculate about a company's motives because it would require an "ability to read minds." *Ningbo Bonny Decorative Material Co. v. E. Sys., Inc.*, 2020 WL 1333164, at *4 (N.D. Miss. 2020). But an employee with management responsibilities and personal knowledge, such as Mr. Patel, can testify about corporate intentions without reading anyone's mind. *See, e.g.*, *United States v. Siemens Corp.*, 621 F.2d 499, 508 (2d Cir. 1980); *cf.* Fed. R. Civ. P. 30(b)(6) (requiring designee to speak on behalf of a corporation). The Court should therefore preclude Ms. Joshi from offering the disclosed opinions about Uber's intent or motives.

## CONCLUSION

Meera Joshi's disclosed expert opinions should be excluded under Federal Rule of Evidence 702.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: June 16, 2021 | MORGAN, LEWIS & BOCKIUS LLP |
| | By: */s/ Anne Marie Estevez* |
| | Anne Marie Estevez |
| | Stephanie Schuster |
| | Patrick Harvey |
| | Kathy H. Gao |
| | *Attorneys for Defendants* |