MORGAN, LEWIS & BOCKIUS LLP
Anne Marie Estevez (*pro hac vice*)
600 Brickell Avenue, Suite 1600
Miami, FL 33131
T: (305) 415-3000
F: (305) 415-3001
annemarie.estevez@morganlewis.com

Stephanie Schuster (*pro hac vice*)
Patrick A. Harvey (*pro hac vice*)
1111 Pennsylvania Avenue NW
Washington, DC 20004
T: (202) 739-3000
F: (202) 739-3001
stephanie.schuster@morganlewis.com
patrick.harvey@morganlewis.com

Kathy H. Gao (CA Bar No. 259019)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T: (213) 612-2500
F: (213) 612-2501
kathy.gao@morganlewis.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>Defendants. | Case No. 3:17-cv-02664-RS<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY OF DR. JAMES COOPER UNDER FRE 702**<br><br>Hearing Date: July 15, 2021, 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Via Zoom |
| STEPHAN NAMISNAK and FRANCIS FALLS,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>Defendants. | Case No. 3:17-cv-06124-RS<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY OF DR. JAMES COOPER UNDER FRE 702**<br><br>Hearing Date: July 15, 2021, 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Via Zoom |

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

    I.    THE COURT SHOULD EXCLUDE DR. COOPER FROM TESTIFYING AS AN EXPERT NOW. ............................................................................................. 1

    II.    DR. COOPER CANNOT TESTIFY ABOUT THE FACTS OF THESE CASES BECAUSE HE LACKS PERSONAL KNOWLEDGE. .............................. 2

    III.    DR. COOPER CANNOT OFFER LEGAL CONCLUSIONS. ............................... 3

    IV.    DR. COOPER'S OPINION THAT A "POTENTIAL SUPPLY" OF WAV EXISTS REMAINS UNHELPFUL TO THE TRIER OF FACT. ........................... 5

    V.    DR. COOPER'S OPINION ABOUT THE REASONABLENESS OF PLAINTIFFS' MODIFICATION STILL FAILS FOR ADDITIONAL REASONS. ................................................................................................................ 6

CONCLUSION ................................................................................................................................ 7


**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*640 Octavia, LLC v. Pieper*,
  2019 WL 1201581 (N.D. Cal. 2019) ........................................................................... 6

*A.L. by & through D.L. v. Walt Disney Parks & Resorts, Inc.*,
  469 F. Supp. 3d 1280 (M.D. Fla. 2020) ..................................................................... 3

*Bailey v. Bd. of Comm'rs.*,
  484 F. Supp. 3d 346 (E.D. La. 2020) ......................................................................... 3

*Cardenas v. Whittemore*,
  2013 WL 497864 (S.D. Cal. 2013) ............................................................................ 1

*CIT Gr./Bus. Credit, Inc. v. Graco Fishing & Rental Tools., Inc.*,
  815 F. Supp. 2d 673 (S.D.N.Y. 2011) ........................................................................ 2

*Estes v. Moore*,
  993 F.2d 161 (8th Cir. 1993) ..................................................................................... 4

*Focal Point Films, LLC v. Sandhu*,
  2020 WL 5760355 (N.D. Cal. 2020) .......................................................................... 3

*Fortyune v. Am. Multi-Cinema, Inc.*,
  364 F.3d 1075 (9th Cir. 2004) ................................................................................... 7

*Harris v. Vector Mktg. Corp.*,
  656 F. Supp. 2d 1128 (N.D. Cal. 2009) ..................................................................... 4

*Hiramanek v. Clark*,
  2016 WL 687974 (N.D. Cal. 2016) ............................................................................ 3

*Johns v. Bayer Corp.*,
  2013 WL 1498965 (S.D. Cal. 2013) .......................................................................... 2

*Lucido v. Nestle Purina Petcare Co.*,
  217 F. Supp. 3d 1098 (N.D. Cal. 2016) ................................................................. 6, 7

*Seaboard Lumber Co. v. United States*,
  308 F.3d 1283 (Fed. Cir. 2002) ................................................................................. 1

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  2008 WL 2323856 (N.D. Cal. 2008) .......................................................................... 2

*UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*,
  949 F.3d 825 (3d Cir. 2020) ...................................................................................... 1

*United States v. Diaz*,
    876 F.3d 1194 (9th Cir. 2017) .................................................................................... 3, 4

*United States v. Rockwell Space Ops.*,
    2002 WL 864246 (S.D. Tex. 2002) .................................................................................. 7

