UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 17-cv-02664-RS<br><br>**ORDER REGARDING SEALING MOTIONS** |
| STEPHAN NAMISNAK and FRANCIS FALLS,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 17-cv-06124-RS<br><br>**ORDER REGARDING SEALING MOTIONS** |

Ten separate motions to file under seal are pending. (Dkts. 145, 146, 147, 153, 155, 169, 173, 176, 182, 186). They relate to the parties' upcoming cross-motions for summary judgment and various *motions in limine*. In support of their motions, the parties have correctly noted the general principles reflected in Civil Local Rule 79-5, and the "importance of public access to documents." At the same time, Defendants have not explained how the particular documents they designate are confidential. For example, in Plaintiffs' first three (related) motions to seal, they identify portions of their motion for summary judgment and twenty-six related exhibits designated

confidential by Defendants. Dkts. 145, 146, 147. In their responsive declaration, Defendants lump together by topic (WAV pilot, Xchange Leasing, Advanced Technology Group) the documents sought to be sealed, but do not identify which documents address which topics. They contend documents related to the WAV pilot are highly confidential and proprietary because they include "current and future plans, market research, cost projections, methods, techniques, and processes" and that Defendants would suffer competitive harm if they were released. Documents related to Xchange Leasing are described only as containing "sensitive non-public information" regarding "private details of Xchange's prior business." Documents related to Advanced Technology Group are similarly labeled "sensitive, confidential, and non-public" because they reveal "the number of vehicles [Advanced Technology Group] owned at one point of [sic] time." The provided explanations portray these documents as merely routine business records. Defendants must provide more persuasive reasons to hide information, especially when it bears on the merits of dispositive motions, from the public in a civil rights case like this one.

Defendants have furthermore not provided a proposed order indicating specifically which documents, or portions thereof, they seek to have sealed. Instead, they indicate Plaintiffs have over-redacted their motion and attach a copy of the motion with their proposed sealing in black, making it is impossible to evaluate what they would seal, and without any mechanism to track what changes have been made. While some of this information may warrant sealing, Defendants have not made nearly the required showing.

Most of the other motions suffer from the same problem. Accordingly, within 10 days following the hearing on the cross-motions for summary judgment, the parties shall engage in meet and confer negotiations to attempt to agree on the narrowest possible sealing order, and shall jointly submit such a proposed order, and any supplemental declarations, within 5 days thereafter. The proposed order shall clearly identify any documents, or portions thereof, that the parties agree should be filed under seal, and concisely state the basis for such sealing. To the extent the parties are unable to reach agreement as to the propriety of sealing any particular material, the proposed order should include brackets or other indications sufficient to evaluate the dispute and enter the

proposed order by accepting or rejecting the bracketed language. The proposed order should be one document which will dispose of all ten sealing motions identified above.

**IT IS SO ORDERED**.

Dated: July 12, 2021

_____
RICHARD SEEBORG
Chief United States District Judge