1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT CRAWFORD,

Plaintiff,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No. 17-cv-02664-RS

**ORDER GRANTING MOTION FOR
LEAVE TO AMEND COMPLAINT**

STEPHAN NAMISNAK, et al.,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No. 17-cv-06124-RS

**ORDER GRANTING MOTION FOR
LEAVE TO AMEND COMPLAINT**

## I. INTRODUCTION

Plaintiffs are three people using motorized wheelchairs who asked Defendants Uber Technologies, Inc. and its subsidiary Rasier, Inc. (collectively "Defendants" or "Uber") to provide wheelchair-accessible vehicle ("WAV") service ("UberWAV") in their home cities of New Orleans, Louisiana and Jackson, Mississippi. After Uber declined, Plaintiffs brought this suit accusing Uber of violating the Americans with Disabilities Act ("ADA").

The court granted summary judgment to Uber as to Plaintiffs' claim under ADA

1    subsection 42 U.S.C. § 12184(b)(1), for failure to include that subsection in the operative

2    complaint. Plaintiffs now move for leave to amend the complaint specifically to name subsection

3    (b)(1). Uber opposes the motion, arguing prejudice to Uber, undue delay, and bad faith by

4    Plaintiffs. Although this claim was not properly pled in Plaintiffs' previous operative complaints,

5    the same theory underlying the subsection (b)(1) claim is part of Plaintiffs' claim under another

6    subsection of the same ADA provision, § 12184(b)(2). Thus, Uber has been on notice of the

7    theory and the facts supporting the Plaintiffs' allegations. As such, amendment does not unfairly

8    prejudice Uber, and the motion for leave to file an amended complaint is granted.

9                            **III. Factual and Procedural Background**

10       Following discovery, Plaintiffs moved for summary judgment on their ADA claims relying

11   on three subsections of 42 U.S.C. § 12184(a).  First, they alleged that Uber imposed "eligibility

12   criteria that screen[ed] out or tend[ed] to screen out an individual with a disability or [a] class of

13   individuals with disabilities from fully enjoying the specified public transportation services[.]" *Id.*

14   § 12184(b)(1). In support of this argument, they explained that Uber did not permit WAV drivers

15   to drive for UberWAV in New Orleans and Jackson. Second, they contended that Uber had

16   purchased "a new van . . . that is not readily accessible to or usable by individuals with

17   disabilities" without providing "a level of service to such individuals equivalent to the level of

18   service provided to the general public." *Id.* § 12184(b)(5). Third, they claimed Uber failed to

19   "make reasonable modifications consistent with those required under section 12182(b)(2)(A)(ii)."

20   Uber cross-moved for summary judgment.

21       On August 26, 2021, this court granted in part and denied in part the parties' motions for

22   summary judgment. Crawford Dkt. 197. Among other issues, the court ruled that subsection (b)(1)

23   could not afford a basis for relief, as Plaintiffs had not pled that subsection in their operative

24   complaints. The court further ruled that Plaintiffs could not recover under section (b)(5) because

25   their reading of the statute was not viable. In contrast, the court concluded that the (b)(2) claim,

26   concerning reasonable modifications, must be put to a factfinder, and denied the cross-motions for

summary judgment. On September 7, 2021, Plaintiffs filed their motion for leave to amend the complaint to add a claim under subsection (b)(1). Crawford Dkt. 202.

### III. Legal Standard

A party may amend its pleadings with the leave of the court, which should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Federal Rules . . . accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Forman v. Davis*, 371 U.S. 178, 181–82 (1962) (internal quotation marks and citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[C]onsideration of prejudice to the opposing party [] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### IV. Discussion

As a threshold matter, Uber argues that the court ruled on the merits of the subsection (b)(1) claim, and thus Plaintiffs must seek reconsideration of the summary judgment order. The court did not rule on the merits of the claim, and thus this issue is properly considered via a motion for leave to amend the operative complaints.

