William Most (CA # 279100)
AQUA TERRA AERIS LAW GROUP
4030 Martin Luther King Jr. Way
Oakland, CA 94609
T: (650) 465-5023
williammost@gmail.com

Karla Gilbride (CA # 264118)
PUBLIC JUSTICE, P.C.
1620 L St. NW, Ste. 630
Washington, DC 20036
T: 202-797-8600
kgilbride@publicjustice.net

Garret S. DeReus (LA # 35105)*
Andrew D. Bizer (LA # 30396)*
*Admitted pro hac vice
Bizer & DeReus, LLC
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
gdereus@bizerlaw.com
andrew@bizerlaw.com

Attorneys for Plaintiffs Scott Crawford,
Stephan Namisnak, and Francis Falls
*Additional Counsel Listed on Signature Block*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SCOTT CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>Defendants. | Case No. 3:17-cv-02664-RS<br><br>JOINT PRETRIAL STATEMENT AND PROPOSED ORDER |
| STEPHAN NAMISNAK and FRANCIS FALLS,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>Defendants. | Case No. 3:17-cv-06124-RS<br><br>JOINT PRETRIAL STATEMENT AND PROPOSED ORDER |

**JOINT PRETRIAL STATEMENT AND PROPOSED ORDER**

Plaintiffs Stephan Namisnak, Francis Falls, and Dr. Scott Crawford and Defendants Uber Technologies, Inc. and Rasier, LLC jointly submit this Pretrial Statement and Proposed Order in accordance with this Court's Standing Order for Bench Trials and the Scheduling Order.

**A.      Substance of the Action.**

The parties could not come to an agreement about a joint statement regarding the substance of the action, so each side sets forth their positions below.

I.      <u>By Plaintiffs:</u>

Plaintiffs are individuals with disabilities who use motorized wheelchairs in New Orleans, Louisiana and Jackson, Mississippi. Dr. Crawford lives in Jackson, Mississippi; Mr. Namisnak and Mr. Falls live in New Orleans, Louisiana.

In some other U.S. cities, Defendants Uber Technologies, Inc. and Rasier, LLC (collectively "Uber") provide access to wheelchair accessible vehicles ("WAVs") through an option on their smartphone platform called UberWAV. But Uber does not offer UberWAV in New Orleans or Jackson. No WAVs are accessible through Uber's transportation system in those cities. Because of this, Plaintiffs are not able to use Uber's transportation system at all in their home cities.

When Plaintiffs asked Uber to modify its policies and provide UberWAV to their cities, Uber refused. Plaintiffs sued under the Americans with Disabilities Act, alleging that Uber's refusal to make its system accessible to Plaintiffs violates the law.

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce." 42 U.S.C. § 12184(a).

Plaintiffs bring two Title III claims that are ready for trial. First, they contend that Uber imposed "eligibility criteria that screen[ed] out or tend[ed] to screen out an individual with a disability or [a] class of individuals with disabilities from fully enjoying the specified public transportation services[.]" *Id.* § 12184(b)(1). Specifically, because most WAVs are vans with aftermarket alterations, Plaintiffs contend Uber's explicit prohibition of the use of vans and aftermarket seating modifications, and its minimum seat rule, for vehicles used to provide UberX rides in both Jackson and New Orleans "screen out . . . [a] class of individuals with disabilities" from participating in Uber's transportation service as either drivers or riders.

Second, Plaintiffs contend that Uber failed to "make reasonable modifications consistent with those required under section 12182(b)(2)(A)(ii)," which in turn requires "reasonable modifications in policies, practices, or procedures, when such modifications are necessary . . . unless the entity can demonstrate that making such modifications would fundamentally alter the nature" of the goods or services provided. Id. § 12184(b)(2).

Several issues have already been resolved in pretrial decisions by this Court, including that:

- Uber is an entity covered by Title III of the ADA because it is an entity that is "primarily engaged in the business of transporting people and whose operations affect commerce." R. Doc. 197 at 7-10.

- Plaintiffs have standing to bring their 42 U.S.C. § 12184(b)(2) claim. *Id*. at 6.

- Uber's prohibitions of the use of vans and aftermarket seating modifications in UberX rides in Jackson and New Orleans are "undoubtedly obstacles to the provision of accessible service." *Id.* at 11.

- WAV service could be a "'reasonable modification' under § 12184(b)(2)." *Id*. at 13-15.

- Uber is wrong to contend that Plaintiffs' requests are "outcomes" rather than "modifications." *Id.*

Thus, the trial will focus primarily on two issues. First, the trial will determine whether Uber's explicit prohibitions of the use of vans and aftermarket seating, and its minimum seat rule,

which this Court held are "undoubtedly obstacles to the provision of accessible service," constitute eligibility criteria that "screen[ed] out or tend[ed] to screen out an individual with a disability or [a] class of individuals with disabilities from fully enjoying the specified public transportation services[.]" 42 U.S.C. § 12184(b)(1).

Second, the trial will determine whether Plaintiffs' proposed modifications are reasonable. That is a "fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it." R. Doc. 197 at 15-16, *quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1083 (9th Cir. 2004)*. This Court held that "it is clear Plaintiffs are asking Uber to "provide WAV service" akin to the service provided in other cities." R. Doc. 197 at 16. This Court recognized that Plaintiffs have proposed a range of potential reasonable modifications Defendants could make to achieve that end, including:

- Contracting with "a commercial fleet operator, such as MV Transportation ("MVT"), to bring more accessible vehicles and drivers." *Id*. at 18.

- Applying an "accessibility fee" of 3–4 cents per trip that could "fully fund" the WAV program. *Id*.

- Using "incentives, such as a sign-up bonus or a reduction in fees, to entice drivers to drive WAVs." *Id*. at 19.

- Implementing a "return to a leasing model Uber used in the past. Under its agreement with subsidiary XL, XL would pay an auto manufacturer $43,000 for a WAV, which Uber would then lease to a driver, subsidizing part of the lease." *Id*. at 19-20.

Should Plaintiffs prevail at trial, this Court would be asked to fashion an injunction to remedy Uber's violations of law. At that stage, the Court could consider Plaintiffs' proposed modifications, but would not be limited to them as it is well-established that equitable relief is flexible and intended to be tailored to the circumstances. *E.g., Lemon v. Kurtzman*, 411 U.S. 192,

199–201, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973); *Hecht Co. v. Bowles*, 321 U.S. 321, 329–30, 64 S.Ct. 587, 88 L.Ed. 754 (1944).

Finally, out of an abundance of caution, at the trial of this action Plaintiffs will put forth evidence concerning their standing to pursue this action, including their deterrence from using Uber's transportation service because it is inaccessible and attempting to use said service would amount to a futile gesture.

II.   By Defendants:

Plaintiffs' lengthy argumentative statement is non-responsive to the Court's standing pretrial order seeking only a "brief description of the parties, the substance of the claims and defenses that remain to be decided, and the operative pleadings that raise the issues."

 Defendants disagree with Plaintiffs' statement of the case above and reserve its arguments for appropriate filings and trial.  In the section below, Defendants include only the information the Court ordered the parties to provide.

These are cases brought under Title III of the Americans with Disabilities Act.  Plaintiffs are individuals with disabilities who sometimes use motorized wheelchairs in New Orleans, Louisiana and Jackson, Mississippi.  Dr. Crawford lives in Jackson, Mississippi; Mr. Namisnak and Mr. Falls live in New Orleans, Louisiana.  Defendants are Uber Technologies, Inc. and its subsidiary Rasier, LLC.  The parties agree that the two captioned cases should be consolidated for trial.

Plaintiff Scott Crawford's operative pleading is his Second Amended Complaint, filed on October 20, 2021.  *Crawford*, ECF No. 218.  Defendants filed their answer on November 3, 2021. *Crawford*, ECF No. 219.

Plaintiffs Stephan Namisnak and Francis Falls's operative pleading is their Third Amended Complaint, filed on October 20, 2021.  *Namisnak*, ECF No. 181.  Defendants filed their answer on November 3, 2021.  *Namisnak*, ECF No. 182.

Following the Court's August 26, 2021 ruling on the parties' cross-motions for summary judgment and Plaintiffs' subsequent amendments to their complaints, Plaintiffs' surviving claims involve allegations that Defendants have violated 42 U.S.C. § 12184(b)(1) and 42 U.S.C. § 12184(b)(2)(A).  Section 12184(b)(1) prohibits "the imposition or application by a [covered] entity … of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully enjoying the specified public transportation services provided by the entity, unless such criteria can be shown to be necessary for the provision of the services being offered."  Section 12184(b)(2)(A), by way of cross-reference to 42 U.S.C. § 12182(b)(2)(A)(ii), prohibits a covered entity from failing to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

As detailed in the stipulations below, the Court's pre-trial orders have narrowed the issues to be decided as to Plaintiffs' claims under 42 U.S.C. § 12184(b)(2)(A).

**B.**   **Relief Prayed.**

The parties could not come to an agreement about a joint statement regarding the relief prayed, so each side sets forth their positions below.

I.   By Plaintiffs:

Plaintiffs have prayed for the following relief:

1.  That this Court declare that Defendants' policies, procedures, and services in New Orleans, LA and Jackson, MS have been provided in a discriminatory manner in violation of 42 U.S.C. § 12184.

2.  That this Court declare that Defendants violated 42 U.S.C. § 12184(b)(2) by failing to provide Plaintiffs with a reasonable modification.

