UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CRAWFORD,<br>Plaintiff,<br>v.<br>UBER TECHNOLOGIES, INC., et al.,<br>Defendants. | Case No. 17-cv-02664-RS<br><br>**ORDER DENYING MOTION IN LIMINE** |
| STEPHAN NAMISNAK, et al.,<br>Plaintiffs,<br>v.<br>UBER TECHNOLOGIES, INC., et al.,<br>Defendants. | Case No. 17-cv-06124-RS |

Defendants filed a motion in limine in advance of the January 5, 2022 pretrial conference, seeking to bar "Plaintiffs from introducing any evidence that relates to or is in support of any request that Defendants take steps to enable or provide WAV trips to persons other than Plaintiffs." Defendants present two key arguments: (1) Plaintiff's requested relief to require Uber to provide wheelchair accessible vehicle ("WAV") service in New Orleans and Jackson requires class certification, which Plaintiffs have not sought or achieved, and (2) Plaintiffs could receive full relief in a way that is less burdensome to Defendants, and thus the injunction sought is not

1  "narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Barr*, 934
2  F.3d 1026, 1029 (9th Cir. 2019) (internal quotation marks and citation omitted). Neither argument
3  is persuasive, and for the reasons explained below, the motion in limine is denied.

4  The nature of lawsuits brought pursuant to the Americans with Disabilities Act ("ADA"),
5  such as this one, allows plaintiffs to pursue (and if they prevail on the merits, to win) injunctions
6  that aid not just themselves as individuals, but also other people with disabilities. The ADA
7  explicitly allows injunctive relief in the form of policy changes and facility alterations, which
8  naturally may benefit people beyond the plaintiff in question in an individual case. *See* 42 U.S.C.
9  § 12188(a)(2). Indeed, cases from the Ninth Circuit and this district have repeatedly issued
10 injunctions that will benefit more than an individual plaintiff. *See, e.g., Fortyune v. American
11 Multi-Cinema, Inc.,* 364 F.3d 1075, 1084 (9th Cir. 2004) (requiring movie theater to "adopt a
12 policy that ensures companion seating will be made available to the individuals for whom they are
13 designed: the companions of wheelchair-bound patrons"); *Tamara v. El Camino Hosp.*, 964 F.
14 Supp. 2d 1077, 1088 (N.D. Cal. 2013) (requiring hospital to admit service dogs that do not pose a
15 direct threat to the health or safety of others). Plaintiffs may seek an injunction that may benefit
16 more than just themselves as individuals without seeking or achieving class certification.

17 Plaintiffs' choice to pursue an injunction that may benefit others is their choice to make in
18 this litigation. This Court, though, will determine whether the requested relief is a modification
19 that is reasonable under the ADA, and Plaintiffs' choice to pursue an injunction that benefits a
20 large swath of people, rather than just themselves, may make a finding of reasonableness more
21 difficult to achieve. This issue, however, concerns the merits of the case rather than what evidence
22 is admissible. Defendants' motion in limine is therefore denied.

**IT IS SO ORDERED**.

Dated: January 7, 2022

_____
RICHARD SEEBORG
Chief United States District Judge