UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CRAWFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02664-RS<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| STEPHAN NAMISNAK, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-06124-RS |

**I. INTRODUCTION**

Plaintiffs are three people using motorized wheelchairs who asked Defendants Uber Technologies, Inc. and its subsidiary Rasier, Inc. (collectively "Defendants" or "Uber") to provide wheelchair-accessible vehicle ("WAV") service ("UberWAV") in their home cities of New Orleans, Louisiana and Jackson, Mississippi. After Uber declined, Plaintiffs brought this suit

accusing Uber of violating the Americans with Disabilities Act ("ADA").[1]

The Court granted summary judgment to Uber as to Plaintiffs' claim under ADA subsection 42 U.S.C. § 12184(b)(1), for failure to include that subsection in the operative complaint. Dkt. 197. The merits of the claim were not reached in the order. The Court then granted leave to amend the complaint to include subsection 12184(b)(1), Dkt. 217, and Plaintiffs filed their amended complaint. Dkt. 218. Defendants now move for partial summary judgment on the subsection 12184(b)(1) claim. Dkt. 227. To ensure this issue would be resolved prior to trial, an expedited briefing schedule was ordered, Dkt. 231, and oral argument was heard during the January 5, 2022 pretrial conference.

## II. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which it bears the burden of proof at trial. *Id.* at 322-23.

To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law[.]"

---

[1] Additional factual and procedural background information may be found in the prior summary judgment order. *See* Dkt. 197. Docket references in this order are to the Crawford docket, but there is a corresponding docket entry for each reference in the Namisnak action as well.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The trial court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991). The court must then "determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (citation omitted).

## III. Discussion

Defendants present two arguments: the subsection 12184(b)(1) claim is unsupported by any evidence in the record, and Plaintiffs lack standing to pursue this claim. Subsection 12184(b)(1) defines discrimination as including "eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully enjoying the specified public transportation services provided by the entity, unless such criteria can be shown to be necessary for the provision of the services being offered[.]" Plaintiffs' operative complaint avers Uber has imposed eligibility requirements that screen out people who use motorized wheelchairs through a policy that prohibits vans and vehicles with aftermarket seating modifications from being used to provide Uber rides. Dkt. 218 ¶¶ 166-67.

### A. Article III and Statutory Standing

Defendants argue "Plaintiffs' claim rests on a speculative chain of contingencies that is too attenuated for constitutional or statutory standing," and thus cannot meet the traceability requirement of the constitutional standing inquiry, or the more stringent statutory standing requirements. The causation requirement of standing requires the alleged injury be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)

(internal quotation marks and alterations omitted).

This argument is similar to an argument the Ninth Circuit rejected during an earlier appeal by Defendants. That an "injunction requiring Uber to provide uberWAV in New Orleans would not guarantee Plaintiffs access to uberWAV because drivers might elect not to purchase wheelchair-accessible vehicles and drive them for Uber" did not defeat traceability, as "Plaintiffs' alleged injuries would not exist absent Uber's actions, and these injuries cannot be redressed without enjoining Uber to comply with the ADA." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1094 (9th Cir. 2020). Defendants' argument does have an additional nuance this time: that the subsection 12184(b)(1) claim concerns the availability of WAV vehicles on the regular UberX and UberXL platforms, and a person using those platforms would not have the option of requesting a WAV vehicle, meaning the harm of not having access to a WAV vehicle could not be remedied on that platform. Plaintiffs have adequately averred, though, that they could achieve some relief through limited number of WAV vehicles on the platform, even without a guarantee of service on a WAV. Further, as Plaintiffs point out, Defendants' arguments in this case create a Catch-22: Defendants argue (1) Plaintiffs would not have relief if Uber simply turned on WAV service because there are no WAVs available, and (2) Plaintiffs would not be helped by the addition of WAV vehicles, because there is no WAV-specific service. Together, though, the addition of WAV service and WAV vehicles would provide Plaintiffs with their requested relief, and thus they have demonstrated a "direct relation between the injury asserted and the injurious conduct alleged." *Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1306 (2017) (internal quotation marks and citation omitted).

Defendants also present a statutory construction argument, that any policy it has concerning limitations on vehicles screens out vehicles, not people with disabilities. Such a reading of the statute, though, ignores the statute's concern that criteria to "screen out or tend to screen out" people with disabilities prevents those people "from fully enjoying the specified public transportation services." 42 U.S.C. § 12184(b)(1). A policy that does not allow WAVs to operate

on the Uber platform has the direct result of preventing people who use WAVs from using the platform, and thus this argument fails as well.

Finally, the Court also notes the Ninth Circuit has explained that "[t]he Supreme Court instructed [courts] to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.,* 409 U.S. 205, 209 (1972)). Plaintiffs have established standing to pursue their subsection 12184(b)(1) claim.

### B. Application of the Summary Judgment Standard

Defendants argue there is no genuine dispute of material fact because Uber does not have a policy prohibiting WAVs from operating on its platform and because Plaintiffs have failed to proffer evidence of themselves or any individual who was not permitted to operate a WAV on the Uber platform.

Concerning the first argument, Uber's requirements for vehicles operating on the platform include prohibiting vehicles that do not have "five factory-installed seats," "vans, box trucks, or similar vehicles," and vehicles with "aftermarket seating modifications." For each of these policies, Uber provides an explanation for why the policy does not actually prohibit WAVs. A plain reading of each of these policies, though, would prohibit at least some WAVs, which are often normal minivans modified to remove seats. Uber's preferred reading does not eliminate a genuine dispute of material fact.

Uber's second argument, that Plaintiffs' failure to proffer evidence that someone was not permitted to operate a WAV defeats their claim, fares no better. Plaintiffs do not dispute they have not provided evidence of any person attempting to register a WAV to use on Uber in New Orleans or Jackson and being rejected. Instead, Plaintiffs argue they need not provide such evidence, and Uber's written policies provide sufficient evidence that WAVs are screened out, because even if Uber allowed such vehicles onto the platform, the policy would discourage a driver of a WAV

from even trying to register. Plaintiffs, through deposition testimony and declarations of Uber employees, have presented evidence that Uber interprets WAVs made using aftermarket modification to fall into the definition of vehicles with "aftermarket seating modifications," creating a genuine dispute of material fact as to whether Defendants screen out vehicles used by people who use motorized wheelchairs. As Defendants have not succeeded in reaching the weighty standard of showing "there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), the motion for summary judgment as to the subsection 12184(b)(1) claim is denied.

### III. Conclusion

For all the foregoing reasons, Defendants' motion for partial summary judgment as to the subsection 12184(b)(1) claim is denied.

**IT IS SO ORDERED**.

Dated: January 7, 2022

_____
RICHARD SEEBORG
Chief United States District Judge