**Statutes**

42 U.S.C. 12182 §(b)(2)(A)(ii) ................................................................................................. 4

42 U.S.C. 12184(b)(2)(A) ........................................................................................................ 4

42 U.S.C. § 12184(a) ................................................................................................................ 4

42 U.S.C. § 12184(b)(2)(A) ..................................................................................................... 4

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ....................................................................................................... 2

Fed. R. Evid. 602 ..................................................................................................................... 2

Fed. R. Evid. 702(a) ................................................................................................................. 6

Fed. R. Evid. 704, notes of advisory committee on proposed rule ........................................... 4

**INTRODUCTION**

Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC moved to exclude testimony from Dr. James Cooper from offering the four expert opinions included in his expert report. Plaintiffs insist that even though they rely on Dr. Cooper's expert report at summary judgment, the plain inadequacy of his opinions can be dealt with at trial. These inadmissible opinions should be addressed now, and Plaintiffs have failed to show that any of Dr. Cooper's opinions, including those Plaintiffs rely on at summary judgment, are admissible under Federal Rule of Evidence 702. Accordingly, the Court can and should exclude Dr. Cooper as an expert witness now, while the issue is squarely presented to the Court.

**ARGUMENT**

**I.  THE COURT SHOULD EXCLUDE DR. COOPER FROM TESTIFYING AS AN EXPERT NOW.**

The Court ordered the parties to file *Daubert* motions with their motions for summary judgment. *See Crawford*, ECF No. 136 at 2. Consistent with this order, Defendants filed their motions to exclude the expert opinions of Plaintiffs' disclosed experts, including Dr. Cooper. *Crawford*, ECF Nos. 152, 154; *Namisnak*, ECF Nos. 122, 124. Yet, Plaintiffs now urge the Court to avoid acting as a gatekeeper because, if the case proceeds to trial, it will be a bench trial.

There's no reason to put off ruling on Defendants' Rule 702 motions. "Rule 702 applies whether the trier of fact is a judge or a jury." *UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 832 (3d Cir. 2020); *see also Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002) (explaining *Daubert* relevance and reliability standards "must nevertheless be met" in bench trials). Plaintiffs expressly rely on Dr. Cooper's opinions in seeking and opposing summary judgment. *E.g.*, *Crawford*, ECF No. 148 at 29 ("Plaintiffs' retained expert, Dr. James Cooper, performed a comprehensive review and determined that Uber is primarily engaged in the business of transporting people.")). Accordingly, the Court can and should decide now whether Dr. Cooper is qualified under Rule 702 to offer the opinions disclosed in his report. *See, e.g.*, *Cardenas v. Whittemore*, 2013 WL 497864, at *1 (S.D. Cal. 2013) (excluding expert witness offering legal conclusions in a bench trial even though "the introduction of inadmissible

evidence is not so serious a problem as it would be in a jury trial"); *CIT Gr./Bus. Credit, Inc. v. Graco Fishing & Rental Tools., Inc.*, 815 F. Supp. 2d 673, 678 (S.D.N.Y. 2011) (granting motion to exclude from bench trial an expert's testimony giving his legal conclusion).

**II.   DR. COOPER CANNOT TESTIFY ABOUT THE FACTS OF THESE CASES BECAUSE HE LACKS PERSONAL KNOWLEDGE.**

Dr. Cooper is not a percipient witness with knowledge of facts relevant to these actions. Other than certain legal decisions and statutes, the "facts or data" Dr. Cooper considered in forming his opinions are pleadings and documents exchanged by the parties in discovery in this case. Def. Ex. A ("Report") at 28–30. He is a retained expert who Plaintiffs' expressly recruited to provide expert opinion testimony, and Plaintiffs' disclosed him as such an expert. *See* Report; Fed. R. Civ. P. 26(a)(2)(B) (requiring a witness who is "retained or specially employed to provide expert testimony in the case" to provide a written report). Dr. Cooper was paid $8,000 for drafting his report, and Plaintiffs will pay him $200 per hour for any additional work. Report 6. Dr. Cooper, beyond a doubt, is Plaintiffs' hired gun.