As for consideration of the relevant factors, some of the factors point readily in the Plaintiffs' favor. Uber alleges that Plaintiffs have acted in bad faith because they should have known they needed to plead the specific subsection, making references to "gamesmanship" and a "dilatory motive," but do not explain why Plaintiffs would have strategically left out reference to the subsection.  Crawford Dkt. 210 at 6. It is unclear why Plaintiffs would strategically fail to add this claim until the summary judgment motion, given the risks of doing so. As for futility, courts generally "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO.  17-cv-02664-RS
CASE NO.  17-cv-06124-RS

United States District Court
Northern District of California

United States District Court
Northern District of California

The factors of undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint present a closer call. Central to the consideration of these factors is the relationship between the proposed (b)(1) claim and the (b)(2) claim that will be litigated at trial, along with the facts the parties indicate will underlie each claim.

In arguing the question of prejudice, Uber correctly notes that a complaint "guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Defendants correctly point out that Plaintiffs never cited to subsection (b)(1) in their operative complaints, and thus argue they were not on notice of Plaintiffs' (b)(1) claim. Plaintiffs argue that by stating in their complaints that WAV drivers in non-WAV cities were "told that they cannot participate," Namisnak Dkt. 86 ¶ 103; Crawford Dkt. 135 at ¶ 109, they have adequately met the notice pleading requirement of Federal Rule of Civil Procedure 8, as a complaint need not "pin plaintiff's claim for relief to a precise legal theory," *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Concerns about adequate notice, however, are mitigated when the party was already on notice of the theory being pursued, and had motivation to defend against that theory. Here, even if Uber was not on notice that Plaintiffs planned to pursue subsection (b)(1) as a separate claim, Uber was nonetheless on notice of the theory underlying the claim, because that theory was part of the properly pled (b)(2) claim. As noted in the summary judgment order, the subsection (b)(1) claim is "adjacent" to their other claims. Crawford Dkt 197. at 11. Plaintiffs explain that evidence Uber screened out WAV drivers from participating in UberWAV in New Orleans and Jackson will be used at trial for the (b)(2) claim, to refute an argument from Uber that there is not a sufficient supply of WAVs in those cities for Uber to be able to provide UberWAV service. Plaintiffs pursued this theory in discovery, including in the Rule 30(b)(6) deposition. Additionally, concerns about lingering prejudice may also be addressed by allowing Uber to conduct limited additional discovery.

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT
CASE NO. 17-cv-02664-RS
CASE NO. 17-cv-06124-RS

United States District Court
Northern District of California

1    Uber also argues there has been undue delay, especially because the court has now

2    scheduled trial for January 2022. Had Plaintiffs now sought to include a claim wholly untethered

3    from their other claims, pursuing leave to amend at this date might constitute undue delay.

4    Plaintiffs, however, have included the allegations underlying their subsection (b)(1) claim in the

5    prior operative complaints, and have indicated a belief that they had properly noticed the (b)(1)

6    claim through those pleadings. Although the proposed amendment comes late in the overall

7    timeline of this litigation, plaintiffs have promptly sought leave to amend following the decision

8    on summary judgment that the subsection (b)(1) claim was not properly included in the prior

9    operative complaints.

10    As for prior opportunities for leave to amend the complaint, Uber correctly notes that both

11    sets of Plaintiffs have previously amended their complaints. This factor—as well as the other

12    factors that may incline in Uber's favor—are outweighed when considering the goals of the

13    Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure "effectively abolish[ed]

14    the restrictive theory" of the prior pleadings doctrine. *Johnson v. Cty of Shelby, Miss.*, 574 U.S.

15    10, 12 (2014) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1219, p. 277–

16    278 (3d ed. 2004)). Barring Plaintiffs from amending their complaint to state a claim under

17    subsection (b)(1), when the legal theory and facts to support that claim have been explored in

18    discovery for the claim under subsection (b)(2), does not comport with the goal of the Federal

19    Rules of Civil Procedure to remove restrictive standards for pleadings. When considering the

20    relevant factors, and weighing the relatively little prejudice to Uber most heavily among those

21    factors, allowing leave to amend is in the interest of justice.[1]

### V. Conclusion

23    Plaintiffs' motion for leave to file an amended complaint is granted.

---

[1] Uber's request for Plaintiffs to pay attorney's fees associated with Uber's post-amendment discovery and motions practice, Crawford Dkt. 210 at 7 n.3; Namisnak Dkt. 172 at 7 n.3, is denied.

1   **IT IS SO ORDERED**.

2

3   Dated: October 18, 2021

4   _____

5   RICHARD SEEBORG
    Chief United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT
     CASE NO. 17-cv-02664-RS

28   CASE NO.  17-cv-06124-RS

6