3. That this Court declare that Defendants violated 42 U.S.C. § 12184(b)(1) by screening out WAVs from its fleet.

4. That this Court Order injunctive relief to require Defendants to bring their application and transportation services into compliance and remain in compliance with the requirements of the ADA. To that end, Plaintiffs pray that Uber be ordered to provide UberWAV in New Orleans and Jackson, and/or eliminate the ban on vans and after-market modifications, and minimum seating requirements, that prevent drivers of WAVs from participating in Uber's transportation services in New Orleans and Jackson.

5. That this Court supervise the injunctive relief entered and ensure that Uber complies with the requested injunctive relief within a reasonable period of time, to be determined by this Court.

6. That this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit.

7. That this Court award such other and further relief as it deems necessary, just, proper, and appropriate.

8. Should Plaintiffs prevail in establishing Defendants' liability, it is Plaintiffs' position that the parties will provide briefing to the Court about proposed specific language for the injunction that will issue. Plaintiffs expect that the injunction would require Uber to provide UberWAV in New Orleans and Jackson in a fashion comparable to its service in the cities where UberWAV is currently operated, as Plaintiffs prayed for in their Complaints. Plaintiffs will suggest that the Court's injunction provide specific metrics for Uber to attain by certain points in time, but not that the Court order Defendants to use any particular methodology or financing structure to achieve those metrics. Plaintiffs will suggest to the Court that 49 CFR § 37.105 provides a potential source of metrics to use in

JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

specifying what Defendants must achieve. Plaintiffs will further request that the Court specify a system of monitoring and reporting to ensure compliance with the Court's order.

II.    By Defendants:

Defendants generally deny that Plaintiffs are entitled to any relief and that judgment should be entered in Defendants' favor.  Defendants also reserve other arguments regarding the adequacy of the relief Plaintiffs seek, including arguments about the availability of declaratory relief and the sufficiency of Plaintiffs' proposed injunction under Federal Rule of Civil Procedure 65(d).

However, Plaintiffs' explanation of the "reasonable modification" they seek—which at this point amounts to only that "Uber be ordered to provide UberWAV in New Orleans and Jackson"—raises due process concerns that the Court should address prior to trial.  Plaintiffs have not identified a "modification" to any "policy, practice or procedure."  In terms of Plaintiffs' purported request "modification," it might be that "Uber be ordered to provide UberWAV in New Orleans and Jackson." But they also indicate their requested "reasonable modification" would be a high-level methodology to achieve some outcome, like "[a]pplying an 'accessibility fee'" or "implementing a return to a leasing model."  They also claim that Plaintiffs may at some future point "suggest" "specific metrics for Uber to attain by certain points in time."  They then claim, however, that "the Court could consider Plaintiffs' proposed modifications, but would not be limited to them" and that Plaintiffs will not suggest "that the Court order Defendants to use any particular methodology or financing structure to achieve those metrics."  In other words, they request WAV service available on the Uber WAV platform that achieves some unspecified metrics, but with no order on how. Despite this, Plaintiffs implausibly claim that they do not seek an "outcome."

This approach fails to recognize that liability cannot be separated from relief in this case. As Judge Alsup explained in a similar case involving Lyft, "the devil's in the details" for a reasonable modification case, and a "proposal must have enough meat on its bones to allow a fact

finder to rate it as 'reasonable' (or not), as the statute requires." *Independent Living Resource Center San Francisco v. Lyft, Inc.*, 2021 WL 3910719, at *10 (N.D. Cal. Sept. 1, 2021).

Plaintiffs' failure to identify a "policy, practice, or procedure" and then identify a specific "modification" of the same now means they fail to state a claim. It also unduly impairs Uber's ability to prepare its defense and makes it impossible to assess the cost and effectiveness of any modification. Defendants are entitled to know the contours of Plaintiffs' demanded modification before trial, so they can prepare their defense. Plaintiffs should not be permitted "trial by ambush." *Barlow v. Gen. Motors Corp.*, 595 F. Supp. 2d 929, 936 (S.D. Ind. 2009) (excluding plaintiff's late damages disclosures because Rule 26 requires "disclosures of evidence and damages claims long before trial").

Additionally, Plaintiffs' sought-after relief is also improperly broad because they seek what amounts to class-wide relief for persons not before the court, whereas injunctive relief is to be limited to the parties before the court. *See, e.g.*, *Univ. of Cal. v. Dep't of Homeland Sec.*, 908 F.3d 476, 511 (9th Cir. 2018) ("Injunctive relief should be 'no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court.'"). Plaintiffs should be limited to requesting modifications for their personal benefit.

For these reasons, Defendants request the Court to issue an order prior to trial precluding Plaintiffs from modifying or elaborating their request for injunctive relief beyond what they include in this pretrial statement, except for the purpose of limiting their request for relief to the three specific Plaintiffs before this Court. *See, e.g.*, *Patterson v. Hughes Aircraft Co*, 11 F.3d 948, 950 (9th Cir. 1993) (holding trial court abused discretion in deciding issue of plaintiff's "total disability" not included in final pretrial order that superseded the pleadings); *Elliott v. Harris*, 205 F. App'x 255, 257 (5th Cir. 2006) (affirming district court's decision to limit the proposed accommodation under Title III to the specific accommodation included in the final pretrial order).

## C.    **Undisputed Facts.**

1.    Uber Technologies, Inc. ("Uber") is a corporation organized under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

2.      Rasier, LLC ("Rasier") is a subsidiary of Uber.

3.      Plaintiffs Stephan Namisnak and Francis Falls live in New Orleans, LA.

4.      Plaintiff Scott Crawford lives in Jackson, MS.

5.      Each Plaintiff uses a wheelchair for mobility.

6.      Uber developed and markets the Uber Driver App and the Uber Rider App (together, the "Uber Apps").

7.      The Uber Apps in New Orleans, LA and Jackson, MS do not include a "WAV" request option.

8.  No Plaintiff downloaded or used the Uber Rider App or created an Uber Rider account.

9.  Each Plaintiff is unable to drive a motor vehicle.

10. No Plaintiff has downloaded the Uber Driver App or created an Uber Driver account.

11. No Plaintiff intends to sell rides using Uber's ridesharing platform.

**D.      Disputed Factual Issues.**

The parties could not come to an agreement about a joint statement regarding the disputed factual issues, so each side sets forth their positions below.

I.      By Plaintiffs:

1.      Whether Mr. Namisnak and Mr. Falls' requested modification—for Uber to change its operational policies and provide UberWAV in New Orleans—was reasonable.

2.      Whether Dr. Crawford's requested modification—for Uber to change its operational policies and provide UberWAV in Jackson—was reasonable.

3.      Whether drivers could be incentivized to provide UberWAV trips in New Orleans, LA  pursuant to Uber's UberWAV incentive programs.

4.      Whether drivers could be incentivized to provide UberWAV trips in Jackson, MS pursuant to Uber's UberWAV incentive programs.

5.      Whether the number of WAVs on Uber's driver app in New Orleans, LA  and Jackson, MS is caused in part by the fact that various WAVs are prohibited from participation.

6.      Whether it would be reasonable for Uber to launch UberWAV in New Orleans through a leasing or rental partnership.

7.      Whether it would be reasonable for Uber to launch UberWAV in Jackson through a leasing or rental partnership.

8.      Whether it would be reasonable for Uber to launch UberWAV in New Orleans through a commercial operator.

9.      Whether it would be reasonable for Uber to launch UberWAV in Jackson through a commercial operator.

10.     Whether it would be reasonable for Uber to launch UberWAV in Jackson through an incentive program.

11.     Whether it would be reasonable for Uber to launch UberWAV in New Orleans through an incentive program.

12.     Whether it would be reasonable for Uber to launch UberWAV in New Orleans through a dispatch system.

13.     Whether it would be reasonable for Uber to launch UberWAV in Jackson through a dispatch system.

14.     Whether it would be reasonable for Uber to launch UberWAV in New Orleans through a combination of the above methodologies.

15.     Whether it would be reasonable for Uber to launch UberWAV in Jackson through a combination of the above methodologies.

16.     Whether UberWAV could be fully funded in New Orleans through the use of an accessibility fee.

17.     Whether UberWAV could be fully funded in Jackson through the use of an accessibility fee.

18.     Uber recently announced that it was "committing more than $800 million in resources to help hundreds of thousands of drivers in the US, Canada, and Europe transition to battery EVs by 2025." Whether, if Uber can help its drivers transition to electric vehicles, Uber can also help some of its drivers transition to accessible vehicles.

19.     Whether one reasonable solution for Uber to provide Plaintiffs' requested modification in New Orleans and Jackson would be for Uber to return to a leasing model Uber used in the past.

20.     Whether one reasonable solution for Uber to provide Plaintiffs' requested modification in New Orleans and Jackson would be to use a dispatch program such as in New York City.

21.     Whether Uber has performed any investigations specifically related to Jackson.

22.     In some cities, Uber makes UberWAV available by contracting with the third-party owners of WAVs, often through MV Transportation.

23.     Uber reached an agreement with MV Transportation and service was provided in seven locations: New York, Lost Angeles, San Francisco, Boston, Washington, D.C., Philadelphia, and Chicago.

24.     Whether Uber "is struggling to absorb the current losses it sustains on WAV in the pilot cities."

25.     Whether it is reasonable to ask Uber to provide the modifications Plaintiffs seek in New Orleans and Jackson that Uber already provides in other cities.

26.     Whether the supply of WAVs changes and develops over time and that a relationship exists "between nascent demand, suppressed demand and developing supply." And

whether, while there may be an initially low supply of WAVs, that supply will develop and increase over time.