Nevertheless, Plaintiffs seek to avoid exclusion by arguing that Dr. Cooper should be permitted to testify at trial about facts such as "[t]he corporate structure of Uber and its subsidiaries" and "Uber's use of call centers as an alternative to an in-app booking." Pl. Br. 4. In Plaintiffs' telling, "[i]t will be helpful for the Court to learn, from a renowned transportation expert, about Uber's control of operational parameters, its setting of fares, its use of dynamic pricing, materials that have been learned through court cases, and statements by Uber, its board members, and its subsidiaries." Pl. Br. 6. Such testimony would not be helpful to the Court and should be excluded as well. Plaintiffs are attempting to spoon-feed "lawyer-orchestrated 'facts' to [Dr. Cooper] who then 'relies' on the information to express an opinion." *Therasense, Inc. v. Becton, Dickinson & Co.*, 2008 WL 2323856, at *1 (N.D. Cal. 2008). This tactic is "[o]ne of the worst abuses in civil litigation," *id.*, and should not be tolerated here.

Absent expert qualification, Dr. Cooper cannot testify about facts for which he lacks personal knowledge. *See* Fed. R. Evid. 602; *Johns v. Bayer Corp.*, 2013 WL 1498965, at *28 (S.D. Cal. 2013) ("[T]o the extent an expert simply rehashes "otherwise admissible evidence about which

he has no personal knowledge, such evidence-taken on its own-is inadmissible.". Dr. Cooper cannot be offered, as Plaintiffs propose, "solely for the purpose of constructing a factual narrative based on record evidence." *Focal Point Films, LLC v. Sandhu*, 2020 WL 5760355, at *7 (N.D. Cal. 2020).

### III.   DR. COOPER CANNOT OFFER LEGAL CONCLUSIONS.

Experts are not permitted to opine on matters of law. *See, e.g., United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (Ninth Circuit has "repeatedly affirmed" that experts may not provide a legal conclusion). Plaintiffs admit that two of Dr. Cooper's opinions—that TNCs "have a duty to provide accessibility under the meanings of the Americans with Disabilities Act" (Report 25) and that a failure to comply with a "[s]ection 37.105 of the ADA … constitutes a breach of disability legislation" (*id.* at 10)—are inadmissible legal conclusions. Pl. Br. 7. The Court should hold Plaintiffs to that admission and exclude testimony from Dr. Cooper offering those opinions.[1]

Defendants also moved to exclude the following opinions from Dr. Cooper's report as improper legal conclusions: (i) "Uber is a transportation company, primarily engaged in the business of transporting people," Report 25; (ii) "the inclusion of UberWAV does not fundamentally alter the nature of Uber's goods/services," *id.*; and (iii) "the reasonable approach for Uber would indeed be to provide UberWAV in both cities," *id.* at 28. *See* Def. Br. 3–6. Plaintiffs argue these opinions cannot be legal conclusions because, they claim, the issues present either mixed questions of law and fact or a question of fact.

As an initial matter, any *conclusion* by the Court about whether Plaintiffs' proposed modification is reasonable or would fundamentally alter the nature of Defendants' business would require the Court to make conclusions of law. *See, e.g., A.L. by & through D.L. v. Walt Disney Parks & Resorts, Inc.*, 469 F. Supp. 3d 1280, 1305 (M.D. Fla. 2020) (discussing reasonableness of modification and fundamental alteration defense in "conclusions of law" section after bench trial); *Bailey v. Bd. of Comm'rs*, 484 F. Supp. 3d 346, 425 (E.D. La. 2020) (same); *Hiramanek v. Clark*,

---

[1] Dr. Cooper's testimony is prime example of why testimony as to legal conclusions is inadmissible. For instance, "section 37.105 of the ADA" is not a section of the ADA. It is a regulation (49 C.F.R. § 37.105) that reflects a definition. It does not impose obligations of its own force or state which entities if any must provide equivalent service.

2016 WL 687974, at *7 n.11 (N.D. Cal. 2016) (sustaining objection to testimony about whether CourtCall services "fundamentally alter the nature of the services by the Superior Court" because the question "called for a legal conclusion");

This is not unusual to the ADA because even questions imbued, or wholly consumed by, factual findings require conclusions of law. *See e.g.*, *Estes v. Moore*, 993 F.2d 161, 163 (8th Cir. 1993) ("While the existence of probable cause is a mixed question of law and fact, the ultimate conclusion is a question of law."); *Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1136 (N.D. Cal. 2009) ("The existence and degree of each factor is a question of fact while the legal conclusion to be drawn from those facts—whether workers are employees or independent contractors—is a question of law.").

In this way, determining whether an expert is offering an opinion on an ultimate issue of law depends not on the standard of review on appeal (or who must decide the question if the factfinder is a jury), but on the fundamental nature of the testimony. Thus, [w]hen an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." *Diaz*, 876 F.3d at 1197.