27.    Whether, in New York City, under Ms. Meera Joshi's tenure, a new requirement went into effect concerning the availability of WAVs, whether Uber was in compliance with the expanded WAV requirement, and whether this is indicative of Uber's ability to provide Plaintiffs' requested reasonable modifications.

28.    Whether Dr. Cooper, Plaintiffs' expert, has determined that Uber has demonstrated both generic and city specific exercises to recruit WAV drivers and that the company also appears willing to promote alternatives to individual drivers owning their own WAVs through its lease relationships and promoted rental and lease partners.

29.    Whether, according to Dr. Cooper, there are multiple ways through which an entity can provide WAV service—including compulsory provision, persuasive provision, collaborative provision, or intervention.

30.    Whether, according to Dr. Cooper, all of the infrastructure and potential supply exist such that it would be reasonable for Uber to provide UberWAV in both New Orleans and Jackson.

31.    The impact, if any, the requested modifications described would have on the nature of the services Defendants provide.

32.    The impact, if any, that the vehicle requirements Plaintiffs seek to require Defendants to eliminate has on Plaintiffs' ability to obtain rides in a WAV, as well as the impact, if any, that removing those vehicle requirements would have on Plaintiffs' ability to obtain rides in a WAV.

33.     The evidence, if any, that Defendants' vehicle requirements screen out or tend to screen out individuals with disabilities from fully enjoying the specified public transportation services.

34.     The necessity, if any, of the at-issue vehicle requirements.

35.     The extent to which WAVs would be available, and to which Plaintiffs would request and obtain rides in a WAV, if Plaintiffs obtained all or some of the injunctive relief they seek.

36.     The extent to which Uber has not been able to locate a large number of WAVs on its platform because Uber's own vehicle requirements screen out WAVs.

37.     The Uber Apps include a "WAV" option that enables riders to request rides only in wheelchair accessible vehicles in some cities, including New York, NY, Chicago, IL, Los Angeles, CA, Washington, DC, San Francisco, CA, Boston, MA, Philadelphia, PA, Houston, TX, Austin, TX, Portland, OR, and Phoenix, AZ, and in those markets qualified WAVs are eligible to be on the WAV platform.

38.     Whether Uber could modify its application to include UberWAV in New Orleans and Jackson.

39.     Whether, on September 22, 2018, Mr. Falls and Mr. Namisnak, through their counsel, made a written "Request for Reasonable Modification / Reasonable Accommodation" to Uber. In this correspondence, Plaintiffs explained that they were individuals with mobility-related disabilities, that they use motorized wheelchairs, and that they would like to use Uber's services in New Orleans, Louisiana. Plaintiffs explained that the UberWAV function is not available in New Orleans, but is available in other locations.

40.     Whether by and through their letter, Plaintiffs requested that Uber "utilize its resources, internal knowledge, and business know-how to change its operational policies and

provide WAV service in New Orleans, Louisiana and its surrounding areas." Plaintiffs explained that they expected that Uber would ensure that a fleet of 30-60 WAVs would be available in New Orleans. Plaintiffs further explained that they cannot tell Uber "how it must change its internal business practices and operations to provide WAV service[,]" but Plaintiffs explained they were confident "that Uber can use its resources and problem-solving abilities to bring itself into compliance with the law without further delay."

41.     Whether, more than a year after sending the request, on November 13, 2019, Uber denied Plaintiffs' requested reasonable modification. In denying Plaintiffs' requested modification, Uber claimed that it "does not provide vehicle service of any sort[.]" Instead of making Plaintiffs' requested modifications, the response letter referred them to five alternative WAV service providers in the New Orleans area.

42.     Whether, for Dr. Crawford, on October 4, 2018, counsel made a written "Request for Reasonable Modification / Reasonable Accommodation" to Uber that was almost identical to the request in the New Orleans case. More than a year after sending the request, on May 1, 2020, Uber denied Dr. Crawford's requested reasonable modification.

43.     Whether in 2019 Uber provided 290,000 WAV trips to 53,000 unique WAV riders.  In regard to UberWAV, Uber concluded that it had "[d]eveloped a standardized approach to our fleet partnerships to optimize drivers performance and scale our ability to manage fleets[.]"

44.     Whether, in April of 2018, New Orleans was on a short list of cities where Uber would expand MV Transit's provision of WAV service. Following an in-person meeting, MV Transportation offered to provide Uber with pricing for seven to ten vehicles for New Orleans. Ultimately, however, Uber decided not to move forward with the MV Transportation option in New Orleans.

45. Whether Uber's position is that, because of the price increases asked for by MV Transportation, "Uber is not able to invest in any sort of expansion at this time." Thus, Uber declined to expand the MV Transportation option to New Orleans "because of the current state or status of the way the economics check out for both companies."

46. Whether Uber's own internal analyses showed a way that UberWAV could be funded *without* Uber paying out of pocket. According to Uber, an "Accessibility Fee" of only **<u>3-4 cents</u>** per trip levied on other riders could "**fully fund**" the WAV program. When asked whether Uber has investigated the usage of an accessibility fee in combination with MV transportation in New Orleans, Uber's corporate representative admitted it had not even considered it, explaining that "That's not something that we have gone seriously down the route of considering such that we certainly wouldn't have gotten to the point where we evaluated an accessibility fee and MV Transit in a specific city all at once."

47. Whether Uber frequently rolls out fees on users, raising hundreds of millions of dollars per year.

48. Whether Uber has offered drivers incentives to drive WAVs and provide such a service "on the Uber platform." Such incentives include a sign-up bonus or a reduction in the fee that drivers pay to Uber. For example, in Philadelphia, Uber offered a $30.00 per-trip incentive for completing a WAV trip. On a per-trip basis, under which the total cost was divided by the total number of rides in Philadelphia, the estimated cost of running this incentive program was 8 cents per trip. In Portland and Chicago, Uber provided a $15 per trip subsidy for WAV rides.

49. Whether Uber personnel created a slide deck dated June 10, 2020, where the company admitted that "Uber could offer WAV renters a service fee reduction from 25 percent to 1 percent in order to improve driver earnings and WAV rental attractiveness."

16      JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

50.     Whether, according to Uber's corporate representative, this proposal has not been adopted in New Orleans. Uber has not sent a message to existing drivers offering any sort of promotion or incentive related to WAVs. Uber never actually tried to provide WAV incentives in New Orleans.

51.     Whether, when discussing the purported difficulty with adding UberWAV in New Orleans, Uber's corporate representative pointed to an email chain from 2017. In this email chain, an Uber employee states that Uber's efforts to locate "both third party partners and some form of organic supply have proven challenging in the past."  In this same email chain, however, an Uber employee outlined that Uber had identified, in New Orleans, "~5 PTP drivers who own WAVs[.]"

52.     Whether Uber employees conceded that Uber originally slated New Orleans to be part of a Phase 1 launch of UberWAV, but Uber dropped New Orleans because "[f]inding a local partner would take too much leg work as seen by the ~6 months of work required in Toronto to sign a deal."

53.     Whether Uber can identify any subsequent investigatory efforts by Uber in 2018 or 2019 specifically related to the supply of WAVs in New Orleans.

54.     Whether Uber could have introduced UberWAV in New Orleans using its incentive programs, such as sign-up bonuses and reduced commission. Uber could have provided these incentives to the "~5 PTP drivers who own WAVs," along with the unknown number of prospective drivers who were either unaware of the opportunity to work as an Uber driver or were actively deterred by Uber's vehicle requirements barring vans.

55.     Whether, shortly before this lawsuit was filed, a "proposal was approved and the plan is to add an additional 800 WAV vehicles in 2017 and up to approximately 1,000 vehicles

by midyear of 2018 through a combination of flexible leasing through a third party and [Xchange Leasing]."

56.     Whether, while Uber employees engaged in an email discussion related to the supply of WAVs in New Orleans, Uber is "not aware of anything similar that was done for Jackson." In fact, Uber readily conceded that it has not performed *any* investigations specifically related to Jackson.

57.     Whether, since 2018, Uber has, at any point, publicized to the local market in New Orleans that drivers could sign up for UberWAV and get an incentive such as a sign-up bonus, a waived trip fee, etc.

58.     Whether, since 2018, Uber has, at any point, publicized to the local market in Jackson that drivers could sign up for UberWAV and get an incentive such as a sign-up bonus, a waived trip fee, etc.

59.     Whether an Uber employee confirmed that UberWAV is an "Opportunity" for Uber to "[f]urther deliver on our mission to provide access to reliable transportation to *everyone*, everywhere."

60.     Whether, in another internal Uber powerpoint, Uber noted that "[a]ccessibility is core to our business" and that "[i]f the Uber platform is not accessible to people with disabilities, then we are failing at our most basic task."

61.     Whether, in a slide about the various lawsuits concerning Uber, the Uber employees conceded that "[i]gnoring accessibility comes at reputational costs," where this text was situated against an image of a despondent man in a wheelchair behind the word "Uber."

62.     Whether an Uber employee conceded in writing: "**We should be offering an accessible service**[.]"

63.     Whether Uber estimated that it could fully fund UberWAV by charging a 3-4 cents per trip accessibility fee.

64.     Whether Uber determined that "[p]roactively investing in a reliable WAV ridesharing program will build positive brand sentiment with riders, drivers, and the community…" Uber determined that "the regulatory and legal value of a reliable WAV program far outweigh the investment."

65.     Whether Uber determined that the provision of UberWAV would "preempt" approximately $180 million per year in "training costs."

66.     Whether Uber is actively charging other "fees," such as a 50 cent per trip fee that is charged when a rider is in a hybrid or electric vehicle.