That's exactly what Dr. Cooper seeks to do here. To be subject to Section 12184, the Court must *conclude* that, among other things, Defendants are "primarily engaged in the business of transporting people." 42 U.S.C. § 12184(a). To find a violation of 42 U.S.C. 12184(b)(2)(A), the Court must *conclude* that meeting Plaintiffs' demanded outcomes would be reasonable and that doing so would not "fundamentally alter the nature" of Defendants' business. 42 U.S.C. § 12184(b)(2)(A); 42 U.S.C. 12182 §(b)(2)(A)(ii). With these opinions, Dr. Cooper wants to do nothing more than "tell the [Court] what result to reach." Fed. R. Evid. 704, notes of advisory committee on proposed rule. Such opinions are legal conclusions and should be excluded. *See e.g.*, *Diaz*, 876 F.3d at 1197.[2]

---

[2]  As further explained in Defendants' reply brief in further support of their motion to exclude the testimony of Meera Joshi, Plaintiffs' assertions of unfairness about Defendants presenting non-expert testimony "about what business Uber is in" (Pl. Br. 6) cannot make Dr. Cooper's opinions admissible. Indeed, Plaintiffs failed to identify any lay testimony offered by Defendants that included an improper legal conclusion.

### IV.  DR. COOPER'S OPINION THAT A "POTENTIAL SUPPLY" OF WAV EXISTS REMAINS UNHELPFUL TO THE TRIER OF FACT.

In his report, Dr. Cooper claimed he would opine that a "potential supply" of WAVs "can exist" in New Orleans and Jackson.  Report 26.  The only record fact Dr. Cooper cited to support this hypothetical-upon-hypothetical statement was from Defendants' letter (in response to their demands about this case) referring Plaintiffs to other WAV transportation providers in their cities. *See id*.  Defendants moved to exclude this opinion on two independent grounds: (i) the opinion is disconnected from the outcomes Plaintiffs claimed they wanted, and (ii) the opinion is unhelpful to resolving any fact at issue because there was no dispute that there could be a "potential" supply of WAVs in New Orleans or Jackson—only whether the supply is sufficient to meet any of the vague outcomes Plaintiffs have demanded at various times, such as WAV service that is "equivalent." Def. Br. 5–6.

Plaintiffs respond by saying they no longer want the service that meets the equivalency standard of 49 C.F.R. § 37.105, as they demanded in their complaint,[3] interrogatory responses,[4] and deposition testimony.[5]  They point to testimony in which Plaintiff Stephan Namisnak testified that he wants "equivalency of service within a roughly similar time that I can reliably get a car and get, you know, where I am to where I need to be."  Pl. Br. 12 (quoting DSJ. Ex. C at 56:18–58:3).

Plaintiffs' abandonment does not make Dr. Cooper's supposition that there can be a "potential supply" of WAVs in New Orleans or Jackson helpful to the Court.  Plaintiffs don't even try to defend that opinion on its own.  Rather they reach into the "Definitions" section of Dr. Cooper's report, in which Dr. Cooper said "[a] relationship exists both between nascent demand, surpassed [sic] demand and developing supply."  Report 11; *accord* Pl. Br. 8 (fixing the typo).  To the extent Dr. Cooper is trying to say that in theory there could be a virtuous cycle in which supply and demand for WAV rides reinforce each other, Dr. Cooper has not demonstrated that he is qualified to offer that opinion or why such theoretical supposition is helpful when it is neither

---

[3]  *Crawford*, FAC ¶¶ 69, 73, 74 (ECF No. 135); *Namisnak,* SAC ¶¶ 70, 75 & Ex. E (ECF No. 92).
[4]  DSJ Ex. E (Namisnak Resp. to Interrog. No. 2); DSJ Ex. F (Falls Resp. to Interrog. No. 2); DSJ Ex. G (Crawford Resp. to Interrog. No. 2.
[5]  DSJ Ex. C at 56:18–58:3; DSJ Ex. D at 62:12–13, 67:22–68:2; DSJ Ex. E at 57:13–52:2, 59:7–15, 62:6–18.

grounded in nor tethered to any actual facts. To offer an opinion based on his experience, Dr. Cooper needed to "explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Lucido v. Nestle Purina Petcare Co.*, 217 F. Supp. 3d 1098, 1102 (N.D. Cal. 2016) (citing Fed. R. Evid. 702, 2000 Advisory Committee Notes). Dr. Cooper failed to disclose any experience with WAV markets, how his experience permits him to opine on how supply affects demands in those markets, and any evidence of a self-reinforcing supply and demand of WAVs occurring anywhere in the world to support the (apparent) conclusion in the Definitions section of his report. He offers only his say-so that such things can "potentially" happen. That's not enough to be qualified as an expert under FRE 702. *See, e.g.*, *640 Octavia, LLC v. Pieper*, 2019 WL 1201581, at *2 (N.D. Cal. 2019) (Rule 702 requires more than simply "taking the expert's word for it").