67.     Whether Uber ever "seriously considered" the usage of an accessibility fee to fund UberWAV in New Orleans or Jackson through MV Transit.

68.     Whether Uber weighed four different solutions to the WAV issue—including Uber "fully funding" a solution and an accessibility fee—and the fourth option listed on the slide was "Do nothing and bear the associated risk[.]"

69.     Whether Uber has identified that "With the general rider population, our efforts to make the platform more accessible test extremely well when it comes to improving their favorability with Uber. There continues to be a huge gap in leadership when it comes to accessibility in the mobility sector, and there's good evidence that becoming that leader would be a big win for our brand."

70.     Whether transportation providers cannot use the Uber Driver App to sell rides unless their vehicles meet certain minimum requirements.

II.     By Defendants:

Given the Court's order requesting a "plain and *concise* list of the *issues* of fact that are contested and remain to be litigated at trial," and that the parties will also be submitting proposed findings of fact, Defendants below include a concise summary of the issues of fact that they contend remain contested and remain to be litigated at trial:

1.      The extent of the financial, administrative, and other burdens Defendants would incur if ordered to take any specific action or achieve any outcome requested.

2.      The impact the requested actions and outcomes would have on the nature of the services Defendants provide.

3.      The impact, if any, that the vehicle requirements Plaintiffs seek to require Defendants to eliminate have on Plaintiffs' ability to obtain rides in a WAV, as well as the impact, if any, that removing those vehicle requirements would have on Plaintiffs' ability to obtain rides in a WAV.

4.      The evidence, if any, that Defendants' vehicle requirements screen out or tend to screen out individuals with disabilities from fully enjoying the specified public transportation services.

5.      The necessity, if any, of the at-issue vehicle requirements.

6.      The extent to which WAVs would be available, and to which Plaintiffs would request and obtain rides in a WAV, if Defendants were compelled to take any specific action.

**E.     Agreed Statement**

It is not anticipated that all or a part of the action may be presented upon an agreed statement of facts.

**F.     Stipulations.**

1.      The trials for both actions should be consolidated into a single trial.

2.      Plaintiffs Stephan Namisnak, Dr. Scott Crawford, and Francis Falls are permitted to attend trial and testify via video conference.

3.      Defendants will not dispute the authenticity of documents produced by Defendants during discovery, and Plaintiffs will not dispute the authenticity of documents produced by Plaintiffs during discovery.  Both parties reserve all other evidentiary objections.

4.      If possible, the parties will negotiate as to the calling of witnesses out-of-order to accommodate the schedules of the Court and the various witnesses.

5.      Plaintiffs are qualified individuals with disabilities within the meaning of Title III of the Americans with Disabilities Act.

6.      Defendants will make Niraj Patel and Robert Rupp available as witnesses for Plaintiffs' case-in-chief without the necessity of a subpoena

7.      The legal issues below have been finally resolved by the Court granting certain motions under Rule 12 or Rule 56 in part.  The parties further agree that neither party is obligated to proffer evidence to preserve the right to appeal any of the legal issues below:

- The Court granted summary judgment to Plaintiffs on the issue of whether they have Article III standing to pursue their claim under 42 U.S.C. § 12184(b)(2)(A). *Namisnak*, ECF No. 160 at 3–6.

- Defendants are covered entities under 42 U.S.C. § 12184(a).  *Namisnak*, ECF No. 160 at 7–11.

- Plaintiffs cannot recover under 42 U.S.C. § 12184(b)(5).  *Namisnak*, ECF No. 160 at 11–12.

- Plaintiff Scott Crawford's claims under the California Disabled Persons Act and California Unfair Competition Law fail as a matter of law.  *Crawford*, ECF No. 80 at 8–10

- Plaintiffs Stephan Namisnak and Francis Falls's claims under 42 U.S.C. § 12182 fail as a matter of law.  *Namisnak*, ECF No. 84 at 5–10.

- Plaintiffs Stephan Namisnak and Francis Falls's claim that Defendants have not provided auxiliary aids and services under 42 U.S.C. § 12184(b)(2)(B) fails as a matter of law.  *Namisnak*, ECF No. 102 at 8–11.

- Plaintiffs Stephan Namisnak and Francis Falls's claim that Defendants have not removed barriers under 42 U.S.C. § 12184(b)(2)(C) fails as a matter of law. *Namisnak*, ECF No. 102 at 11–12.

**G.     Witnesses Likely to be Called.**

I.     By Plaintiffs:

1.   Plaintiff, **Stephan Namisnak**, *testifying live via zoom*, c/o Bizer & DeReus, LLC, 3319 St. Claude Ave., New Orleans, Louisiana.  Tel: 504-619-9999, Fax 504 948-9996.

Summary of information: Plaintiff has information concerning all factual aspects of this matter in his personal experience, including a description of his disability, his use of transportation in New Orleans, his inability to access Uber's transportation services in New Orleans, Louisiana, his difficulties in obtaining public transportation in New Orleans, Louisiana, his intent to use Uber's services once said services are made accessible, his travels throughout New Orleans and elsewhere, the psychological injury he has suffered from the discrimination, the discrimination he faces from Uber, verification and authentication of documents, and description of his cell phone and payment methods.

2.   Plaintiff, **Francis Falls**, *testifying live via zoom*, c/o Bizer & DeReus, LLC, 3319 St. Claude Ave., New Orleans, Louisiana.  Tel: 504-619-9999, Fax 504 948-9996.

Summary of Information: Plaintiff has information concerning all factual aspects of this matter in his personal experience, including a description of his disability, his use of transportation in New Orleans, his inability to access Uber's transportation services in New Orleans, Louisiana, his difficulties in obtaining public transportation in New Orleans, Louisiana, his intent to use Uber's services once said services are made accessible, his travels throughout New Orleans and elsewhere, the psychological injury he has suffered from the discrimination, the discrimination he

faces from Uber, verification and authentication of documents, and description of his cell phone and payment methods.

      3.  Plaintiff, **Scott Crawford**, Ph.D., *testifying live via zoom*, 525 Choctaw Road, Jackson, MS 39206-5323, p. 601-368-3088

Summary of Information: Dr. Crawford is a plaintiff in a related matter and has information concerning his inability to access Uber's transportation services in Jackson, Mississippi, his difficulties in obtaining public transportation in Jackson, Mississippi, his attempts to bring Uber into compliance with the ADA, the psychological injury he has suffered from the discrimination, the discrimination he faces from Uber, verification and authentication of documents, and his efforts to seek ADA compliance by Uber prior to litigation.

      4.  **Robert Rupp**, *testifying in person*, individually and in his capacity as a Rule 30(b)(6) representative[1], c/o Stephanie Schuster, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Avenue, NW, Washington, DC 20004-2541, p. 1.202.373.6595 f. 1.202.739.3001.

Summary of Information: Mr. Rupp will be called to testify as to all topics and subjects discussed in his depositions and other subjects, as set forth herein. Specifically, Mr. Rupp may be called to testify about Uber's WAV programs, Uber's car rental programs and Uber and its subsidiary entities ownership of vehicles, what (if anything) Uber has done to provide UberWAV in New Orleans and Jackson, the purported costs associated with Uber's services (WAV and generally) and methods through which Uber could fund UberWAV, the benefits of UberWAV

---

[1]    Defendants object to Plaintiffs' characterization of live trial witnesses testifying in a capacity as a "Rule 30(b)(6) representative."

4    JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

(financial, reputation, and otherwise), the revenues that could be raised from UberWAV and an accessibility fee, and the nature of Uber's services, among other topics.

5. **Niraj Patel**, *testifying in person*, individually and in his capacity as a Rule 30(b)(6) representative, c/o Stephanie Schuster, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Avenue, NW, Washington, DC 20004-2541, p. 1.202.373.6595 f. 1.202.739.3001.

Summary of Information: Mr. Patel will be called to testify as to all topics and subjects discussed in his depositions and other subjects, as set forth herein. Specifically, Mr. Patel may be called to testify about Uber's WAV programs, what (if anything) Uber has done to provide UberWAV in New Orleans and Jackson, Plaintiffs' requests for reasonable modification and what Uber did to accommodate Plaintiffs in response to these requests, the purported costs associated with Uber's services (WAV and generally) and methods through which Uber could fund UberWAV, the benefits of UberWAV (financial, reputation, and otherwise), the revenues that could be raised from UberWAV and an accessibility fee, and the nature of Uber's services, among other topics.

6. **Meera Joshi**, *to testify via deposition transcript and zoom recording*, last known contact information, Sam Schwartz Engineering, 322 Eighth Avenue, 5th Floor, New York, NY 10001, p. 212-598-9010.,.

Summary of Information: Plaintiff's will utilize Ms. Meera Joshi's deposition testimony at trial for factual and non-retained expert testimony and this testimony will be offered via deposition and playing the zoom recording. Ms. Joshi's testimony is fully set forth in her deposition transcript. The purpose of this testimony is set forth in Plaintiffs' *Notice of Non-Retained Expert Disclosure Pursuant to Rule 26(a)(2)(C) and of Supplementation Pursuant to Rule 26(e)*, which Plaintiffs incorporate herein by reference.

7. **Dr. James Cooper**, *testifying in person*, 2115 Summit Drive, McKinny, TX 75071, p. 0131 208 1057

Summary of Information: Dr. Cooper will be called to testify in accordance with the subjects and information set forth in his written report. Generally speaking, and without waiving Plaintiffs' right to ask Dr. Cooper about any aspects of his report, Dr. Cooper will likely be asked to testify as to his background, what information he reviewed in this case, his assessment, his findings, the nature of transportation services for individuals with disabilities, whether Uber could provide a WAV service, whether it would be reasonable for Uber to provide WAV service, what nascent demand means and how it impacts the availability of WAVs, among other topics as set forth in his expert report.