## V. DR. COOPER'S OPINION ABOUT THE REASONABLENESS OF PLAINTIFFS' MODIFICATION STILL FAILS FOR ADDITIONAL REASONS.

In addition to the fact that it's a legal conclusion, *see supra* pp. 3–4, Defendants moved to exclude Dr. Cooper's opinion that offering WAV in New Orleans and Jackson would be a "reasonable approach" for three, independently sufficient reasons. Plaintiffs fail to refute Defendants' arguments on any of these points.

*First*, Dr. Cooper's opinion did not fit with the facts of these cases because he did not consider whether it would be "reasonable" to provide equivalent service based on an analysis of the cost and benefits. Def. Br. 6. Plaintiffs again reiterate that they are abandoning their claim, stated expressly in their complaint and throughout the litigation, for equivalent service or a fleet of up to 60 Drivers. Pl. Br. 9 (calling Defendants' claim that Plaintiffs seek nothing less than "equivalent service and up to 60 WAV Drivers" as a "complete fabrication of Plaintiff's [sic] position"). But Dr. Cooper did not describe and focus on what Plaintiffs *are currently demanding* to make his "reasonable approach" conclusion. So his opinion is unhelpful to the trier of fact. *See* Fed. R. Evid. 702(a).

*Second*, Defendants showed that Dr. Cooper failed to explain how his experience led to his conclusion about the reasonableness of the modification, why that experience is a sufficient basis

for his reasonableness opinion, and how his experience was reliably applied to the facts. Def. Br. 7; s*ee Lucido*, 217 F. Supp. 3d at 1102. Plaintiffs' only response is to say that Dr. Cooper has performed some level of cost modeling by citing some report Dr. Cooper co-wrote regarding taxi tariffs in Edinburgh. *See* Pl. Br. 9.[6] But whatever cost modelling regarding taxi tariffs in Scotland Dr. Cooper completed has nothing to do with his ability to draw any conclusions about the reasonableness of Plaintiffs' demanded modifications. Plaintiffs have not demonstrated that Dr. Cooper is qualified to offer any opinions on what is reasonable as it relates to the issues in this case.

*Finally*, and relatedly, Defendants showed that Dr. Cooper's opinion on reasonableness was not "based on sufficient facts or data" under FRE 702(c) because he failed to identify and then consider the costs to Uber to make any such modification—a necessary factor when determining reasonableness. Def. Br. 7; *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1083 (9th Cir. 2004) (reasonableness inquiry concerns, *inter alia*, "the cost to the organization that would implement it"). Plaintiffs' response is to explain that Dr. Cooper looked at *other* documents and *other sources* and "provide[d] explanation of numerous relevant transportation issues." Pl. Br. 10. But Dr. Cooper never acknowledged what Uber represented it would cost Uber to meet Plaintiffs' demands nor opined on what he thinks those costs would be (or if they would differ from Uber's numbers). Whatever leeway experts have to decide what facts or data to review in offering an opinion, Dr. Cooper's decision to ignore the only testimony and documents related to the cost to Uber is so egregious as to fail Rule 702(c)'s requirement to base an opinion on "sufficient facts or data." *See, e.g.*, *United States v. Rockwell Space Ops.*, 2002 WL 864246, at *12 (S.D. Tex. 2002) (excluding expert's testimony when it was not supported "by any objective, data, studies, or sampling techniques").

## CONCLUSION

Dr. James Cooper's expert testimony should be excluded under Rule 702.

---

[6] These are the publications Plaintiffs cite: Cooper, J., Carreno, M., Saleh, W. and Smyth, A. (2002) Edinburgh Taxi Tariff Review. Report 1 - Technical Report Cost Model; Report 2 - Analytical Report, Economic Analysis, Quality Review; Report 3 - Project Report, Tariff Table Recommendations; Executive Summary. Report to City of Edinburgh Council, May. Report 7. To the extent Plaintiffs believe they are relevant, they did not produce them in discovery.

Dated: June 16, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Anne Marie Estevez*
    Anne Marie Estevez
    Stephanie Schuster
    Patrick Harvey
    Kathy H. Gao

*Attorneys for Defendants*