8. **David Reich**, *testifying in person*, c/o Stephanie Schuster, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Avenue, NW, Washington, DC 20004-2541, p. 1.202.373.6595 f. 1.202.739.3001.

Summary of Information: Mr. Reich will be called to testify as to all topics and subjects discussed in his depositions and other subjects, as set forth herein. Moreover, Mr. Reich may be asked about Uber's WAV programs, what (if anything) Uber has done to provide UberWAV in New Orleans and Jackson, Plaintiffs' requests for reasonable modification and what Uber did to accommodate Plaintiffs in response to these requests, the purported costs associated with Uber's services (WAV and generally) and methods through which Uber could fund UberWAV, and the benefits of UberWAV (financial, reputation, and otherwise).

9. **Brad Rosenthal**, *testifying in person or via deposition excerpts or zoom recording*, c/o Stephanie Schuster, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Avenue, NW, Washington, DC 20004-2541, p. 1.202.373.6595 f. 1.202.739.3001.

Summary of Information: Mr. Rosenthal will be called to testify as to all topics and subjects discussed in his depositions and other subjects, as set forth herein. Moreover, Mr. Rosenthal may be asked about Uber's WAV programs, what (if anything) Uber has done to provide UberWAV in New Orleans and Jackson, Plaintiffs' requests for reasonable modification and what Uber did to accommodate Plaintiffs in response to these requests, the purported costs associated with Uber's services (WAV and generally) and methods through which Uber could fund UberWAV, and the benefits of UberWAV (financial, reputation, and otherwise).

10. **Uber Technologies, Inc. and RASIER, LLC**, *in their corporate capacities via Rule 30(b)(6) deposition transcripts*, c/o Stephanie Schuster, Morgan, Lewis & Bockius LLP, 1111 Pennsylvania Avenue, NW, Washington, DC 20004-2541, p. 1.202.373.6595 f. 1.202.739.3001.

Summary of Information: Plaintiffs may use some segments of the Rule 30(b)(6) depositions of Uber Technologies, Inc. and RASIER, LLC, as is set forth in those depositions. Generally speaking, those deposition transcripts would be used to show the reasonableness of Plaintiffs' requested modification, Uber's failure to meaningfully investigate options, the nature of UberWAV, etc.


II.   By Defendants:

Defendants identify the following witnesses they are likely to call at trial, other than solely for impeachment or rebuttal, and provide a brief statement describing the substance of the testimony expected. Defendants reserve the right to call any witness on Plaintiffs' witness list above. Given Plaintiffs' failure to specify what modification they seek, Defendants reserve the right to identify additional witnesses:

1.   **Scott Crawford.** Dr. Crawford is expected to testify about, *inter alia*, the current availability and reliability of wheelchair-accessible transportation in Jackson, Mississippi.

2.      **Stephan Namisnak.**  Mr. Namisnak may testify about, *inter alia*, the current availability and reliability of wheelchair-accessible transportation in New Orleans, Louisiana,

3.      **Francis Falls.** Mr. Falls may testify about, *inter alia*, the current availability and reliability of wheelchair-accessible transportation in New Orleans, Louisiana

4.      **Niraj Patel.**  Mr. Patel, Director of Rider and Airport Operations at Uber Technologies, Inc., is expected to respond to the specific modifications Plaintiffs request, if any, and the anticipated costs, challenges and effectiveness of any such modifications, once they are identified.  Plaintiffs' failure to identify any modification with specificity impacts Defendants' ability to prepare for this testimony.

5.      **Connor Fagent.**  Mr. Fagent, Head of Premium Products (US&C) at Uber Technologies, Inc. is expected to respond to the specific modifications Plaintiffs request, if any, and the anticipated costs, challenges, and effectiveness of any such modifications, once they are identified.  Plaintiffs' failure to identify any modification with specificity impacts Defendants' ability to prepare for this testimony.

6.      **Kevin Nolan.**  Mr. Nolan, Director, Head of Finance – US&C Mobility at Uber, is expected to testify about, *inter alia*, Uber's revenue, profitability, the margins associated with Uber's mobility business, and the impact of WAV expenditures, in response to Plaintiffs' anticipated arguments about cost and impact.

7.      **Robert (Bob) Rupp.**  Mr. Rupp, Senior Manager for Vehicle Solutions, Strategy, and Analytics at Uber, is expected to respond to the specific modifications Plaintiffs request, if any, and the anticipated costs and effectiveness of any such modifications, once they are identified. Plaintiffs' failure to identify any modification with specificity impacts Defendants' ability to prepare for this testimony.

8.      **Brad Rosenthal**.  Mr. Rosenthal, Director, M&A Integration, may testify about, *inter alia*, the topics and subjects discussed in his declaration and his deposition.

**H.      Exhibits, Schedules and Summaries.**

The parties separately list all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief statement following each, describing

its substance or purpose and the identity of the sponsoring witness.  As stipulated above, the

parties have reserved most evidentiary objections.

I.      By Plaintiffs:

| Trial Ex. # | Name | Statement | BATES |
|---|---|---|---|
| 1 | Uber S-1 SEC Filing | To establish Uber's various representation and statements against interest; operational costs which goes to reasonableness. Authenticating witness: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_001204 – P_001623 |
| 2 | Uber Form 10-Q | To establish Uber's various representation and statements against interest. Authenticating witness: Niraj Patel and/or stipulation of parties. | P_001624 – P_001790 |
| 3 | What is UberX / UberX Rates | Facts concerning Uber's services; needed to determine what is reasonable.  Authenticating witness: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002888 – P_002893 |
| 4 | What is WAV _ Wheelchair Accessible Vehicles in Minutes, | Facts concerning Uber's services; needed to determine what is reasonable.  Authenticating witness: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002894 – P_002896 |
| 5 | Uber Wheelchair-AccisbileAccessible Vehicle Study_May2020 | Facts concerning demand for UberWAV and pricing utilized by Uber. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER006932 – UBER006967 |
| 6 | June 2018 UberWAV Product Development Strategy | Facts concerning demand for UberWAV and, thus, reasonableness of Uber providing UberWAV. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER011900 – UBER011916 |
| 7 | Accessible Monthly Business Review Jan2020 | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER012519 – UBER012547 |
| 8 | Uber & MV Contract Extension April 2020 | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER019377 – UBER019385 |
| 9 | Uber WAV Study Proposal | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER008548 – UBER008552 |
| 10 | Engineering More Reliable Transportation with ML and AI | Facts concerning demand for Uber's services and methods through which Uber makes it services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002223 – P_002232 |

| 11 | Uber ATG Safety Report | Facts concerning demand for Uber's services and methods through which Uber makes it services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002246 – P_002334 |
|---|---|---|---|
| 12 | Uber Blog_Transportation Everywhere, for Everyone in Chicago | Facts concerning demand for Uber's services and methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002853 – P_002855 |
| 13 | Newsroom_Introducing UberX | Facts concerning demand for Uber's services and methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002897 – P_002900 |
| 14 | Newsroom_Connecting Ohio's Capital City | Facts concerning demand for Uber's services and methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002809 – P_002812 |
| 15 | Newsroom_Uber's New BHAG: uberPOOL | Facts concerning demand for Uber's services and methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002856 – P_002863 |
| 16 | Uber Advanced Technologies Group | Facts concerning demand for Uber's services and methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_000331 – P_000342 |
| 17 | Uber Blog_Launched in Mexico City | Facts concerning demand for Uber's services and methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_000347 – P_000351 |
| 18 | New Logo For Uber | Facts concerning demand for Uber's services and methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_000269 – P_000274 |
| 19 | TNC Bill Summary | To establish Uber's various representationrepresentations and statements against interest; operational costs which goes to reasonableness. Authenticating witness: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002864 – P_002887 |
| 20 | Newsroom_Celebrating Cities: A New Look and Feel for Uber | Facts concerning methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. | P_000486 – P_000494 |

4     JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

| | | | |
|---|---|---|---|
| | | Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | |
| 21 | Emails_Re: Updated Phase 2 City List | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER005073 – UBER005074 |
| 22 | Legal_Uber Community Guidelines | Facts concerning methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002733 – P_002747 |
| 23 | Platform Access Agreement_Jan 2020 | Facts concerning methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | UBER005461 – UBER005480 |
| 24 | Newsroom_Driving a Green Recovery | Evidence related to cost of Uber's services, which goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002757 – P_002769 |
| 25 | Newsroom_New App Features-Improve Safety on the Road | Facts concerning methods through which Uber makes itits services available. Relevant to reasonableness and feasibility. Authenticating witnesses: Patel, Reich, Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002748 – P_002752 |
| 26 | Review and Assessment of Uber's Privacy Program 2015 | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | P_002813 – P_002852 |
| 27 | Request for Reasonable Modification_NOLA Sept. 2018 | To prove that Plaintiffs requested a reasonable modification. Authenticating witnesses: Mr. Namisnak, Mr. Falls, and/or Mr. Patel. | P_000796 – P_000799 |
| 28 | Letter to Plaintiffs from Estevez May 2020 | To prove that Uber failed to provide Plaintiffs' requested reasonable modification. Authenticating witnesses: Mr. Namisnak, Mr. Falls, and/or Mr. Patel. | P_002545 – P_002547 |
| 29 | Letter to Plaintiffs from Estevez November 2019 | To prove that Uber failed to provide Plaintiffs' requested reasonable modification. Authenticating witnesses: Mr. Namisnak, Mr. Falls, and/or Mr. Patel. | P_000801 – P_000803 |
| 30 | Emails_Re: Market priority list | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER000858 – UBER000860 |
| 31 | Emails_Re: Uber WAV | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating | UBER000788 – UBER000791 |

5          JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

| | | | witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | |
|---|---|---|---|---|
| 32 | UberWAV Program Overview_June 2017 Central Ops | | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER014322 – UBER014341 |
| 33 | Accessibility Monthly Business Review_Feb 2019 | | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER008089 – UBER008112 |
| 34 | Vehicles Xfn Meeting_June 2020 | | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER005524 – UBER005569 |
| 35 | Emails_Re: WAV in New Orleans | | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER005077 – UBER005081 |
| 36 | May 2017 Email_ Proposal for Xchange Leasing Contest | | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER000490 – UBER000490 |
| 37 | Emails_ Bumping up Dallas WAV Launch? | | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER005274 – UBER005277 |
| 38 | Accessibility at Uber | | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER014642 – UBER014672 |
| 39 | UberWAV Product Development & Launch Strategy - LA | | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER019304 – UBER019320 |
| 40 | Vehicle Requirements - Uber New Orleans | | Evidence related to (1) Uber's exclusion of WAVS; and (2) relates to reasonableness issue. Authenticating witness: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002207 – P_002216 |
| 41 | Vehicle Requirements - Uber Jackson | | Evidence related to (1) Uber's exclusion of WAVS; and (2) relates to reasonableness issue. Authenticating witness: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | P_002217 – P_002222 |
| 42 | Request for Reasonable Modification_Jackson Oct. 2018 | | To prove that Plaintiffs requested a reasonable modification. Authenticating witnesses: Dr. Crawford and/or Mr. Patel. | P_002541 – P_002544 |
| 43 | NYC TLC WAV Proposal, Industry Counter Proposal + Uber Role | | Facts concerning WAV accommodation provided by Uber and Uber's operations. | UBER008900 – UBER008927 |

| | | | |
|---|---|---|---|
| | | Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | |
| 44 | Second Revised Notice of 30(b)(6) Deposition | Pleading to establish scope of deposition testimony. Authenticating witnesses: Patel, Rubb, and/or stipulation of parties. | no stamp |
| 45 | 2020.9.29 Ltr from S.Schuster to W.Most | To prove that Plaintiffs requested a reasonable modification. Authenticating witnesses: Dr. Crawford and/or Mr. Patel. | no stamp |
| 46 | Emails_Re: Philly WAV coverage | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER0000273 -- UBER0000275 |
| 47 | Uber 2020 Annual Report Excerpt | Evidence related to cost of Uber's services, which goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | UBER00019879 -- UBER00019909 |
| 48 | UberWAV Program Overview_June 2017 Central Ops (dup - VV) | Facts concerning WAV accommodation provided by Uber and Uber's operations. Relates to reasonableness. Authenticating witnesses: Patel, Rubb, Rosenthal, Cooper, and/or stipulation of parties. | UBER00014322 -- UBER00014341 |
| 49 | Newsroom_10 Million Rides to Move US Toward Recovery | Evidence related to cost of Uber's services, which goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | no stamp |
| 50 | Newsroom_10 Million Free Rides and Deliveries | Evidence related to cost of Uber's services, which goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | no stamp |
| 51 | Uber Technologies (UBER) Q1 2021 Earnings Call Transcript | Evidence related to cost of Uber's services, which goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Dr. Cooper, and/or stipulation of parties. | no stamp |
| 52 | Jackson ADA Advisory Council Resolution for Accessible Taxi | Evidence goes to standing. Authenticating witness: Dr. Crawford. | UBER0000016 -- UBER0000017 |
| 53 | Email From Dr. Crawford re Accessible Taxi Language | Evidence goes to standing. Authenticating witness: Dr. Crawford. | CRAWFORD-UBER0000018 |
| 54 | Happy Carnival Order Your King Cake | Facts concerning Uber's ability to modify its Uber application. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or stipulation of the parties. | CRAWFORD-UBER0000059 -- CRAWFORD-UBER0000060 |
| 55 | UberPUPPIES the Dog Days of Summer | Facts concerning Uber's ability to modify its Uber application. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or stipulation of the parties. | CRAWFORD-UBER0000061 -- CRAWFORD-UBER0000065 |
| 56 | UberASSIST Helps Seniors | Facts concerning Uber's ability to modify its Uber application. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. | CRAWFORD-UBER0000066 -- CRAWFORD-UBER0000067 |

7       JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

| | | | | |
|---|---|---|---|---|
| | | | Rubb, Mr. Rosenthal, and/or stipulation of the parties. | |
| 57 | | Xchange Leasing, an Uber company | Facts concerning Uber's ability to obtain vehicles for drivers via rentals. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, and/or stipulation of the parties. | CRAWFORD-UBER0000112 - - CRAWFORD-UBER0000116 |
| 58 | | Uber Accessibility Releases Provided to Jackson | Evidence goes to stranding. Authenticating witness: Dr. Crawford. | CRAWFORD-UBER0000121 |
| 59 | | Xchange as Uber Subsidiary | Facts concerning method Uber could use to make the modification/change. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | CRAWFORD-UBER0000179 - - CRAWFORD-UBER0000181 |
| 60 | | Statement on Revised TLC Rules | Facts concerning method Uber could use to make the modification/change. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | CRAWFORD-UBER000312 |
| 61 | | NOLAUberWAV | Facts concerning method Uber could use to make the modification/change. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | CRAWFORD-UBER000550 |
| 62 | | Uber's driver screening process | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | CRAWFORD-UBER0000738 - - CRAWFORD-UBER0000741 |
| 63 | | Email from Anne Estevez on September 29, 2018 re receipt of request for modification | To prove that Plaintiffs requested a reasonable modification. Authenticating witnesses: Mr. Naminak, Mr. Falls, Mr. Patel, and/or stipulation of the parties. | CRAWFORD-UBER000800 |
| 64 | | Uber Statement to FTC | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002127 -- P_Crawford_Namisnak_002149 |
| 65 | | Jan. 19, 2017 Email from J. Schacter | Facts concerning UberWAV in New Orleans. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00019326-UBER00019334 |
| 66 | | Uber Driver Partner Insurance - How it Works | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002167 -- P_Crawford_Namisnak_002174 |
| 67 | | Uber - VS Marketplace | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002175 |
| 68 | | Drive with Uber - Be Your Own Boss | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002176 -- P_Crawford_Namisnak_002186 |
| 69 | | Vehicle Marketplace - Car Rentals _ Uber (New Orleans) | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002187 -- P_Crawford_Namisnak_002196 |

8        JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

| 70 | Vehicle Marketplace - Car Rentals _ Uber (Jackson) | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002197 -- P_Crawford_Namisnak_002206 |
| 71 | Email_re_WAV in Portland | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00019072 -- UBER00019276 |
| 72 | Summary Judgment - Listing of Vehicles | Facts concerning Uber's services and prior ownership of vehciles. Authenticatinvehicles. Authenticating witnesses: Mr. Patel, Mr. Rubb, and/or Mr. Rosenthal. | UBER0000493 -- UBER0000496 |
| 73 | Surge Pricing | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002548 -- P_Crawford_Namisnak_002560 |
| 74 | How Prices Calculated | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002561 -- P_Crawford_Namisnak_002563 |
| 75 | Price Calculating | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002564 -- P_Crawford_Namisnak_002569 |
| 76 | Innisfil Transit Partnership _ Uber (1) | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Mr. Reich, and/or Dr. Cooper. | No number |
| 77 | Screenshot Riding in Innisfil | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Mr. Reich, and/or Dr. Cooper. | No number |
| 78 | Politics re WAV | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00004906 -- UBER00004908 |
| 79 | WAVs through XCL | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | Number not legible |
| 80 | Uber Makes a Jazzy Entrance into New Orleans | Facts concerning Uber's services and methodologies. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, Mr. Reich, and/or Dr. Cooper. | CRAWFORD-UBER0000370 -- CRAWFORD-UBER0000374 |
| 81 | Another WAV Slide Deck - 4_UBER00013727_UBER006_Redacted | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00013727 -- UBER00013737 |
| 82 | Email re Uber - MV Parternship Agreement discussion | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00001609 -- UBER00001609 |
| 83 | Philly Incentives | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00008975 -- UBER00008980 |

| | | | |
|---|---|---|---|
| 84 | Notes re WAV | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00010034 -- UBER00010037 |
| 85 | TRIPAD Weekly Merketplace Meeting | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00009232 -- UBER00009244 |
| 86 | Slide re Disbatch | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00012361 -- UBER00012392 |
| 87 | MV Gives Pricing | Facts concerning UberWAV in New Orleans. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER0000697 -- UBER0000700 |
| 88 | Recommend Fixed Percentage | Facts concerning UberWAV - recommended that fixed percentage be dedicated to WAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER0000591 -- UBER0000597 |
| 89 | Invoice | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER0002452 |
| 90 | Dec 2019 Slide Deck | Facts concerning UberWAV and benefits thereof. Goes to reasonableness. Authenticating witness: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00012558 -- UBER00012596 |
| 91 | What Happened NOLA | Facts concerning UberWAV in New Orleans. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00014943 -- UBER00014947 |
| 92 | Mardi Gras - 16770-16777 | Facts concerning Uber's services in New Orleans. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00016770 -- UBER00016777 |
| 93 | WAV Rider Research - 18861-18947 | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | UBER00018861 -- UBER00018947 |
| 94 | WAV where available | Facts concerning UberWAV. Goes to reasonableness. Authenticating witnesses: Mr. Patel, Mr. Rubb, Mr. Rosenthal, and/or Dr. Cooper. | P_Crawford_Namisnak_002587 |

II.    By Defendants:

In addition to the exhibits listed below, Defendants reserve the right to use any exhibit disclosed by Plaintiffs above.  Pursuant to the Standing Order, copies of the exhibits have been separately sent to Plaintiffs.

| Trial Ex. | Name | Substance or Purpose of Exhibit | Authenticating Witness |
|---|---|---|---|
| 501 | January 6, 2020 Platform Access Agreement | Shows nature of legal relationship of Rasier to Drivers | Connor Fagent/Niraj Patel |
| 502 | 2019 WAV Budget | Business record memorializing costs of supporting WAV option in 2019 | Connor Fagent/Niraj Patel |
| 503 | 2020 WAV Budget | Business record memorializing costs of supporting WAV option in 2019 | Connor Fagent/Niraj Patel |
| 504 | April 27, 2020 Presentation Slides re: Uber and MV Transit Contract Extension | Evidence of MV Transit's representations regarding need to raise prices | Connor Fagent/Niraj Patel |
| 505 | January 6, 2020 Fare Addendum | Shows nature of legal relationship of Rasier to Drivers | Connor Fagent/Niraj Patel |
| 506 | July 12, 2021 Uber's Terms of Use | Shows nature of legal relationship of riders to Uber | Connor Fagent/Niraj Patel |
| 507 | February 13, 2021 Uber Community Guidelines -- United States and Canada | Shows nature of legal relationship of riders to Uber | Connor Fagent/Niraj Patel |
| 508 | US & Canada WAV Database | Business record memorializing WAV reliability statistics. | Connor Fagent/Niraj Patel |
| 509 | U.S. Census "Quick Facts" for New Orleans, LA | Showing population and density of Plaintiffs' Jurisdiction | Subject to judicial notice |
| 510 | U.S. Census "Quick Facts" for Jackson, Mississippi | Showing population and density of Plaintiff's Jurisdiction | Subject to judicial notice |
| 511 | U.S. Census "Quick Facts" for San Francisco | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 512 | U.S. Census "Quick Facts" for Austin | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 513 | U.S. Census "Quick Facts" for New York City | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 514 | U.S. Census "Quick Facts" for Boston | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 515 | U.S. Census "Quick Facts" for Chicago | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 516 | U.S. Census "Quick Facts" for Washington, D.C. | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |

| | | | |
|---|---|---|---|
| 517 | U.S. Census "Quick Facts" for Los Angeles | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 518 | U.S. Census "Quick Facts" for Philadelphia | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 519 | U.S. Census "Quick Facts" for Phoenix | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 520 | U.S. Census "Quick Facts" for Portland | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 521 | U.S. Census "Quick Facts" for Houston | Showing population and density of jurisdiction with existing WAV option | Subject to judicial notice |
| 522 | Uber 2020 Annual Report | Shows current data regarding nature of Uber's business and profitability | Stipulation/Business Record certification |
| 523 | April 12, 2017 Email from N. Juliano | Shows state of WAV transportation in New Orleans | Connor Fagent/Niraj Patel |
| 524 | Jan. 19, 2017 Email from J. Schacter | Shows state of WAV transportation in New Orleans | Connor Fagent/Niraj Patel |
| 525 | Amendment No. 1 to Uber's Strategic Partnership Agreement with MV Transportation | Shows details of MV Transit Agreement | Connor Fagent/Niraj Patel |
| 526 | Uber Vehicle Requirements for New Orleans, LA (Pl SJ Ex. FFF) | Shows the vehicle requirements for Drivers in Plaintiffs' jurisdiction | Connor Fagent/Niraj Patel/Bob Rupp |
| 527 | Uber Vehicle Requirements for Jackson, Mississippi (Pl. SJ Ex. GGG) | Shows the vehicle requirements for Drivers in Plaintiffs' jurisdiction | Connor Fagent/Niraj Patel/Bob Rupp |
| 528 | Uber Vehicle Requirements in Austin | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 529 | Uber Vehicle Requirements in Boston | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 530 | Uber Vehicle Requirements in Chicago | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 531 | Uber Vehicle Requirements in Houston | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 532 | Uber Vehicle Requirements in Los Angeles | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 533 | Uber Vehicle Requirements in Philadelphia | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 534 | Uber Vehicle Requirements in Phoenix | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 535 | Uber Vehicle Requirements in Portland | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |

| | | | |
|---|---|---|---|
| 536 | Uber Vehicle Requirements in San Francisco | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 537 | Uber Vehicle Requirements in Washington, D.C. | Shows vehicle requirements in WAV pilot jurisdictions | Connor Fagent/Niraj Patel/Bob Rupp |
| 538 | List of Eligible Vehicles in New Orleans | Shows minivans are eligible vehicles in New Orleans | Connor Fagent/Niraj Patel/Bob Rupp |
| 539 | List of Eligible Vehicles in Jackson | Shows minivans are eligible vehicles in Jackson | Connor Fagent/Niraj Patel/Bob Rupp |
| 540 | Uber 2020 1Q 10-Q | Shows current data regarding nature of Uber's business and profitability | Stipulation/Business Record certification |
| 541 | Uber 2020 2Q 10-Q | Shows current data regarding nature of Uber's business and profitability | Stipulation/Business Record certification |
| 542 | Uber 2020 3Q 10-Q | Shows current data regarding nature of Uber's business and profitability | Stipulation/Business Record certification |
| 543 | Uber 2021 1Q 10-Q | Shows current data regarding nature of Uber's business and profitability | Stipulation/Business Record certification |
| 544 | Uber 2021 2Q 10-Q | Shows current data regarding nature of Uber's business and profitability | Stipulation/Business Record certification |
| 545 | Uber 2021 3Q 10-Q | Shows current data regarding nature of Uber's business and profitability | Stipulation/Business Record certification |

**I.     Disputed Legal Issues.**

The parties could not come to an agreement about a joint statement regarding the disputed legal issues for trial, so each side sets forth their position below.

**By Plaintiffs:**

1.     It is Plaintiffs' position that this Court has definitively ruled, as a matter of law, that Plaintiffs have standing for their 42 U.S.C. § 12184(b)(2) claim.

2.     Whether Plaintiffs, as a matter of law, have standing for their § 12184(b)(1) claim.

3.     Plaintiffs argue that Uber, a transportation company subject to the ADA, *see* Order Granting in Part and Denying in Part Motions for Summary Judgment, p. 10-11, *Namisnak v. Uber*, Case No. 17-cv-02664-RS (N.D. Cal. 2021), has violated Title III of the ADA. Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is

13      JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

1    primarily engaged in the business of transporting people and whose operations affect commerce."

2    42 U.S.C. § 12184(a). Whether Uber has violated the ADA is a disputed legal issue.

3         4.    Plaintiffs argue that Uber failed to "make reasonable modifications consistent with

4    those required under section 12182(b)(2)(A)(ii)." See § 12184(b)(2)(A). Section

5    12182(b)(2)(A)(ii) defines as discrimination the "failure to make reasonable modifications in

6    policies, practices, or procedures, when such modifications are necessary . . . unless the entity can

7    demonstrate that making such modifications would fundamentally alter the nature" of the goods

8    or services provided. Plaintiffs argue that they requested a reasonable

9    modification/accommodation and Uber failed to provide the necessary reasonable

10   modification/accommodation. Uber argues that requiring it to provide UberWAV as a

11   modification/accommodation in New Orleans and Jackson is not reasonable.

12

13        5.    Plaintiffs argue under subsection (b)(1) of § 12184 that Uber imposed "eligibility

14   criteria that screen[ed] out or tend[ed] to screen out an individual with a disability or [a] class of

15   individuals with disabilities from fully enjoying the specified public transportation service," *see* §

16   12184(b)(1), because Uber does not permit individuals with vans or vehicles with aftermarket

17   modifications to drive for Uber in New Orleans and Jackson, which has a predictable tendency to

18   reduce the availability of wheelchair accessible vehicles, which screens out or tends to screen out

19   individuals with disabilities.

20

21        6.    Whether, as a matter of law, it would be reasonable for Uber to provide UberWAV

22   in New Orleans and in Jackson as a reasonable accommodation or modification.

23

24        7.    Whether Uber could provide UberWAV in New Orleans and Jackson by modifying

its application to include "UberWAV" as an option and through a leasing or rental partnership,

through a commercial operator, through an incentive program, through a dispatch system, or

through some combination thereof.

14    JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

8.     Whether the burden is on the plaintiff to demonstrate that a modification is reasonable and whether, once the plaintiff has made an initial showing, the burden shifts to the defendant to demonstrate the modification is unreasonable in the sense that it would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodation.[2]

9.     Whether Defendants' employee, Mr. Patel, should be permitted to offer opinion testimony and expert testimony at the trial of this action, even though he was never designated as an expert and no expert disclosures were provided for Mr. Patel.

10.     Whether it is well established that "the ADA imposes an obligation to investigate whether a requested accommodation is reasonable."[3]

11.     Whether, in the Ninth Circuit, "mere speculation that a suggested accommodation is not feasible falls short of the reasonable accommodation requirement; the Acts create a duty to gather sufficient information from the disabled individual and qualified experts as needed to determine what accommodations are necessary...."[4]

12.     Whether asking Uber to follow through on its own plan, in an area that Uber says is "central" to its business and fulfills its mission, would somehow fundamentally alter the nature of the service provided by Uber.[5]

13.     The appropriate scope of the injunctive relief to be entered.

**By Defendants:**[6]

---

[2] *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1048 (9th Cir. 1999); 42 U.S.C. 12182(b)(2)(a)(ii).

[3] *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1136–37 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001).

[4] *Wong v. Regents of the University of California,* 192 F.3d 807, 818 (9th Cir. 1999).

[5] *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1084 (9th Cir. 2004).

[6] Defendants recognize that the Court denied their motion for summary judgment on certain issues included in this Pretrial Statement.  For those issues the Court denied Defendants' motion for summary judgment—but did not grant Plaintiffs' cross-motion for summary judgment on the same

1.      Whether Title III of the ADA requires covered entities to provide or guarantee WAV service as a reasonable modification under 42 U.S.C. § 12184(b)(2)(A) or otherwise when Congress and the Department of Transportation have concluded that private transportation companies do not need to provide any WAV service to comply with Title III.  *See, e.g.*, 42 U.S.C. § 12184(b)(3), (b)(5); 49 C.F.R. § 37.29(b); 49 C.F.R. § Pt. 37, App. D; *Transp. for Individuals with Disabilities,* 56 Fed. Reg. 45584-01, 45590 (Sept. 6, 1991); *Toomer v. City* Cab, 443 F.3d 1191, 1195 (10th Cir. 2006); *Noel v. NYC TLC*, 687 F.3d 63, 73–74 (2d Cir. 2012).

2.      Whether Plaintiffs' demand in section B seeks a "modification" at all, and if so, whether it is to a "policy, practice, or procedure."  42 U.S.C. § 12184(b)(2)(A); *McGary v. City of Portland*, 386 F.3d 1259, 1266–67 (9th Cir. 2004) ("[T]he crux of a reasonable accommodation clam is a facially neutral requirement that is consistently enforced").

3.      Whether Plaintiffs' demand in Section B is a concrete proposal or modification sufficient to state a claim under 42 U.S.C. § 12184(b)(2)(A).  *Independent Living Resource Center v. Lyft, Inc.*, 2021 WL 3910719, at *10 (N.D. Cal. Sept. 1, 2021) (holding a plaintiff bringing a reasonable modification claim "is required to propose a concrete modification rather than merely propose that the district court order a defendant to undertake an iterative trial-and-error process to try to find a proposed modification"); *id.* at *11 (rejecting plaintiffs' request for an injunction requiring Lyft to meet certain wait time benchmarks as a "performance standard" instead of a "concrete proposal or modification").

4.      Whether Plaintiffs have requested an injunction in section B that can meet the specificity requirements of Rule 65(d).  *See* Fed. R. Civ. P. 65(d) (requiring an injunction to "state it terms specifically" and to include a description "in reasonable detail . . . the act or acts restrained or required.").

---

issue—Defendants include argument on those issues to ensure they're preserved for appeal.  *See Ortiz v. Jordan*, 562 U.S. 180, 183–84 (2011); *Williams v. Gaye*, 895 F.3d 1106, 1122 (9th Cir. 2018) (recognizing that *Ortiz* may have called into question the Ninth Circuit's exception for preservation of "purely legal" issues denied at summary judgment but declining to decide the issue).  For those issues relating to the partial grant of Plaintiffs' motion for summary judgment, the parties agree that such issues are sufficiently preserved for appeal.  *See supra*, § F.

16      JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

5.      Whether Plaintiffs' requested "modification," outcome, and/or injunction is overbroad because it requires Uber to modify its conduct in relation to non-parties, to wit, an uncertified and known class of individuals who may wish to request WAV rides using the Uber Rider App. *See, e.g.*, *Univ. of Cal. v. Dep't of Homeland Sec.*, 908 F.3d 476, 511 (9th Cir. 2018) ("Injunctive relief should be 'no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court.'").

6.      Whether Plaintiffs proved beyond a preponderance of the evidence that, to the extent anything requested in Section B is a "modification," it is reasonable.  *See, e.g.*, 42 U.S.C. § 12184(b)(2)(A); 42 U.S.C. § 12182(b)(2)(A)(ii); *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1036 (9th Cir. 2020).

7.      Whether Defendants proved by a preponderance of the evidence that, to the extent anything requested in Section B  is a "reasonable modification," it would require Defendants to fundamentally alter the nature of the services they provide.  42 U.S.C. § 12184(b)(2)(A); 42 U.S.C. § 12182(b)(2)(A)(ii).

8.      Whether Plaintiffs have Article III standing to bring a claim under Section 12184(b)(1) when they cannot prove that the alleged violation caused their injury or that an order would redress their injury.  *See, e.g.*, *Lujan v. Defenders of Wildlife*, 502 U.S. 555, 560–561 (1992).

9.      Whether Plaintiffs have a private right of action under Section 12184(b)(1) when the vehicle eligibility requirements they complain about did not proximately cause their alleged injury.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132, (2014) (courts "presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute").

10.     Whether Plaintiffs proved, by a preponderance of the evidence, that the vehicle eligibility requirements Plaintiffs complain of screened out or tended to screen out Plaintiffs from fully enjoying Uber's Rider App. *See* U.S.C. § 12184(b)(1).

11. Whether Plaintiffs proved, by a preponderance of the evidence, that the vehicle eligibility requirements Plaintiffs complain of screened out or tended to screen out any class of individuals with disabilities from fully enjoying anything. *See* 42 U.S.C. § 12184(b)(1).

12. Whether Defendants proved, by a preponderance of the evidence, that the vehicle eligibility requirements Plaintiffs complain of are necessary for the provision of the services Defendants offer. *See* 42 U.S.C. § 12184(b)(1).

13. Whether Plaintiffs are entitled to the retroactive and superfluous declaratory relief they seek. *See, e.g.*, *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004).

**J.    Pending Motions or Matters.**
The following motions are currently pending:

- Defendants' Motion for Partial Summary Judgment as to Plaintiffs' Claim Under Section 12184(b)(1).

- Defendants' Motion to Continue the Trial, Or, In the Alternative, Set an Expedited Briefing Schedule.

- Defendants' Motion *in Limine*.

**K.    Bifurcation, Separate Trial of Issues.**
Bifurcation or a separate trial of specific issues is not feasible or desired.

**L.    Estimate of Trial Time.**
Three to five days.

**M.    Miscellaneous.**

By Plaintiffs:

1. Defendants have filed a motion for partial summary judgment as to Plaintiffs' § 12184(b)(1) claim. Based on this, and based on concern as to COVID-19, Defendants

1    have filed a motion seeking a continuance of the trial date and/or an expedited

2    briefing schedule.

3          Plaintiffs object to a continuance of the trial date and will be opposing

4    Defendants' motion requesting a continuance. Plaintiffs do not oppose an expedited

5    briefing scheduling on the motion for partial summary judgment. Additionally,

6    Plaintiffs do not object to any witness or attorney with concerns about COVID-19

7    being permitted to appear and participate via Zoom or other remote software.

8

9

10

11   *The foregoing admissions having been made by the parties, and the parties having specified the*

12   *foregoing issues of fact and law remaining to be litigated, this order shall supplement the*

13   *pleadings and govern the course of trial of this cause, unless modified to prevent manifest*

14   *injustice*

15

16

17

18

19

20

21

22

23

24   By Plaintiffs, by and through their counsel,

/s/ *William Most_____*
William Most (CA # 279100)                    Bizer & DeReus, LLC
AQUA TERRA AERIS LAW GROUP                     Garret S. DeReus (LA # 35105)*
4030 Martin Luther King Jr. Way                gdereus@bizerlaw.com
Oakland, CA 94609                              Andrew D. Bizer (LA # 30396)*
williammost@gmail.com                          andrew@bizerlaw.com

19        JOINT PRETRIAL STATEMENT AND PROPOSED ORDER

(504) 509-5023

Karla Gilbride (CA # 264118)
PUBLIC JUSTICE, P.C.
1620 L St. NW, Ste. 630
Washington, DC 20036
T: 202-797-8600
kgilbride@publicjustice.net


By Defendants:


/s/ Ethel Johnson
Ethel Johnson (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street
Suite 400
Houston, TX 770002
T: 1 (713) 890-5000
F: 1 (713) 890-5001
ethel.johnson@morganlewis.com

*Admission pro hac vice
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

Annie Marie Estevez (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
600 Brickell Avenue
Suite 1600
Miami, FL 33131
T: 1 (305) 415-3000
F: 1 (305) 415-3001
annemarie.estevez@morganlewis.com

Stephanie Schuster (*pro hac vice*)
Patrick A. Harvey (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
T: 1 (202) 739-6000
F: 1 (202) 739-6001
stephanie.schuster@morganlewis.com
patrick.harvey@morganlewis.com

Kathy Gao (Ca. Bar No. 259019)
**MORGAN, LEWIS & BOCKIUS LLP**
300 South Grand Ave.
22nd Floor
Los Angeles, CA 90071
T: 1 (213) 612-2500
F: 1 (213) 612-2501
Kathy.gao@morganlewis.com

*Counsel for Defendants Uber Technologies,
Inc. and Rasier, LLC*


### N.      [ADD LOCAL CIVIL RULE 5(h)(3) Certification

**CERTIFICATE OF SERVICE**

1

2

I hereby certify that on December 23, 2021, a copy of the foregoing was filed electronically with the Clerk of Court via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

3

_/s/ William Most_____

4

William Most

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24